United States District Court
Southern District of Texas
FILED

APR 12 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE GARCIA, Individually and as Representative of the ESTATE OF MANUEL CRUZ; IDALIA GARCIA, Individually; and CYNTHIA GARCIA | § § § § § § § § § § | CIVIL ACTION NO. B-98-186 |
| vs. | | |
| BRK BRANDS, INC. | | |

### AMENDED ANSWER OF DEFENDANT, BRK BRANDS, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant BRK BRANDS, INC., ("BRK") files this its Amended Answer to Plaintiff's Original Petition.

### I. and II
### PARTIES

1. BRK lacks sufficient knowledge or information upon which to form a belief as to the truth of the averments regarding the party Plaintiffs.

2. BRK admits that it is a foreign corporation. BRK admits that it is a Delaware corporation with its principal place of business in Illinois.

### III. VENUE

3. BRK denies that venue is proper in Cameron County, Texas, as alleged in Section III., of Plaintiff's Original Petition. However, BRK states that venue is proper int he United States District Court, Southern District of Texas, Brownsville Division.

4. Denied. It is specifically denied that a fire occurred at 190 Thomae, San Benito, Texas, on or about December 16, 1997, or that Mr. Cruz died as a result of the fire or any alleged smoke detector's failure to warn him of fire or smoke in his home and strict proof thereof, is demanded at time of trial. By way of further Answer from information and belief, Mr. Cruz died of carbon monoxide poisoning as a result of a defect in the space heater or its installation. It is specifically denied that the alleged defendant's smoke detector, caused, in any way, Plaintiff's death and strict proof thereof is demanded at time of trial. BRK is without sufficient information to admit or deny the remaining allegations of Section IV, of Plaintiff's Original Petition.

## V. NEGLIGENCE.

5. Denied. It is specifically denied that Defendant was negligent in any way, and strict proof thereof is demanded at time of trial. By way further answer, BRK incorporates by reference its previous responses.

6. Denied in part; Admitted in part. BRK admits only that it manufactures, designs, and markets smoke detectors. The remaining allegations are specifically denied and strict proof thereof is demanded at time of trial. By way of further answer, BRK incorporates by reference, its previous responses.

7. Denied. BRK denies the allegations contained in Paragraph V. of Plaintiffs' Original Petition and strict proof thereof is demanded at time of trial.

at time of trial. It is specifically denied that BRK caused, in any way, the death of Plaintiff MANUEL CRUZ, deceased or is liable for compensatory, exemplary, or punitive damages, or pre/post judgment interest and strict proof thereof is demanded at time of trial.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

18. Plaintiffs' Original Petition fails to state a claim against BRK upon which relief can be granted.

### SECOND DEFENSE

19. The product described in Plaintiffs' Original Petition was misused, improperly applied, or improperly installed by a party other than BRK, and therefore, Plaintiffs may not recover against BRK.

### THIRD DEFENSE.

20. The damages of which Plaintiffs complain were not proximately caused by BRK's actions.

### FOURTH DEFENSE

21. Plaintiffs are barred from recovering damages for breach of implied warranties that were part of a valid disclaimer by BRK.

### FIFTH DEFENSE.

22. In the unlikely event that any issue on exemplary damages against BRK may e submitted to the jury and/or to be awarded, BRK invokes the definitions, requirements, and limitations of exemplary

damages provided by §41.001 et seq. of the Texas Civil Practice & Remedies Code.

### SIXTH DEFENSE.

23. If it is proven that BRK manufactured any products installed in Plaintiff's home, Plaintiffs cannot recover any consequential damages because they are expressly excluded by a written limited warranty.

### SEVENTH DEFENSE.

24. Plaintiffs' claims for punitive or exemplary damages are barred in a strict liability defect case involving a mass-produced, widely-marketed product.

### EIGHTH DEFENSE.

25. BRK gives notice that it intends to rely upon any other defenses that may become available during discovery in this case, and reserves the right to amend this answer to assert those defenses.

### NINTH DEFENSE

26. Plaintiffs' original petition makes allegations regarding a smoke detector. However, Plaintiffs' original petition does not contain information or facts that enable BRK to identify the manufacturer of the smoke detector about which the allegations are made. Further, the Plaintiffs do not allege that the smoke detector or any remnant thereof still exists.

## TENTH DEFENSE.

26. Plaintiffs' failure to identify the manufacturer of the smoke detector and to produce same has resulted in Defendant being prejudiced and being without knowledge or information sufficient to form a belief as to whether the smoke detector allegedly installed in Mr. Cruz' home is in fact a smoke detector manufactured by BRK. BRK adopts and incorporates this defense in each and every response to the numbered paragraphs of Plaintiffs' Original Petition.

## ELEVENTH DEFENSE.

27. Plaintiffs' causes of action are barred in whole or in part by the applicable Statutes of Limitations.

## TWELFTH DEFENSE.

28. Plaintiffs' causes of action are barred in whole or in party by the Doctrines of Latches, Waiver, and Estoppel.

## THIRTEENTH DEFENSE.

29. Plaintiffs' Original Petition is defective in that Plaintiffs have failed to join indispensable parties.

## FOURTEENTH DEFENSE.

30. There is improper joinder of plaintiffs in this action.

## FIFTEENTH DEFENSE.

31. BRK relies upon the Doctrine of Comparative Fault as a bar to, or mitigate, any recovery by any Plaintiff in this action.

