/5

United States District Court
Southern District of Texas
FILED
MAY - 3 1999
Michael N. Milby, Clerk of Court

IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE GARCIA, Individually and :
as Representative of the Estate :
of MANUEL CRUZ, IDALIA GARCIA, :
Individually; and CYNTHIA GARCIA, : CIVIL ACTION NO. B-98-186
:
vs. :
:
BRK BRANDS, INC., :

**BRK BRANDS, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

I.   Introduction

Defendant, BRK Brands, Inc. ("BRK"), by and through its undersigned attorneys, pursuant to Federal Rule of Civil Procedure 26(c), submits this memorandum of law in support of its Motion for a Protective Order.

II.  Facts

On December 16, 1997, Manuel Cruz was found dead in his house at 190 Thomae Lane, San Benito, Texas. The Valley Baptist Medical Center Pathologist determined that Mr. Cruz died of carbon monoxide poisoning from the apparent malfunction of a propane space heater located in Mr. Cruz' house.

BRK manufactures, among other home safety devices, smoke detectors. Plaintiffs allege that a smoke detector,

designed, manufactured, marketed and advertised by BRK was in Mr. Cruz' house at the time of his death.

### III. PROCEDURAL HISTORY

On November 24, 1998 plaintiffs filed this action in the District Court of Cameron County, 197th Judicial District. Plaintiffs' claim that Mr. Cruz died as a result of a BRK smoke detector failing to warn him of "fire and smoke" in his house. On December 28, 1997 BRK removed this action to this Court.

Predating this action, Idalia Z. Garcia[1] instituted a probate action in the Cameron County Court At Law for Letters of Administration, for the administration of the property and estate of Mr. Cruz, and for the Court's order declaring heirship. (Cause number 1998-CPC-00055-A) On November 30, 1998, Brittany Cox, Mr. Cruz' daughter, intervened in the probate action.

Of particular importance to this case, arising out of the probate matter, a subpoena was served upon the Cameron County Sheriff's office on December 4, 1998. The subpoena sought the release of, among other things, all of the investigative materials and physical evidence related to the Sheriff's investigation into the death of Mr. Cruz. The subpoena specifically requests release of the space heater

involved in Mr. Cruz' death. Because the Sheriff's Office had not yet completed its investigation of Mr. Cruz' death, it refused to honor the subpoena. The Sheriff's Office reasoned that release of any investigative material or physical evidence was premature and could interfere with its ongoing investigation. The Cameron County Civil Legal Department, on behalf of the Sheriff's Office, moved to quash that subpoena.

Because of a substantial risk that the evidence in possession of the Sheriff's Office would be spoliated if released without restriction, BRK joined in the Motion to Quash. BRK also requested that investigative materials and physical evidence not be released BRK was granted equal access to the information developed during the Sheriff's office investigation and adequate custodial measures could be established for the safeguard of physical evidence.

On February 25, 1999, Judge Leal granted the Motion of the Civil Legal Department quashing the subpoena and precluding, temporarily, production of investigative material and physical evidence. BRK now seeks a more permanent solution to it potential prejudice and spoliation concerns.

IV.     LEGAL ARGUMENT

(..continued)

[1]     Upon information and belief, Ms. Garcia is Mr. Cruz' mother and she is a named plaintiff in this matter.

- 3 -

### A. The Proposed Order is Within This Court's Discretion

Rule 26(c) was adopted as a safeguard for the protection of parties and witnesses in view of the almost unlimited right of discovery given by Rule 26(b)(1). <u>United States v. Columbia Broadcasting System, Inc.</u>, 666 F.2d 364, 369 (9th Cir. 1982), cert. denied 457 U.S. 1118 (1982). Although the rules permit the broad discovery, they leave to the enlightened discretion of the district court the decision of what restrictions on that discovery may be necessary in each case. <u>Matter of Evangeline Refining Co.</u>, 890 F.2d 1312 (5th Cir. 1989).

Federal Rule of Civil Procedure 26(c) grants Federal Courts broad discretion in entering protective orders to establish terms and conditions on discovery. In pertinent part, the Rule states:

> Upon motion by a party...accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending...may make any order which justice requires...including one or more of the following:
>
> \* \* \* \* \*
>
> (2) That the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place.

Federal Rule of Civil Procedure 26(c)(2).

- 4 -

### B. BRK Is Entitled To A Protective Order

Presently, physical evidence BRK must rely upon to defend itself in this matter rests in the hands of the Cameron County Sheriff's office. As this Court can appreciate, the investigation by the Sheriff's office has focused on whether there was a criminal element involved in the death of Manuel Cruz. Although facts discovered during a criminal investigation are not always relevant to civil lawsuits arising out of the same incident, those facts often lead to witnesses or direct physical evidence that is relevant to claims or defenses in the civil lawsuit.

