*19*

United States District Court
Southern District of Texas
FILED

MAY 1 1 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE GARCIA, Individually and as Representative of the ESTATE OF MANUEL CRUZ; IDALIA GARCIA, Individually; and CYNTHIA GARCIA | § § § § § | |
| vs. | § § | CIVIL ACTION NO. B-98-186 |
| BRK BRANDS, INC. | § § | |

## MOTION OF DEFENDANT BRK BRANDS, INC.
## FOR ENTRY OF CASE MANAGEMENT ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, BRK Brands, inc., by and through its undersigned counsel, hereby move for the entry of the attached Case Management Order, and in support thereof, aver as follows:

1.   This action rises out of the carbon monoxide poisoning death of Manuel Cruz on or about December 16, 1997, at 190 Thomae Lane, San Benito, Texas.

2.   Plaintiffs instituted suit on November 24, 1998 naming BRK Brands, Inc. as the sole defendant and on December 28, 1998, BRK Brands, Inc. removed the case to this Court.

3.   Plaintiffs allege that BRK Brands, Inc. designed, manufactured, and distributed a smoke detector that was in Mr. Cruz' home and that the detector failed to warn him of the "fire and smoke" in his house.

4.   Although the parties have not conducted a conference pursuant to Federal Rule of Civil Procedure 26(f), counsel for BRK has communicated with Plaintiffs' counsel regarding the subject

matter of this motion.

5. Notwithstanding the best efforts of the parties, no agreement was reached on a proposed discovery plan or case management order.

6. BRK believes, and therefore avers, that the most logical and efficient means of conducting discovery in this matter is by proceeding in three phases, each limited by time and scope, with an opportunity at the conclusion of each phase for parties to file dispositive motions.

7. As more fully discussed in Defendant's proposed Case Management Order, a copy of which is attached hereto, BRK respectfully submits that discovery be conducted in the following three issue oriented phases, subject to the Discovery Schedule attached as Exhibit "A:"

> (a) Phase One.
>
>> 1. Events leading up to the death and subsequent discovery of Mr. Cruz' body;
>>
>> 2. Identification of the propane space heater located in Mr. Cruz' home;
>>
>> 3. Location, preservation and/or disposal of evidence and/or products potentially related to Mr. Cruz' death;
>>
>> 4. Persons or entities not currently parties that may be responsible for the cause of Mr. Cruz' death;
>>
>> 5. Such other factors that may lead to the discovery of admissible evidence concerning the cause of Mr. Cruz' death,

the identification and performance of the products involved and possible spoliation of evidence.

(B)   Phase Two:

    1.   Design, manufacture, marketing, advertising, sales and distribution of allegedly defective products; and

    2.   Such other factors that may lead to the discovery or relevant information concerning alleged defects of the products.

(C)   Phase Three.

    1.   Previous medical history, physical injuries and medical treatment of Mr. Cruz;

    2.   Economic and vocational losses; and

    3.   Such other factors that may lead to the discovery of relevant information concerning plaintiffs' alleged damages.

8.   BRK respectfully submits that the issues proposed for each phase of discovery are reasonably likely to lead to dispositive relief, thereby providing the potential to avoid extensive, costly and irrelevant discovery and subsequent phases of discovery and for concomitant Court intervention.

WHEREFORE, Defendant BRK Brands, Inc., respectfully requests this Court enter the proposed Case Management Order attached hereto.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas   78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Attorneys for Defendant

By _____
RENE O. OLIVEIRA
Texas State Bar No. 15254700
Federal Bar No. 4033
ELIZABETH G.  NEALLY
Texas State Bar No. 14840400
Federal Bar No. 3506


**COZEN AND O'CONNOR**
JAMES HELLER
TERRY HENRY
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013


## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of **MOTION OF DEFENDANT BRK BRANDS, INC. FOR ENTRY OF CASE MANAGEMENT ORDER** has been hand delivered to counsel of record to wit:

Mark A. Cantu                     Ray Marchan
The Atrium, Suite 400             EDDINGTON & ASSOCIATES
1300 North Tenth Street           1926 East Elizabeth
McAllen, TX 78501                 Brownsville, Texas 78520

on this ___ day of May, 1999.

_____
Elizabeth G. Neally

## CERTIFICATE OF CONSULTATION

I, Elizabeth G. Neally, certify that Mark Cantu was contacted by telephone on the 6th day of May, 1999, and consulted with regarding the merits of Defendant's filing of the Motion for Entry of a Case Management Order.

