IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 8 1999

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOSE GARCIA, INDIVIDUALLY AND § <br> IDALIA GARCIA, INDIVIDUALLY AND AS § <br> REPRESENTATIVE OF THE ESTATE § <br> OF MANUEL CRUZ, DECEASED, § <br> § <br> PLAINTIFFS § <br> § <br> CYNTHIA COX AS NEXT FRIEND § <br> OF BRITTANY COX, § <br> § <br> PLAINTIFF § <br> § <br> v. § <br> § <br> BRK BRANDS, INC., § <br> § <br> DEFENDANT § | CIVIL ACTION NO. <br><br> B98-186 |

**PLAINTIFF JOSE GARCIA, INDIVIDUALLY AND IDALIA GARCIA,
INDIVIDUALLY AND AS REPRESENTATIVE
OF THE ESTATE OF MANUEL CRUZ, DECEASED
FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Jose Garcia, Individually and Idalia Garcia, Individually and as Representative of the Estate of Manuel Cruz, Deceased,Plaintiffs in the above styled and numbered cause, complaining of BRK BRANDS, INC., hereinafter called Defendant and as grounds thereof would respectfully show the court as follows:

I.

    1.0    Plaintiffs, Jose Garcia, Individually and Idalia Garcia, Individually and as Representative of the Estate of Manuel Cruz, Deceased are residents of Cameron County, Texas.

1.01    Defendant BRK BRANDS, INC. is a foreign corporation with its principle place of business in Delaware and authorized to and conducting business in the State of Texas. Such Defendant has answered and appeared herein. This Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1332 because this civil action is between the citizens of different states and the amount in controversy exceeds the amount of $75,000.00 exclusive of interest and costs.

II.

2.0    The event made subject of this suit, hereinafter called the "asphyxiation" took place on December 16, 1997, in a home located at 190 Thomas, San Benito, Cameron County, Texas. Manuel Cruz died when the smoke detector in his home failed to warn him of the smoke in his house.

III.

3.0    Plaintiffs would show that at times material hereto, Defendant BRK BRANDS, INC. was engaged in the business of designing, manufacturing, distributing and selling smoke detectors, but not limited to, the smoke detector involved in this asphyxiation. At the time of the asphyxiation the smoke detector was essentially in the same condition or in the reasonably foreseeable conditions when the detector was placed into the stream of commerce to be purchased by consumers. At the time of the asphyxiation, the smoke detector and its component parts, were being used in a proper and reasonably foreseeable manner by MANUEL CRUZ. Plaintiffs say that the smoke detector its components parts herein described were defectively designed, were in defective condition and unreasonably dangerous while being used by Manuel Cruz and, that as a result of using the smoke detector in a reasonably foreseeable manner, the smoke detector failed to sound an audible warning causing Manuel Cruz to asphyxiate. These

dangerous conditions were the producing cause of Manuel Cruz's asphyxiation and death including the damages and injuries suffered by Manuel Cruz and Jose Garcia, Individually and Idalia Garcia, Individually and as Representative of the Estate of Manuel Cruz, Deceased. Plaintiffs contend that nothing they or Manuel Cruz did or failed to do contributed to the incident in question, that resulted in Manuel Cruz's tragic death.

IV.

4.0    Defendant BRK BRANDS, INC. owed a duty to design, manufacture, distribute, sell, inspect and provide adequate instructions and warnings for the smoke detector and its components, so as not to cause injury to Jose Garcia, Individually and Idalia Garcia, Individually and as Representative of the Estate of Manuel Cruz, Deceased or death to the general public including MANUEL CRUZ. Defendant BRK BRANDS, INC. violated its duty when it designed, manufactured, distributed, sold, failed to inspect and failed to provide adequate instructions and warnings regarding the defective smoke detector and its components. It was foreseeable that MANUEL CRUZ and Jose Garcia, Individually and Idalia Garcia, Individually and as Representative of the Estate of Manuel Cruz, Deceased could have been injured, suffered damages or killed as a result of the acts or omissions to act of defendant BRK BRANDS, INC. because of defendant's special knowledge of the product and its component parts. As a result of the acts of omission of defendant BRK BRANDS, INC. in designing, manufacturing, distributing, selling, inspecting., and providing inadequate instructions and warnings, MANUEL CRUZ died and Jose Garcia, Individually and Idalia Garcia, Individually and as Representative of the Estate of Manuel Cruz, Deceased suffered injuries and damages as more fully set forth hereinafter, and said acts or omissions were the actual and proximate cause of the injuries and damages of Jose Garcia, Individually and Idalia Garcia, Individually and as Representative of the

