JUL 1 5 1999

Michael N. Milby
Clerk of Court

FILED
United States District Court
Southern District of Texas

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE GARCIA, Individually and as Representative of the Estate MANUEL CRUZ, IDALIA GARCIA, individually and CYNTHIA GARCIA | ) ) ) ) ) |
| | CIVIL ACTION NO. |
| VS. | B-98-186 |
| BRK BRANDS, INC. | ) ) ) ) |

## PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Ray R. Marchan of Harris & Watts, P.C., attorney of record for Cynthia Cox as next friend of Brittany Cox, and files this their response to defendant's motion to dismiss and would respectfully show the court as follows:

### Legal Standard

1. When a federal court reviews the sufficiency of a complaint...[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test...[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorable to the pleader. *Schuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974). *NOW v. Scheidler*, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994).

1

2. The complaint must be sustained if relief could be granted "under any set of facts that could be proved consistent with the allegations." *NOW v. Scheidler*, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994).

3. A motion to dismiss under Fed.R.Civ.P. 12 is not appropriate unless the face of the plaintiffs' pleadings show, **beyond doubt,** that plaintiffs cannot prove **any** set of facts that would entitle them to relief. ***Garrett v. Commonwealth Mtg. Co.***, 938 F.2d 591, 594 (5th Cir. 1991) (emphasis ours). In light of the liberal pleading policy of the federal rules of civil procedure and the disfavored nature of Fed.R.Civ.P. 12 motions, the standard for judgment on the pleadings is so stringent that a court would rarely encounter circumstances to grant such motions. See, e. g. ***Mahone v. Addicks, Util Dist.***, 836 F.2d 921, 926 (5th Cir. 1988).

### Plaintiffs' claims are recoverable in Tort

5. The expectations of the ordinary consumer is one factor of evidence admissible to prove product liability and tort causes of action supporting the risk-utility analysis. ***The American Tobacco Company, Inc. v. Grinnell***, 951 S.W.2d 420, 432 (Tex.1997). Plaintiff does allege that the smoke detector was itself unsafe and/or dangerous. It is undisputed that in fact that the heater was lit and was the fire source which plaintiffs contend caused the discharge of smoke which the smoke detector failed to timely detect.

6. Attached hereto as Exhibit "A" is the affidavit of Reed McClintock of McClintock & Associates, Accident Reconstruction and Investigative Company. His affidavit supports that there are facts which would support a conclusion that a smoke detector itself was unsafe and because of its failure to operate was a cause of the injuries and damages suffered by the plaintiffs.

2

ClibPDF - www.fastio.com

7. As described in his experience, the presence of the products of combustion, namely smoke, has been detected during fires long before any toxic gas, including carbon monoxide, has ever reached a level that would prevent an individual from egressing the environment. He provides that the smoke detector should have operated long before the toxic gas had any effect on Mr. Cruz thereby supporting his opinions that the smoke detector was improperly designed, manufactured, and tested to perform and function properly.

8. The Model SA 67D ionization type smoke detector in this case has been associated with multiple incidents with failing to operate. He additionally provides that the function of such smoke detector is in fact to detect the visible and invisible products of combustion, i.e. smoke, in sufficient time to alert and wake the occupant to allow safe egress safe from the premises.

9. Because plaintiffs have properly alleged, and there are facts to support the allegation, that the smoke detector was a cause of Mr. Cruz's death and therefore plaintiffs have stated a claim in tort which would entitle them to judgment upon proof of such facts.

10. Plaintiffs do allege and there are facts to support a conclusion that Mr. Cruz died as a result of a fire or smoky conditions brought about by a heater fire in his home; dangers against which the smoke detector was intended to protect.

11. Therefore, there are facts that plaintiffs can show that a smoke detector is capable of protecting a person from carbon monoxide poisoning and thus BRK can be held liable under the theories of negligence, negligence per se,. gross negligence or strict liability theories.

3

### Plaintiff has Properly Stated a Claim for which
### Relief can be granted for Breach of Warranty
### or under Texas Deceptive Trades Practices Act

12.    Plaintiffs have alleged and there are facts that would support a conclusion, that the BRK smoke detector should have been fit for the purpose of detecting or providing early warning of the presence of the products of combustion, ie. smoke, early enough such that any toxic gas including carbon monoxide would not ever reach a level that would prevent an individual from egressing the environment.

13.    Therefore, there are sets of facts that Plaintiffs can prove that BRK warranted its detector to provide early warning of the visible an invisible products of combustion in sufficient time to alert and wake an occupant and allow him to egress the premises, and as such, the failure of such smoke detector would be a producing cause of plaintiffs' injuries under both a breach of warranty theory and violation of the Texas Deceptive trade Practices Act.

### Plaintiff has stated a Claim for which Relief
### Can Be Granted under a Civil Conspiracy Theory

14.    Plaintiffs allege that BRK, along with others in the smoke detector industry, sought to influence public officials and/or organizations which resulted in lower standards that would allow ineffective and defective smoke detectors onto the market one, of which was the model which failed to properly operate, resulting in the injury and death to Mr. Cruz and damages sustained by the Plaintiffs.

15.    While joint efforts to influence public officials is not unlawful, same cannot be said when such influences are used to deceive and misrepresent the qualities of consumer products placed into the stream of commerce.

