United States District Court
Southern District of Texas
FILED

JUL 29 1999

Michael N. Milby
Clerk of Court

IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE GARCIA, Individually and :
as Representative of the Estate : CIVIL ACTION
of MANUEL CRUZ, IDALIA GARCIA, :
Individually; and CYNTHIA COX as :
Next Best Friend of Brittany Cox, : NO. B-98-186
 :
vs. :
 :
BRK BRANDS, INC. :

**REPLY IN SUPPORT OF THE MOTION OF
DEFENDANT BRK BRANDS, INC. TO DISMISS THE
FIRST AMENDED ORIGINAL COMPLAINT OF PLAINTIFF
CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX**

PRELIMINARY STATEMENT

In an effort to rescue her fatally flawed tort claims, Plaintiff Cynthia Cox, in her response to BRK's motion to dismiss, asserts that there was a fire in Mr. Cruz' home. Given plaintiff's representations to this Court to the contrary, such assertions are at best disingenuous; at worst, they are misrepresentations. Regardless of the dubious allegations plaintiff presents this Court in her response, the single fact that precludes her action against BRK, manufacturer of a smoke detector, is that Manuel Cruz died when a propane space heater produced or leaked fatal levels of carbon monoxide.

From review of plaintiff's response, it is clear that she misunderstands BRK's motion. Plaintiff believes that she can simply conclude that the BRK smoke detector caused Mr. Cruz' injury and thereby defeat BRK's motion to dismiss. She must do more, however, and plead facts that, if true, would establish that the detector caused Mr. Cruz' injuries. Her amended pleading, simply stated, reveals that nothing the BRK smoke detector did or failed to do resulted in physical harm to Mr. Cruz, or could have prevented the harm Mr. Cruz suffered. Smoke detectors are not intended to serve as carbon monoxide detectors. Under these circumstances, as a matter of law, liability cannot be imposed upon BRK.

A product manufacturer cannot be held liable in tort where the product has not caused physical injury. Tort law is reserved for those who are injured as a result of a defective product. In her response, plaintiff reiterates her claim that the smoke detector simply failed to operate. Therefore, she is not entitled to bring a tort claim against BRK for the failure of the smoke detector to operate as intended.

Even if plaintiff could assert a cause of action based upon a product's failure to perform its intended function, plaintiff has failed to plead any facts that would demonstrate the existence of a defect in the smoke detector, or that the

2

smoke detector failed to perform its intended function when it allegedly did not timely alarm in response to carbon monoxide in Mr. Cruz' house. Here, plaintiff revives her assertion that there was a fire in Mr. Cruz' home so that she can argue that the fire was a danger against which the detector was designed to protect. If there had been a fire in Mr. Cruz' home, it could hardly be disputed. However, there was no unwanted fire against which the smoke detector was designed to protect.

Plaintiff's claims of breach of warranty, violation of the Texas Deceptive Trade Practices Act, civil conspiracy and violation of the Consumer Product Safety Act are similarly wanting. For the reasons discussed below, BRK respectfully submits that these causes of action should be dismissed.

## ARGUMENT

A.  **Standard for Dismissal and Information Subject to the Court's Review Under Rule 12(b)(6)**

There is no dispute, nor could there be, regarding the standard for granting dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). However, plaintiff argues that BRK placed improper material before this Court in its motion to dismiss. In reality, it was plaintiff that introduced inappropriate material before the Court.