## SIXTEENTH DEFENSE.

32. The Plaintiffs' alleged damages resulted from independent, superceding and/or intervening causes unrelated to any conduct by BRK.

### SEVENTEENTH DEFENSE.

33. BRK relies upon the Doctrine of Comparative Fault, and avers that Plaintiffs' injuries and damages were directly and proximately caused by Manuel Cruz' negligence. Mr. Cruz' negligence, upon information and belief, includes causing his own death, which resulted in the injuries and damages, if any, Plaintiffs claim to have suffered as a result of his death.

### EIGHTEENTH DEFENSE.

34. BRK relies upon the Doctrine of Comparative Fault and avers, upon information and belief, that a non-party manufactured a certain space heater that caused, along with Manuel Cruz' own negligence, the death of Manuel Cruz, which resulted in the injuries and damages, if any, Plaintiffs claim to have suffered as a result of his death.

### NINETEENTH DEFENSE.

35. Plaintiffs' alleged injuries and damages were not directly and proximately caused by any act or omission of BRK.

### TWENTIETH DEFENSE.

36. BRK denies that it is guilty of any negligence or wrong doing of any nature whatsoever, denies that it manufactured or sold any product that was inn a defective condition or unreasonably dangerous in any regard and specifically denies that it is liable to Plaintiffs under any theory of law alleged in the Complaint.

### TWENTY-FIRST DEFENSE.

37. To the extent Plaintiffs' Complaint alleges fraud, those allegations are not pled with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## **TWENTY-SECOND DEFENSE**.

38. Plaintiffs' claims for punitive and/or exemplary damages are in contravention of the rights of BRK under the below listed constitutional provisions:

- A.  The commerce clause of Article I, Section 8 of the United States Constitution;
- B.  The contracts clause of Article I, Section 10 of the United States Constitution;
- C.  The prohibition against ex-post facto laws embodied in Article I, Section 10 of the United States Constitution;
- D.  The supremacy clause of Article VI, Section 10 of the United States Constitution;
- E.  The free speech clause of the First Amended of the United States Constitution;
- F.  The due process clauses of the Firth and Fourteenth Amendments of the United States Constitution;
- G.  The takings clause of the Fifth Amendment of the United States Constitution;
- H.  The excessive clause of the Eighth Amendment of the United States Constitution;
- I.  The equal protection clause of the Fourteenth Amendment of the United States Constitution; and
- J.  The Constitution of the State of Texas.

### TWENTY-THIRD DEFENSE.

39. Because of the lack of clear standards, any imposition of exemplary or punitive damage against BRK is unconstitutionally vague and/or overly broad.

### TWENTY-FOURTH DEFENSE.

40. BRK did not breach any warranties, express or implied.

### TWENTY-FIFTH DEFENSE.

41. BRK denies that it was guilty of any fraudulent conduct.

### TWENTY-SIXTH DEFENSE.

42. Due to spoliation, BRK has been prejudiced in that it has been unable to make an appropriate investigation in order to prepare defenses on its own behalf.

### TWENTY-SEVENTH DEFENSE.

43. BRK hereby gives notice to Plaintiffs as stated in its Amended Answer that it lacks sufficient knowledge or information upon which to form a belief as to the truth of certain allegations contained in Plaintiffs' original petition or specific knowledge of actions on the part of the Plaintiffs or other persons, that may have contributed to or caused Plaintiffs' alleged damages. Until BRK avails itself of its rights in discovery, it cannot be determined if it will assert the above-stated affirmative defenses at trial. BRK asserts these defenses now to preserve its right to assert them at trial, to give Plaintiff notice of BRK's intention to assert these defenses and avoid waiver of any defenses.

## TWENTY-EIGHTH DEFENSE.

44. All allegations not heretofore admitted or denied are here and now denied as if specifically set forth and denied. BRK reserves the right to amend its Amended Answer in the event additional information becomes available or comes to the attention of BRK through further investigation.

**WHEREFORE, PREMISES CONSIDERED,** Defendant BRK Brands, Inc., respectfully requests that upon the trial of this cause, (1) Plaintiffs take nothing b their claims; (2) judgment be entered awarding BRK its reasonable costs and expenses, including reasonable attorneys' fees for the preparation of trial, and any appeals of this action; and (3) such other and further relief to which BRK may who itself justly entitled.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, LP**
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By: _____
Rene O. Oliveira
State Bar No. 15254700
Federal I.D. No. 4033

By: _____
Elizabeth G. Neally
State Bar No. 14840400
Federal I.D. No. 8044

Counsel for Defendant

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certifies that a true and correct copy of the foregoing **Amended Answer of Defendant, BRK Brands, Inc.** has been served upon counsel of record to wit:

Mark A. Cantu
The Atrium, Suite 400
1300 North Tenth Street
McAllen, Texas 78501

on this 7 day of April, 1999.

_____
Elizabeth G. Neally

Amended Answer of Defendant, BRK Brands, Inc.
21410 - Amended Answer

PAGE 11