In this respect, BRK is most concerned with the release of physical evidence that may be exculpatory in nature. For example, the space heater in Mr. Cruz' home at the time of his death may not be crucial to, or even play a role in, the Sheriff's investigation of Mr. Cruz' death. However, it is essential to BRK's defense in this action. Accordingly, the release of this key piece of physical evidence, as well as other evidence taken from Mr. Cruz' residence, to a person or entity other than a neutral custodian, could substantially prejudice the rights of BRK. All parties in this case must have an equal and fair opportunity to inspect and, if necessary, test the physical evidence before it is altered or destroyed.

Similarly, the smoke detector is critical to BRK's defense in this matter. The very smoke detector that plaintiffs claim is defective was removed from Mr. Cruz' home shortly after his body was discovered, but was not part of the physical evidence secured and maintained by the Sheriff's office. On April 20, 1999, BRK's counsel and its consultant had their first opportunity to inspect the smoke detector. BRK respectfully submits that the detector appears to have been altered, perhaps negligently, in ways that could foreclose certain defenses available to BRK.[2] The longer the detector is outside the control of a neutral custodian, the greater the risk that its importance as a piece of valuable, even exculpatory evidence is reduced.

BRK's concerns are not unwarranted. It has been BRK's experience in similar cases that evidence has been spoliated and witnesses contaminated such that BRK may be denied a fair opportunity to defend itself at trial. Premature release of the Sheriff's investigative materials may prompt witness tampering. The release of physical evidence may result in that evidence being altered or destroyed before BRK has the opportunity to inspect and, if necessary, test that physical evidence.

---

[2] For example, the particulate matter on the cover and under the cover of the detector were disturbed. Additionally, the position of the battery was altered.

- 6 -

## C.  BRK's Proposed Order is Reasonable and Limited

This motion should not be read as BRK requesting the premature release of the investigation materials or physical evidence. BRK understands and agrees with the position taken by the Sheriff's office and the Civil Legal Department that, because the Sheriff's investigation is still open, that investigation may be compromised if its investigative materials and physical evidence were released before the close of the investigation. At this time, BRK is simply seeking equity and protection. When the evidence is released, it should be released to a neutral custodian, not to the control of any one party.

Likewise, neither Brittany Cox, nor any other party will suffer prejudice in the probate case or in this action if the smoke detector is place in protective custody. BRK simply requests that the detector be protected from further alteration. Such an arrangement will ensure each party is treated fairly and has equal access to all available evidence.

Therefore, BRK respectfully requests that this Court designate a secured facility, managed by a mutually agreeable, neutral custodian to take possession of the physical evidence. BRK envisions that such an order would require all parties interested in examining, inspecting and/or testing the physical

- 7 -

evidence would share the cost of storage. More importantly, the custodian would be ordered not to release any physical evidence for examination, inspection or testing unless he has received the consent of all parties.

If this Honorable Court grants BRK's motion for a protective order BRK respectfully request that the Sheriff's department be instructed, upon the close of their investigation, to notify this Court of its intent to release its investigative materials and physical evidence.

If this Court denies BRK's motion for a protective order and permits the Sheriff to release its investigative materials and physical evidence to any requesting party, BRK asks that BRK be notified prior to release of any materials or evidence so that it may participate in a joint inspection of the investigative materials and physical evidence.

BRK respectfully submits that the above measures, while making the investigative materials and physical evidence equally available to all interested parties, would sufficiently protect BRK's rights and prevent any potential spoliation of evidence and contamination of witnesses.

We have communicated with all interested parties in an effort to resolve this dispute without the Court's intervention. The Civil Legal Department, on behalf of the Sheriff's office is

in accord with our request. The plaintiffs in this matter and the parties in the probate case have failed to respond to our requests for a stipulated agreement.

V.  **Conclusion**

In light of the above, defendant, BRK Brands, Inc. respectfully requests this Honorable Court enter the attached protective order.

                                  Respectfully submitted,

                                  **ROERIG, OLIVEIRA & FISHER**

                                  BY: _____
                                  Rene O. Oliveira
                                  State Bar No. 15254700
                                  Cameron County I.D. No. 3507
                                  Elizabeth G. Neally
                                  State Bar No. 14840400
                                  Cameron County I.D. No. 3506
                                  855 West Price Road, Suite 9
                                  Brownsville, TX  78520
                                  Tel: 956/542-5666
                                  Fax: 956/542-0016

                                  **COZEN AND O'CONNOR**
                                      JAMES HELLER
                                      TERRY M. HENRY
                                      1900 Market Street
                                      Philadelphia, PA  19103
                                      Tel: 215/665-2000
                                      Fax: 215/665-2013

## CERTIFICATE OF SERVICE

I, the undersigned hereby certifies that a true and correct copy of the foregoing ***Motion of Defendant BRK Brands Inc. for a Protective Order***, has been served upon Mark Cantu, counsel for Plaintiff, at Mark A. Cantu, The Atrium, Suite 400, 1300 North Tenth Street, McAllen, TX 78501 and Mr. Ray Marchan, EDDINGTON & ASSOCIATES, L.L.P., 1926 E. Elizabeth, Brownsville, TX 78520, on this __3__ day of May, 1999.

_____
Elizabeth G. Neally