Further, Terry Henry wrote to Mr. Cantu on April 29, 1999, and April 30, 1999, regarding the proposed motion.

Mr. Mark Cantu, Attorney for Plaintiffs, did not return my telephone call or contact us regarding this Motion of Defendant BRK Brands, Inc. For entry of a Case Management Order.

Elizabeth G. Neally

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE GARCIA, Individually and §
as Representative of the §
ESTATE OF MANUEL CRUZ; §
IDALIA GARCIA, Individually; and § CIVIL ACTION NO. B-98-186
CYNTHIA COX, Individually §
and as Next Friend of BRITTANY COX §
§
vs. §
§
BRK BRANDS, INC. §
§

## CASE MANAGEMENT ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

AND NOW, this _____ day of May, 1999, it is ORDERED that the above-captioned case be, and the same is hereby, made subject to this Case Management Order for pretrial proceedings and all provisions herein will be strictly enforced.

## I.   Introduction

This products liability case arises out of the death of Manuel Cruz, which occurred on or about December 16, 1997.   Plaintiffs instituted suit on November 24, 1998, naming BRK Brands, Inc. as the sole Defendant.   On or about December 28, 1998, BRK removed the case to this Court.

Plaintiffs allege that BRK designed, manufactured, and distributed a smoke detector that was in Mr. Cruz' home, but failed to warn him of fire and smoke in his house.

## II.   Filing of Amended Pleadings

The time for filing amended pleadings is hereby expanded to coincide with the conclusion of Phase I discovery, which is discussed in greater detail below.  Accordingly, amended pleadings, to the extent necessary, must be filed not later than September 30, 1999.

## III. Additional Parties and Counter-Claims

Any defendant shall be permitted, as a matter of right, to file any third party claims or counter-claims until September 30, 1999.

Should defendant add a third party to this action after the date of this Order, the defendant joining a third party shall serve that party with a copy of this Order and any subsequent Standing Orders the Court may issue in connection with this case concurrently with service of process.  Any such later-added party will be bound by all such Orders unless it files a motion for relief with the Court within twenty-one (21) days after service of process upon it.

## IV.  Litigation Schedule

### A.   General Discovery Plan

Discovery may commence immediately upon entry of this Case Management Order by the Court and shall proceed in three (3) successive Phases.  Phase I discovery shall be limited to the cause of Mr. Cruz' death, product identification, product performance in this case and spoliation.  Phase II discovery shall be limited to Plaintiff's allegations of defect.  Phase III discovery shall seek information concerning damages.

During each phase of discovery, the parties shall only be limited by the issues to be discovered during that phase and the discovery methods and limitations set forth in the Federal Rules of Civil Procedure. Interrogatories shall be limited to 25 per party per phase (Fed.R.Civ.P. 33) and fact witness depositions shall be limited to 10 per party per phase (Fed.R.Civ.P. 30).

At the conclusion of each Phase of discovery, the parties shall be permitted to file and serve dispositive motions on those issues for which discovery was had during the preceding phase. Parties shall be entitled to seek a stay of discovery to the extent a dispositive motion, filed at the conclusion of a proceeding phase, is pending before the Court and relates to those issues for which discovery has been requested.

    1.    **Phase I Discovery**

        a.    In discovery related to the cause, origin and spread of the fire, the parties shall attempt to narrow the issues to be discovered and litigated in Phases II and III. In doing so, the parties may consider:

            (1) the cause of Mr. Cruz' death;

            (2) any persons or entities, not parties, that may be responsible;

            (3) identification and performance of products related to cause;

            (4)   locations and chain of custody of all evidence and/or products potentially related to cause;

            (5) such other factors that may lead to the discovery of relevant information concerning cause, identification and performance of the products the possible spoliation of

evidence.

b.   Depositions of Phase I fact witnesses and written discovery concerning Phase I issues may commence immediately upon the entry of this Case Management Order by the Court.

c.   All depositions of Phase I fact witnesses and all written discovery concerning Phase I issues must be completed by August 1, 1999.

d.   Plaintiff shall designate his Phase I expert witnesses and produce Phase I expert reports by August 15, 1999.

Defendant shall designate its Phase I expert witnesses and produce Phase I expert reports by September 1, 1999.

Depositions of Plaintiff's Phase I expert witnesses shall be taken by September 15, 1999;

Depositions of Defendant's Phase I expert witnesses shall be taken by September 30, 1999.

All Phase I discovery, including expert depositions, shall be concluded by September 30, 1999.