Estate of Manuel Cruz, Deceased and the death of Manuel Cruz. Defendant BRK BRANDS, INC. impliedly and expressly guaranteed that the smoke detector and its component parts had been so designed, constructed, inspected and serviced that it would perform the actual service for which it was designed and was of such quality that it would not fail under normal or foreseeable circumstances and cause injuries, damages or death. These warranties were breached by the defendant BRK BRANDS, INC. Through said defendant's BRK BRAND, INC. advertising programs in which it solicited the public to purchase the smoke detector which they either designed, manufactured, distributed, sold, and inspected said defendant warranted and guaranteed that said smoke detector and its component parts had either been properly constructed, or suitable for its expected purpose and safe use. MANUEL CRUZ as a foreseeable user, relied upon said defendant's warranties and guarantees. Said defendant breached said warranties by designing, manufacturing, distributing, selling, failing to inspect and failing to provide adequate instructions and warnings for such defective and unsafe smoke detector and its component systems.

V.

5.01    Additionally, Plaintiffs Jose Garcia, Individually and Idalia Garcia, Individually and as Representative of the Estate of Manuel Cruz, Deceased say that Defendant BRK BRANDS, INC. is guilty of negligence, negligence per se and gross negligence in the designing, testing, distributing, manufacturing, and selling of the smoke detector and its component systems in question including but not limited to:

    1.      In failing to warn the public of the defect or defects described above;

    2.      In committing errors during the design phase;

    3.      In failing to install adequate safety devices;

FIRST AMENDED ORIGINAL COMPLAINT        4

4. In using and installing safety devices which failed in use;

5. In failing to make adequate safety tests or checks after manufacture and/or prior to sale;

6. In using unsafe or unsuitable materials in manufacture;

7. In failing to plan and test foreseeable uses;

8. In adding unnecessary parts;

9. In failing to keep abreast of scientific knowledge;

10. In failing to measure up to or meet accepted industry standards;

11. In failing to do adequate research;

12. In failing to adopt safe designs to carry out the intended use;

13. In failing to adopt safe designs to carry out reasonable inspection;

14. In failing to provide for plaintiffs' safety under the circumstances;

15. In failing to ensure the deliverance of a safe product;

16. In designing, manufacturing, and marketing a product that is/was defective in detecting smoke;

17. In designing, manufacturing and marketing a product that giving an audible warning alarm;

18. Failing to warn of the unreasonably dangerous nature of the product;

19. Advertising, marketing and selling its smoke detector in a manner designed to misrepresent the marketing and safety of the vehicles by engaging in advertising and marketing programs which falsely represent, either directly or by implication, that the smoke detector was safe to use;

20. Acting to conceal defects and dangers in its smoke detectors from the public, from

FIRST AMENDED ORIGINAL COMPLAINT                    5

injured persons, and from governmental agencies, rather than fulfilling its common law and statutory obligations to provide a non defective product, adequate warnings and to remedy said defects;

21. Continuing to design, market and sell its smoke detectors without substantial change after receiving sufficient knowledge as to the nature of the defect;