16. Because plaintiffs have properly pled acts of conspiracy, and there are proper causes of action constituting underlying torts, civil conspiracy causes of action may go forward. *Massey v. Armco Steel Co.*, 652 S.W. 932, 934 (Tex. 1983).

### Plaintiff has Stated a Claim for which Relief Can Be Granted for Violation of the Consumer Product Safety Act.

17. The disclosure and reporting requirements cited by Plaintiffs as a basis for recovery apply to "consumer products." *See e.g.,* 15 U.S.C. Section 2064(b) (imposing certain reporting requirements on manufacturers of a "consumer product"); 15 U.S.C. Section 2065(b) (requiring manufacturers of "consumer product[s]" to maintain records and provide information necessary to access that manufacturer's compliance with the CPSA); 15 C.F.R. [Pt.] 1115.2(3) ("The provisions of this part 1115 deal with all consumer products ... subject to the Consumer Produce Safety Act...").

18. Only should the court decide that a private cause of action is not properly pled by the plaintiffs, plaintiffs would submit to the court that such standards and violations thereof would be evidence of negligence separate and apart of the claim that such constitutes negligence per se.

19. Furthermore, plaintiffs submit that such rules and standard promulgated by the Consumer Product Safety Commission would have evidentiary value and help determine the liability of the defendant in this case.

### Plaintiffs Allegations Concerning Deception, Concealment and Misrepresentation are Properly Pled.

20. Plaintiffs have alleged that the standards BRK sought to influence resulted in them being able to market a defective product.

5

21. Plaintiffs can produce evidence that the standards themselves referred to by the defendants are in part the product of the pattern of conduct or scheme by the defendants to restrict, delay and/or defeat proposal or standards designed to protect the consumer products. The pattern of conduct or scheme was covert in nature and primarily focused at the executive branch of government and industry standards groups which are susceptible to the type of financial and political influence their economic power could muster.

### Defendant has referred this Court to Extraneous Materials Outisde the Plaintiff's Petition.

22. Because the defendant has referred this court to matters outside of plaintiffs' complaints, the court if considering of such extraneous material should convert the federal rule of civil procedure Rule 12(b) motion to a motion for summary judgment. Plaintiffs urges that this court should not rule upon defendant motion to dismiss and should properly convert defendant's motion to a motion for summary judgment and not rule upon such motion until the discovery period has been exhausted. After adequate time for discovery has passed, (the discovery deadline in this case is March 3, 2000) the district court may grant summary judgment, however the district court must resolve all reasonable doubts about the facts in favor of the non-movant. *Celotex Corp. v. Catrett*, 477 S.S. 317, 106 S.Ct. 2548 (1986).

WHEREFORE, PREMISES CONSIDERED, plaintiffs respectfully request this honorable court deny defendant's motion to dismiss the amended complaints of plaintiffs and award them fees, costs, and grant other further relief as the court deems appropriate.

Respectfully submitted on this the __15__ day of July, 1999.

HARRIS & WATTS, P.C.
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 546-0333

_____
RAY R. MARCHAN
For the Firm

## CERTIFICATE OF SERVICE

I hereby certify that on this the __15__ day of July, 1999, a true and correct copy of the foregoing instrument was delivered to opposing counsel by hand-delivery, via fax or by certified mail, return receipt requested.

_____
RAY R. MARCHAN

## AFFIDAVIT OF AUTHENTICITY

STATE OF TEXAS )
)
COUNTY OF CAMERON )

BEFORE ME, the undersigned Notary Public, on this day personally appeared RAY R. MARCHAN, known to me, and first being by me duly sworn according to law upon his oath deposed and stated as follows:

"My name is RAY R. MARCHAN, I am a licensed attorney engaged in the general practice of law in Brownsville, Cameron County, Texas. I am attorney with HARRIS & WATTS, P.C., 1926 E. Elizabeth, Brownsville, Texas. The law firm of Harris & Watts, P.C., has been retained by Plaintiffs in connection with the above-referenced lawsuit.

I am of sound mind, capable of making this affidavit, and I have personal knowledge of each and every statement stated below.

I hereby certify that the copies attached as Exhibit "A" respectively, are authentic true and correct copies of the originals."

Further affiant sayeth not.

_____
RAY R. MARCHAN

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said RAY R. MARCHAN, on the __15__ day of July, 1999, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC, STATE OF TEXAS

[SEAL: LETICIA FIERROS, MY COMMISSION EXPIRES June 3, 2000]

8

STATE OF TEXAS )
)
COUNTY OF CAMERON )

On this the __15__ day of July, 1999, came before me, the undersigned authority, appeared RAY R. MARCHAN, who after being duly sworn upon his oath stated and deposed as follows:

"My name is Ray R. Marchan. I am over the age of 18 years and am fully competent and not disqualified by law to make this affidavit. I am the attorney for the Plaintiffs . I hereby certify that all of the facts stated in the foregoing Plaintiffs' Response to Defendant's Motion to Dismiss are true and correct to my knowledge."

Signed this the __15__ day of July, 1999.

_____
RAY R. MARCHAN

SWORN TO AND SUBSCRIBED on this the __15__ day of July, 1999.

_____
NOTARY PUBLIC, STATE OF TEXAS



LETICIA␣FIERROS
MY COMMISSION EXPIRES
June 3, 2000

9