3

As BRK set forth in its initial brief, in deciding a Rule 12(b)(6) motion, courts must generally limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. <u>Lovelace v. Software Spectrum, Inc.</u>, 78 F.3d 1015 (5th Cir. 1996). If plaintiff would have looked beyond the basic rule, she would have learned that Courts can also consider matters of which they may take judicial notice. Fed.R.Evid. 201(f). Federal Rule of Evidence 201(b) permits a court to take judicial notice of a fact that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The facts submitted with BRK's motion, the Certification of Death, the pathology report, UL Standard 217 and transcript of May 13, 1999, fit this description.[1] Each of these documents are neutral on their face, are from governmental

---

[1] In fact, the reasoning by the Court in <u>Lovelace</u>, as discussed in BRK's original brief, is applicable here. As plaintiff contends in paragraph 21 of her response, BRK allegedly conspired to influence UL 217. BRK's purpose in asking the Court to take judicial notice of UL 217 is to demonstrate that the standard does not address carbon monoxide poisoning hazards, but hazards associated with unwanted residential fires. Moreover, even if BRK's alleged influence resulted in some modification to the standard, it could not have caused plaintiffs injuries in this case, a carbon monoxide poisoning death.

or quasi-governmental sources, produced in the normal course of official business and the facts or information they contain cannot reasonably be questioned. More importantly, they do not seek to address the heart of plaintiff's allegation, whether the smoke detector was itself defective. Rather, they point to facts demonstrating that plaintiff has failed to sufficiently plead a cause of action; that there was no fire, that Mr. Cruz died of carbon monoxide poisoning and that smoke detectors are not intended to detect carbon monoxide.

On the other hand, plaintiff puts before this Court a completely self-serving affidavit from an fire cause and origin investigator.[2] Were BRK's motion one for summary judgment at the close of discovery, with both sides submitting materials attempting to demonstrate the absence of a material fact, such an exhibit might be proper. But here, where plaintiff has failed to set forth the minimum facts necessary to maintain a cause of

---

[2]   The affidavit attached as Exhibit "A" to plaintiff response is rank with prejudicial bravado from a fire cause and origin investigator whose qualifications to render such affidavit are, at best, questionable. Mr. McClintock displays no apparent expertise or experience in smoke detection systems, toxicology, pathology, fuel burning appliances or the like. His only involvement in this matter to date has been as custodian of the smoke detector for plaintiff's counsel, which plaintiffs have refused to turn over to a neutral custodian despite this Court's order to do so.

5

action, it is not. Even if plaintiff's response was supported by competent expert testimony, no amount of new or additional facts could buoy plaintiff's amended pleading where it founder in the first instance.

Accordingly, BRK respectfully requests that plaintiff's Exhibit "A" be stricken, as should the related allegations in plaintiff's response.

**B.     Plaintiffs' Claims are Not Recoverable in Tort.**

As stated in BRK's brief, product liability and tort remedies are not available where the plaintiff's claim is that the product failed to perform. In Texas, the product must cause physical harm for plaintiff to recover in tort. See, Nobility Homes of Texas, Inc. v. Shivers, 557 S.W.2d 77 (Tex. 1977) and Keith v. Stoelting, Inc. 915, F.2d 966, 998 (5th Cir. 1990). Therefore, where a product fails to perform an intended function, but does not directly cause physical injury, recovery in tort is not permitted.

Here, plaintiff admits that the smoke detector did not cause any direct physical harm. Before this Court, plaintiff's counsel represented that, "We're not saying the smoke detector killed...this man by asphyxiation. I don't think there's any other source but the heater." (Transcript of May 13, 1999 hearing, page 18, lines 1-5, attached to BRK's motion at Exhibit

6

"D".) Plaintiff's allegations do not support a conclusion that the carbon monoxide detector, in and of itself, caused Mr. Cruz' death. As such, plaintiff can prove no set of facts to state a claim in tort and BRK is entitled to judgment as a matter of law.

Even if recovery in tort were permitted in cases where a product fails to perform an intended function, plaintiff's amended pleading claims that the smoke detector failed to perform an unintended function, to protect Mr. Cruz from carbon monoxide poisoning.[3] In her response to BRK's Motion, plaintiff now asserts new facts in an effort to demonstrate that Mr. Cruz died as a result of a "fire" so that she can argue that a fire is a danger against which BRK's detector was to protect. These allegations, revived from plaintiffs' original petition, are merely illusory.