2.   **Phase II Discovery**

a.  In discovery relating to any alleged defect of the products, the parties may seek discovery of the following:

(1) design and manufacture;

(2) marketing and advertising;

(3) sales and distribution;

(4) warranties and/or guarantees; and

(5) such other factors that may lead to the discovery of relevant information concerning possible defect of the products.

b.   Depositions of Phase II fact witnesses and written discovery concerning Phase II issues may commence on September 30, 1999.

c.   All depositions of Phase II fact witnesses and all written discovery of Phase II issues must be completed by January 30, 2000.

Plaintiff shall designate their Phase II expert witnesses and produce all Phase II expert reports by December 15, 1999.

Defendant shall designate its Phase II expert witnesses and produce all Phase II expert reports by December 30, 1999.

Depositions of Plaintiff's Phase II expert witnesses shall be taken by January 15, 2000.

Depositions of Defendant's Phase II expert witnesses shall be taken by January 30, 2000.

All Phase II discovery, including expert depositions, shall be concluded not later than January 30, 2000.

3.   **Phase III Discovery**

a.   In discovery relating to plaintiffs' alleged damages, the parties may seek discovery of the following:

(1)   Mr. Cruz' medical and physiological history;

(2) plaintiffs' psychological injuries;

(3) economic and vocational losses; and

(4) such other factors that may lead to the discovery of relevant information concerning plaintiffs' alleged damages.

CutePDF - www.tesisa.com

b.   Depositions of Phase III fact witnesses and written discovery concerning Phase III issues may commence on January 30, 2000.

c.   All depositions of Phase III fact witnesses and written discovery concerning Phase III issues must be completed by February 29, 2000.

d.   Plaintiffs shall designate their Phase Iii expert witnesses, and produce all Phase III expert reports disclosures by March 15, 2000.

Defendant shall designate their Phase Iii expert witnesses, and produce all Phase III expert reports disclosures by March 30, 2000.

Depositions of Plaintiff's Phase III expert witnesses shall be taken by April 15, 2000. Depositions of Defendant's Phase III expert witnesses shall be taken by April 30, 2000.

All Phase III discovery, including expert depositions, shall be concluded by April 30, 2000.

**B.  Dispositive Motions**

Dispositive motions may be filed at the conclusion of each Phase of discovery, but only on those issues that were the subject of the preceding Phase of discovery. The dispositive motion filing deadlines are as follows:

Phase I dispositive motions:   September 30, 1999
Phase II dispositive motions:  January 30, 2000
Phase III dispositive motions: April 30, 20000

Any response to a motion shall be served and filed not later than twenty (20) days after service of the original motion.  The moving party and any party joining may file a reply to the response not later than seven (7) days after service of the response.

      C.    **Trial**.

      Trial of this matter shall commence on the May 2000 docket, or at such time as the Court may direct. All motions in limine, proposed jury questions, trial briefs, and pretrial order shall be filed not later than May 1, 2000 or as the Court may direct.

**V.   ADDITIONAL ORDERS**.

      Deadlines referred to above are all outlined in the attached addendum to this Order and adopted by this Court.

      This Order may be amended and additional case management orders entered as appropriate.

      **SO ORDERED this _____ day of May, 1999.**

                                          _____

                                          PRESIDING JUDGE

# DISCOVERY SCHEDULE

|  | FACTUAL DISCOVERY DEADLINES |  | EXPERT DISCLOSURE AND REPORTS DEADLINES | EXPERT DEPOSITION DEADLINES |
|---|---|---|---|---|
| **PHASE I:** Cause and Origin | Aug.15,1999 | Plaintiff: | Aug.15,1999 | Sept.15, 1999 |
|  |  | Defendant: | Sept.6,1999 | Sept.30,1999 |
| **PHASE II:** Product Defect | Nov.30,1999 | Plaintiff: | Dec.15,1999 | Jan.15, 2000 |
|  |  | Defendant: | Dec.30,1999 | Jan.30,2000 |
| **PHASE III** Damages | Feb. 29, 2000 | Plaintiff: | March 15,2000 | April 15,2000 |
|  |  | Defendant: | March 30,2000 | April 30,2000 |

## OTHER DEADLINES

| | |
|---|---|
| Amended Pleadings | Sept.30, 1999 |
| Additional Parties and Counter-Claims | Sept 30, 1999 |
| All Other Dispositive Mtns | March 30,2000 |
| Pretrial Order | May 1, 2000 |

# TRIAL        May 2000