22. Failing to timely recall the products in question.

5.02 Plaintiffs say further that the design defect was known to defendant BRK BRANDS, INC. and, as such, is guilty of negligence, negligence per se and gross negligence in failing to adequately warn the plaintiffs and others of the danger posed by the threat of the failure of the smoke detector its component parts thus posing the threat of asphyxiation. Defendant BRK BRANDS, INC. failed to give, place or caused to be placed an adequate warning of any kind on about said smoke detector which would have alerted Manuel Cruz and others of the extent of danger of the smoke detector failing. It was readily foreseeable that persons using the smoke detector would be using it to warn of smoking hazards. This failure to warn Manuel Cruz was a producing cause of the injuries and damages, to the Plaintiffs and death to Manuel Cruz. The total want of care and the utter disregard of duty while the defendants BRK BRANDS, INC. knew or should have known of the unsafe condition of the smoke detector and its component Systems reflects a total want of care and conscious and willful indifference to the life and safety of plaintiffs and others similarly situated.

VI.

6.01 Plaintiffs say further that the smoke detector and its component systems were defectively designed in that there were no instructions, inadequate instructions, regarding the useful life of the smoke detector and its component systems and that as a result of such failure it

caused injuries and death to the plaintiffs herein. The failure of the defendants BRK BRANDS, INC. and its component systems made it unreasonably dangerous for its intended use and as such was the producing causes of the injuries of the plaintiffs and death of Manuel Cruz.

6.02   Moreover, plaintiffs allege that the defendant willingly placed its product on the market without so much as a warning to its potential consumer/user of its defective and unsafe design. Also in keeping with the Defendants original negligent conduct, said Defendant failed to recall its product for inspection in attempt to correct the unsafe design as would have been done by a reasonably prudent manufacturer, under same or similar circumstances. This failure to recall the product when the defendant knew or should have known of its defective state, and all the other negligent acts and/or omissions, constituted gross negligence. Said gross negligence and conscious indifference for the rights, welfare and safety of the public and specifically Plaintiff, Manuel Cruz, Deceased were singularly or in combination, a direct and proximate cause of Manuel Cruz' death and damages to the surviving Plaintiffs as well. These facts entitle the plaintiffs to an award of exemplary damages in an amount to be determined by the trier of fact.

6.03   Plaintiffs further contends that at the time that the product left Defendant's control, it was structurally defective and unsafe for its intended purpose and unreasonably dangerous to its users in that it was defectively designed and failed to operate safely. Further, the product was defective in its design and manufacture because it failed to operate as expected by Manuel Cruz. The Defendant knew or should have known that the product would be used by consumers in ordinary apartments, houses, condos, etc. and that the results of the smoke accumulation in question were reasonably foreseeable to Defendant.

6.04   The defective and unreasonably dangerous condition of the product in question was apparent to the respective Defendant, but could not be detected by Plaintiff, Manuel Cruz,

FIRST AMENDED ORIGINAL COMPLAINT            7

Deceased through exercise of reasonable diligence. There was no warning on the product that the design was defective and unsafe and that injuries could result from reliance on the regular operation and use of the product.

6.05    The total want of care and the utter disregard of duty, while the defendant BRK BRANDS, INC. knew or should have known of the unsafe condition of the smoke detector and its component systems during use exhibits and reflects a total want of care and conscious disregard and indifference to the life and safety of plaintiffs including Manuel Cruz and Jose Garcia, Individually and Idalia Garcia, Individually and as Representative of the Estate of Manuel Cruz, Deceased and other persons similarly situated.

6.06    At the time it was manufactured, distributed, sold, provided and inspected and at all times thereafter, the smoke detector its component systems were not as warranted but rather were defective such that they were not fit for the purpose it which it was to be used, they would not pass without objection in the trade and they were not free from defects. As a result of Defendant's BRK BRANDS, INC.'s breach of warranties, plaintiffs bring this cause of action pursuant to §17.50 and all relevant provisions of the Deceptive Trade Practices Consumer Protection Act under the provisions of Title I, Chapter 2 of the Business and Commerce Code and the under the common law rules of warranty.

VII.