At paragraph 5 of her response, plaintiff asserts that, "the heater was lit and was the fire source which plaintiffs contend caused the discharge of smoke." She continues at paragraph 10 that "Mr. Cruz died as a result of a

---

[3] Curiously, plaintiff distances herself from the contention in her amended pleading that the smoke detector was designed to prevent carbon monoxide poisoning when she asserts in her response only that it was "capable of protecting a person from carbon monoxide poisoning." (Paragraph 11.)

7

fire or smoky conditions brought about by a heater fire in his home"[4]. By creating the illusion that there was a fire in Mr. Cruz' home, plaintiff hopes to survive BRK's motion to dismiss.

There was, however, absolutely no fire in Mr. Cruz' home and plaintiff's counsel has admitted that there was no fire to this Court. At the May 13, 1999 hearing, plaintiff's counsel stated, "We claimed that there was not a fire, that it was smoke and soot and that the man asphyxiated without a fire." (Page 3, lines 21-23, Exhibit "D".) In response to the Court's direct question regarding the existence of a fire, plaintiff's counsel admitted that there was no fire. (Page 33, line 25 to page 34, line 1, Exhibit "D".)

It would impose liability beyond all reasonable proportion to hold a manufacturer responsible for harm that their product was not intended to address or that consumers do not expect it will address. Such is the case where plaintiff claims a smoke detector should protect a person from carbon monoxide poisoning. Permitting tort recovery in these situations

---

[4] It is unclear from her response, but plaintiff may have meant that the lit propane space heater, operating as intended, constituted a fire that should have caused the smoke detector to alarm. Unless the fire spreads beyond the confines of the burner of the heater unit, a propane space heater is not the type of unwanted house fire that smoke detectors are intended to detect.

8

will expose manufacturers to potential liability for unbargained-for and unexpected risks. Accordingly, BRK is entitled to judgment as a matter of law as to plaintiff's negligence, negligence per se, gross negligence and strict liability theories of liability.

C.  **Plaintiff Has Failed to State A Claim for Which Relief Can Be Granted for Breach of Warranty or Under the Texas Deceptive Trade Practices Act.**

For the purposes of bringing an action for breach of implied warranty and violation of the Texas Deceptive Trade Practice Act, a product is "defective" if it is unfit for the ordinary purposes for which it is to be used. Hyundai Motor Co. v. Rodriguez, 1999 Tex. LEXIS 58, *10 (No. 97-0648 June 10, 1999). See also, Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 441 (Tex. 1989). However, in a case involving a claim for personal injuries, strict liability and breach of warranty concepts of "defect" are functionally identical. Hyundai, at 11.

Because there was no fire, plaintiff cannot attribute Mr. Cruz' death to the smoke detector not being fit for the ordinary purpose for which it was to be used, providing early warning of a fire. To overcome this fatal defect in her pleadings, at paragraph 12 of her response plaintiff alleges that "the BRK smoke detector should have been fit for the

9

purpose of detecting or providing early warning of the presence of products of combustion, ie. smoke." Again, plaintiff fails to recognize the significant difference between a product performing its intended function and a product failing to perform a function for which it was not intended.

A smoke detector is not designed to alarm every time there is combustion in the home. If it were, it would signal its alarm every time a stove was turned on, someone smoked a cigarette or a propane heater was lit. Instead, the ordinary purpose of a smoke detector is to provide early warning of unwanted house fires.

Mr. Cruz died as a result of ingesting fatal amounts of carbon monoxide produced by a propane space heater he intentionally lit to provide heat during a cold night. In other words, Mr. Cruz' carbon monoxide poisoning was the result of his operation of the propane space heater - a desired form of combustion. Plaintiff does not and cannot allege that BRK warranted that its smoke detector would provide early warning of every instance of combustion within the home or of carbon monoxide accumulation and was, as a consequence, unfit for its ordinary purpose. Therefore, under either a breach of warranty theory or under the Texas Deceptive Trade Practices Act and BRK is entitled to judgment as a matter of law.