7.0    The defendant BRK BRANDS, INC. is strictly liable pursuant to §402a and §402b of the Restatement of Torts 2nd, as adopted by the Texas Supreme Court, as well as, the Texas Wrongful Death Act and the Texas Survival Statute.

VIII.

8.0    The plaintiffs would show that the domestic smoke detector industry, of which BRK

BRANDS, INC. is a leader, has a history of resisting proposed safety standards and effectively utilizing the political process and their economic power to minimize the resulting economic cost that adoption of realistic minimum safety standards would naturally entail.

8.01 Profit has had priority over safety during the design and manufacture of the smoke detector in question, including the one used by Manuel Cruz during its years of manufacture. The priority has been reflected in the deliberate pattern of conduct by the Defendant for many years.

8.02 The defects in the smoke detectors designed, manufactured, sold or promoted by the Defendant, and similar defects in smoke detectors manufactured by other major manufacturers is the direct result of a pattern of conduct or scheme by said manufacturers to control the adoption of the Federal or State minimum regulatory standards, as well as industry standards, and to act in concert to restrict, delay, or defeat proposals for stronger standards that provide the consumer public with smoke detectors which incorporated into the design by the manufacturer, safety features to enhance survivability and insure reduction of catastrophic injuries and death to users of said smoke detectors.

8.03 Said covert and overt pattern of conduct or scheme is and has been manifested by, but is not limited to, some of the following particulars:

  A. Organizing and actively joint venturing in seizing and maintaining control over the industry trade organizations by various methods including control of grants and other influencing acts.

  B. Actively influencing the Federal and State Regulatory Agencies by asserting political pressure on Federal and State elected or appointed officials to achieve the conspiratorial goals.

  C. By acting in concert with other manufactures to ensure appointment of

sympathetic political appointees to the regulatory agencies and engineering committees charged with adopting minimum safety standards related to smoke detectors design, manufacture and assembly.

D.  In recruiting and employing members of the Federal and State Regulatory Agencies to assist in the goal of obstruction and opposing adoption of a new and more stringent standards, or to delay the adoption of such standards, and/or minimize any meaningful changes to existing standards.

E.  By having trade organizations they control act in concert with said manufacturers, whether covertly or overtly, in recommending and submitting to the regulatory agencies reasons for delay for adopting new standards, for changes, modifications of existing minimum standards.

F.  In deceptively advertising and disseminating information to the consumer public that conceals and fails to disclose the limitations, defects, and dangers in various models of smoke detectors such as the one used by Manuel Cruz that was placed in the stream of commerce by the conspirators herein.

G.  By actively delaying, obstructing, and opposing litigation discovery efforts by victims who have been injured or killed as a result of the dangerous conditions who seek redress in the courts. This has been virtually universal to all smoke detectors manufacturers in litigation cases for a number of years. These tactics frustrate the process of discovery, make the cost of litigation prohibitive, and furthers the aims and economic objectives of the conspirators.

H.  Concealing from the public, from injured persons, and from governmental entities, defects and dangers, and evidence of defects and dangers associated with

smoke detectors in violation of 15 U.S.C. 2064(b) (5) and (23), in violation of the TEX. BUS. & COM. CODE, and in violation of the common law duties expressed in Restatement 2d Torts, Section 402A, and in violation of their common law duty to act with reasonable care.

I. To divert, mislead and confuse investigations initiated by the United States Consumer Product Safety Commission and Committees of the United States Congress contrary to the provisions of 15 U.S.C. Section 2064(b), 15 U.S.C. Section 2065 (b), 15 U.S.C. Section 2068(a) (3), and (4), 15 U.S.C. Section 2076 and its common law duty to act with reasonable care.

J. Concealment of evaluation and testing documents regarding smoke detectors from the United States Consumer Product Safety Commission, and from injured parties bringing civil litigation.

K. Failing to maintain documentation of developmental engineering testing of common usages, and consumer expectations of the performance and/or failure to perform of smoke detectors.