D. **Plaintiff Has Failed to State A Claim for Which Relief Can Be Granted Under a Civil Conspiracy Theory.**

An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. <u>Diaz v. Southwest Wheel, Inc.</u>, 736 S.W.2d 770, 774 (Tex. App. 1987). Joint efforts to influence public officials are not unlawful. <u>United Mine Workers v. Pennington</u>, 381 U.S. 657, 670 (1965). It is neither unusual nor illegal for citizens to seek action on laws in the hope that they may bring about an advantage to themselves. <u>Eastern Railroads Presidents Conference v. Noerr Motor Freight</u>, 365 U.S. 127, 137 (1961). There is simply no cognizable cause of action for the alleged conduct of conspiring to influence public officials.

If, however, this Court finds in plaintiff's various, vague and conclusory allegations, that BRK, in concert with one or more persons, engaged in unlawful conduct, as she claims in paragraph 15 of her response, plaintiff is still not entitled to proceed on her civil conspiracy claim. Plaintiff does not allege that her injuries were caused by the alleged conspiracy in which BRK and others engaged.

Taking plaintiff's allegations as true, the most this Court could find is that the efforts of BRK and others were

11

aimed at reducing the standards for smoke detectors providing warning of potential fires in the home. Regardless of whether those efforts were successful, plaintiff does not allege that the activities of BRK lowered the standards for carbon monoxide detectors or that BRK's impact on smoke detector standards and regulations somehow resulted in smoke detectors not being required to detect carbon monoxide. In fact, such an allegation would be ludicrous on its face.

Insofar as plaintiff has failed to allege an essential element of a civil conspiracy claim, an unlawful act and/or proximate cause, she has failed to state a cause of action for which relief can be granted and BRK is entitled to judgment as a matter of law.

E.   **Plaintiff Has Failed to State A Claim for Which Relief Can Be Granted for Violation of the Consumer Product Safety Act.**

At paragraphs 17, 18 and 19 of her response to BRK's motion, plaintiff admits that she has failed to state a claim for which relief can be granted under the Consumer Product Safety Act (CPSA). Merely because plaintiff believes certain of her allegations concerning the CPSA are evidence in support of her tort claim, is not sufficient to permit the allegations to remain. Moreover, plaintiff has failed to allege that any of the acts in which she contends BRK engaged caused Mr. Cruz'

12

death or plaintiff's injuries. Accordingly, plaintiff has failed to state a claim under which CPSA and paragraphs 8.0-8.08 of her First Amended Original Petition should be stricken as impertinent and/or scandalous.

## CONCLUSION

In light of the above, defendant, BRK Brands, Inc., respectfully requests this Honorable Court dismiss the First Amended Original Complaint of plaintiff Cynthia Cox as Next Friend of Brittany Cox and award it fees, costs and grant such other further relief as the Court deems appropriate.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER**

BY: _____
Rene O. Oliveira
State Bar No. 15254700
Cameron County I.D. No. 3507
Elizabeth G. Neally
State Bar No. 14840400
Cameron County I.D. No. 3506
855 West Price Road, Suite 9
Brownsville, TX 78520
Tel: 956/542-5666
Fax: 956/542-0016

**COZEN AND O'CONNOR**
JAMES HELLER
TERRY M. HENRY
1900 Market Street
Philadelphia, PA 19103
Tel: 215/665-2000
Fax: 215/665-2013

PHILA1\1074066\1 077262.000

## CERTIFICATE OF SERVICE

I, the undersigned hereby certifies that a true and correct copy of the foregoing *Reply in Support of the Motion of Defendant BRK Brands, Inc. to Dismiss the First Amended Original Complaint of Plaintiff, Cynthia Cox As Next Friend of Brittany Cox*, has been served upon Mark Cantu, counsel for Plaintiff, at The Atrium, Suite 400, 1300 North Tenth Street, McAllen, TX 78501 and Mr. Ray Marchan, Harris & Watts, 1926 E. Elizabeth, Brownsville, TX 78520, on this 29 day of July, 1999.

                                                Elizabeth G. Neally