L. Withholding voluntary standards development testing from the CPSC.

M. Engaging in an advertising program which expressly and by implication misrepresented that BRK Brands, Inc.'s smoke detectors were safe.

8.04 Such pattern of conduct or scheme was a producing cause of the injuries to Manuel the damages suffered by Plaintiffs.

8.05 Defendant, with other major manufactures, have for many years, combined and schemed, and agreed to:

A. resist the adoption of adequate safety standards;

FIRST AMENDED ORIGINAL COMPLAINT              11

B.  delay the effective date for new standards to become mandatory; and,

C.  seek minimal standards as opposed to realistic standards which address concerns for the safety of the consumer public over the increased costs involved.

8.06   The pattern of conduct or scheme was based solely on economic self-interest whereon profit was a priority over the safety of the consumer public. The actions of the conspirators, including the Defendant herein, has been successful in influencing the standards adopted, as well as delaying adoption of standards addressing Defendant own knowledge of long standing known deficiencies and dangerous conditions constituting unnecessary hazardous risks to the consumer public.

8.07   As evidence that Defendant is responsible for the allegations herein, Plaintiffs would show said smoke detector, as described herein, is defective and does create a substantial product hazard as defined by the Consumer Product Safety Act and the rules and regulations of the Consumer Product Safety Commission.

8.08   Defendant failed to properly, timely, and accurately advise the Consumer Product Safety Commission that said product was defective and unreasonably dangerous resulting in Defendant's violation of the reporting requirement rule as set forth in 16 C.F.R. Pt 1115.

8.09   Plaintiffs would further show that the product of the Defendant which, even if arguably in compliance with the minimum federal safety standards, which the plaintiffs deny, was still unreasonably dangerous and that this condition of unreasonable dangerousness was known to the Defendant in the cause and was overtly and covertly concealed from the ordinary consumer when this smoke detector used by Manuel Cruz was placed in the stream of commerce. Plaintiffs would further allege that the Defendant herein knew or should have foreseen that the smoke detector as designed, and/or manufactured and placed in the stream of commerce would

FIRST AMENDED ORIGINAL COMPLAINT                   12

be accepted by the ordinary consumer who would have no knowledge of the designed defects or manufactured, and/or unreasonably dangerous conditions of the smoke detector.

8.10   In view of the economic size of the Defendant BRK Brands, Inc. and the extensive profits made by such unconscionable conduct, and the resulting devastation wrought on the unsuspecting public, Plaintiffs seek punitive damages in an amount calculated to deter these Defendant and other major smoke detector manufacturers from a continuation of such conduct, or from similar conduct in the future.

8.11   Other accident or incidents occurred involving the described product which involved the defect or defects causing this accident. Sufficient time had elapsed between the knowledge obtained by the Defendant of these accidents, and the dangerous propensity of their products, and the date of Plaintiffs accident herein to permit them to thoroughly study and retest said product. If the Defendant had properly examined and tested its product, Defendant would have recognized the inherent defect and dangerous propensity of its design and manufacture and should have timely recalled all such products still in the hands of the consuming public and should have provided official, timely, and adequate notice of the defects and risks of accidents, injury and death to the public then possessing said model of smoke detector.

8.12   Despite both information which Defendant is alleged to have received and its knowledge of extreme danger which existed, Defendant herein willfully, consciously and wantonly refused to timely recall said product from the market place and refused to notify the public of the known risks of death and injury. The only reason that the Defendant designed its product in such a manner and refused to advise the public of the known dangers of its product was to maximize profit at the expense of public safety, this being in total disregard for the safety of persons who were operating or in proximity of said product. Defendant's conduct was in

FIRST AMENDED ORIGINAL COMPLAINT                     13

reckless and wanton disregard for the rights and safety of others, including Plaintiff herein, as well as the willful indifference to the right of safety of Manuel Cruz, and therefore constituted malice

  8.13 The nature scope and extent of the operation of defendant BRK BRANDS, INC. and other manufacturers, remanufactures, distributors, inspectors, and sellers, similarly situated requires a significant award of punitive damages if said defendant BRK BRANDS, NC. and other similar entities are to take heed and be influenced by said award, to conduct their business and to prevent failure from the use of the smoke detector its component systems with due regard and concern for those persons similarly situated who might be using the smoke detector and its component Systems.

IX.

  9.01 Manuel Cruz was 29 years old at the time of the occurrence in question. He was in good health with a reasonable life expectancy of 46.0 additional years according to the U.S. Life Tables. During his lifetime he had been energetic, helpful, and a good father and son. He performed numerous and usual tasks in and about the family residence and gave and received, comfort, companionship and society. In all reasonable probability, he would have continued to do so, had it not been for his death, as a result of the smoke detector failure.

X.

  10.01 Additionally, Plaintiffs, Jose Garcia, Individually and Idalia Garcia, Individually and as Representative of the Estate of Manuel Cruz, Deceased, parents of MANUEL CRUZ have suffered pecuniary losses including the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that they would, in reasonable probability, have received from their son had he lived. seeks these damages from the defendant.

Additionally, Plaintiffs, Jose Garcia, Individually and Idalia Garcia, Individually seek nonpecuniary damages from the Defendant for their loss of companionship and society as a result of the untimely death of their son MANUEL CRUZ. This element of damages includes the love, comfort, companionship and society of the deceased, MANUEL CRUZ. Jose Garcia, Individually and Idalia Garcia, Individually also seek from defendant damages for their mental anguish that is, emotional pain, torment and suffering experienced because of their sons death. By reason of the foregoing, Plaintiff MANUEL CRUZ has been damaged by the Defendant in an amount in excess of the minimum jurisdictional limits of this court. Plaintiffs, Jose Garcia, Individually and Idalia Garcia, Individually and as Representative of the Estate of Manuel Cruz, Deceased also seek punitive damages from the defendant.

XI.

11.00    Plaintiffs seeks pre-judgment interest on any money damages awarded to them, either in general damages or special damages plead herein, including, but not limited to, general damages, punitive damages, and reasonable attorney's fees.

11.02 **WHEREFORE PREMISES CONSIDERED,** Plaintiffs pray that upon trial of this cause, the Plaintiffs have and recover of from the Defendant, judgment to compensate them for the injuries they suffered as a result of the "negligence", "negligence per se gross negligence, strict liability and malice of the Defendant. Plaintiffs seek compensatory damages and punitive damages as provided by the laws of the State of Texas for the above described breaches in providing a defective smoke detector and its component systems and, if appropriate, attorney's fees, as well as, prejudgment interest and post judgment interest thereon at the legal rate. Plaintiffs seek damages against the Defendant for costs of Court expended, and for such other

FIRST AMENDED ORIGINAL COMPLAINT                     15

and further relief, both general and special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted on this 28th day of June, 1999.

        Respectfully submitted,
**LAW OFFICE OF MARK A. CANTU**
The Atrium
McAllen, Texas  78501
Tel: 956/687-8181
Fax: 956/687-8868

SHIREE D. SALINAS
State Bar No. 17537000
Cameron County No. 20,002
ATTORNEY FOR PLAINTIFFS
JOSE GARCIA, INDIVIDUALLY
AND IDALIA GARCIA, INDIVIDUALLY
AND AS REPRESENTATIVE OF
THE ESTATE OF MANUEL CRUZ

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument was delivered via hand delivery, telefax, certified mail return receipt requested and/or regular mail to the following counsel of record on this the 28th day June of 1999.

Elizabeth Neally
**ROERIG, OLIVEIRA & FISHER**
855 West Price Rd, Suite 9
Brownsville, Texas 78520

Ray R. Marchan
**EDDINGTON & ASSOCIATES, L. L. P.**
1926 East Elizabeth
Brownsville, Texas 78520

_____
SHREE D. SALINAS

FIRST AMENDED ORIGINAL COMPLAINT          17