44

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 4 1999

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE GARCIA, Individually and as Representative for the Estate of MANUEL CRUZ, Deceased, et al | § § § § | |
| vs. | § | CIVIL ACTION NO. B-98-186 |
| BRK BRANDS, INC. | § § § | |

## OBJECTIONS TO, AND MOTION TO QUASH, SUBPOENA DUCES TECUM SERVED AUGUST 2, 1999, DIRECTED TO YOLANDA DE LEON, DISTRICT ATTORNEY FOR CAMERON COUNTY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE CUSTODIAN OF RECORDS FOR THE CAMERON COUNTY DISTRICT ATTORNEY, by and through her attorney, and files these objections to and motion to quash, subpoena duces tecum served August 2, 1999, directed to the Yolanda de León, District Attorney for Cameron County, and shows this Honorable Court the following:

### INTRODUCTION

1. On or about August 2, 1999, the Respondent BRK BRANDS, INC., caused to be delivered to the Cameron County District Attorney's Office a Subpoena Duces Tecum directed to the custodian of records for the Cameron County District Attorney's Office. (A true and correct copy of such Subpoena is attached as Exhibit "A" and incorporated herein by reference as through set forth verbatim.) The subpoena sets a date and time of August 5, 1999 at 10:00 a.m. for compliance, and directs the custodian of records to produce and permit inspection and

1

copying of the following: "Any and all documents, pleadings, statements, investigative reports and/or findings, physical evidence, photographs, recordings (whether video, audio or other such tapings) drawings, measurements, schematics, obtained and/or prepared in connection with Case No. 1-97-018297, and/or <u>In The Matter of The Estate of Manuel Cruz, Deceased, Cause No. 1998-CPC-55-A, In the County Court at Law No. 1, Cameron County, Texas</u>."

2.  Movant objects to such subpoena duces tecum, and moves that the Court quash the subpoena duces tecum, or, alternatively, moves for a protective order limiting the documents, if any, to be produced to non-privileged, non-confidential documents, for the following reasons.

**<u>The Subpoena Fails to Identify With Reasonable
Specificity and Particularity The Documents Sought</u>**

3.  The party seeking to subpoena the documents has failed to identify with sufficient particularity and specificity the documents sought. As already noted, the subpoena directs the custodian of records to produce and permit inspection and copying of the following: "Any and all documents, pleadings, statements, investigative reports and/or findings, physical evidence, photographs, recordings (whether video, audio or other such tapings) drawings, measurements, schematics, obtained and/or prepared in connection with Case No. 1-97-018297, and/or <u>In The Matter of The Estate of Manuel Cruz, Deceased, Cause No. 1998-CPC-55-A, In the County Court at Law No. 1, Cameron County, Texas</u>." Such an overbroad request constitutes and impermissible fishing expedition. <u>See</u>, <u>e.g.</u>, <u>Phillips vs. Automated Telephone Management Systems, Inc.</u>, 160 F.R.D. 561, 563 (N.D. Tex. 1994) ("The discovery requested from Coppers and Bailey amounts to no more than a 'fishing expedition' in an attempt to discover unknown wrongs.") <u>Miller v. Adelson</u>, 4 F.R.D. 176, 176-77 (W.D. Pa. 1944) (court sustained objection to

production of entire file on ground no particular paper designated). Compare United States v. King, 164 F.R.D. 542, 546 (D. Kan. 1996) ("Requesting entire files instead of specific documents indicates a fishing expedition.")

4. The Fifth Circuit has held that a subpoena duces tecum "must also properly identify or describe the documents requested" and "the request must be sufficiently definite to provide guidance as to what is to be produced by standards or criteria that make clear the duty of the person subpoenaed." In re Grand Jury Proceedings, 601 F.2d 162, 168 (5th Cir. 1979).

**The Records Sought Are Privileged Confidential and Protected From Disclosure**

5. Federal Rule 45 (c) (3) (A) (iii) provides that "[o]n timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or wavier applies." The documents sought by Respondents are privileged, confidential and protected from disclosure.

**Disclosure Of The Records Is Foreclosed By The Texas Open Records Act**

6. The Texas Open Records Act, Tex. Gov't Code Ann. ch. 552 (Vernon 1994 & Supp. 1998), excepts from disclosure certain information relating to litigation to which the State is a party, certain law enforcement and prosecutor records, and information considered to be confidential by law. Id. at §§ 552. 101, .103, .108. See Holmes vs. Morales, 924 S.W. 2d 920, 923 (Tex. 1996). The above-cited provisions of the Texas Open Records Act specifically except from disclosure:

> "information considered to be confidential by law, either constitutional, statutory or by judicial decision."

Tex. Gov't Code Ann. § 552.101 (Vernon 1994 & Supp. 1998).

3

"[information] relating to litigation of civil or criminal nature or settlement negotiations, to which the state or a political subdivision is or may be a party or to which an officer or employee of the state or a political subdivision, as a consequence of the person's officer or employment, is or may be a party; and

that the attorney general or the attorney of the political subdivision has determined should be withheld from public inspection.

For purposes of this section, the state or political subdivision is considered to be a party to litigation of a criminal nature until the applicable statute of limitations has expired or until the defendant has exhausted all appellate and post conviction remedies in state and federal court."

Tex. Gov't Code Ann. § 552.103 (Vernon 1994 & Supp. 1998).

"Information held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime is excepted from the requirements of Section 552.021 if:

release of the information would interfere with the detection, investigation, or prosecution of crime;

it is information that deals with the detection, investigation, or prosecution of crime only in relation to an investigation that did not result in conviction or deferred adjudication; or
it is information that:
is prepared by an attorney representing the state in anticipation of or in the course of preparing for criminal litigation; or

reflects the mental impressions or legal reasoning of an attorney representing the state.

An internal record or notation of a law enforcement agency or prosecutor that is maintained for internal use in matters relating to law enforcement or prosecution is expected from the requirements of Section 552.021 if:

4

>   release of the internal record or notation
>   would interfere with law enforcement or
>   prosecution;
>
>   the internal record or notation relates to
>   law enforcement only in relation to an
>   investigation that did not result in
>   conviction or deferred adjudication; or
>   the internal record or notation;
>
>   > is prepared by an attorney representing
>   > the state in anticipation of or in the
>   > course of preparing for criminal
>   > litigation; or reflects the mental
>   > impressions or legal reasoning
>   > of an attorney representing the state.
>
>   This section does not except from the requirements of Section
>   552.021 information that is basic information about an arrested
>   person, an arrest, or a crime."

Tex. Gov't Code Ann. § 552.108 (Vernon 1994 & Supp. 1998), as amended by H.B. No. 951, § 1, 75th Leg. (amendment effective September 1, 1997).

7.  The exception to disclosure provided by § 552.101 of the Open Records Act for documents considered to be confidential by law, either constitutional, statutory or by judicial decision, is applicable in this case. Therefore, pursuant to § 552.101 and the applicable privileges set out in paragraphs 12-14 below, the documents in question are privileged and confidential, and not subject to disclosure.

8.  The exception to disclosure provided by § 552.103 of the Texas Open Records Act is also applicable in this case. The documents relate to litigation of a criminal nature to which the state is party, and the Cameron County District Attorney has determined that the records should be withheld from public inspection. The applicable statue or limitations has not expired in this case.

9. The exception to disclosure provided by § 552.108 of the Texas Open Records Act is also applicable in this case. The records deal with the detection, investigation and prosecution of crime, in relation to an investigation that did not result in a conviction or deferred adjudication. Further, the records are information prepared by an attorney representing the state in anticipation of, or in the course of preparing for criminal litigation, and reflect the mental impressions and legal reasoning of an attorney representing the state. The records constitute the work product of the state's attorney which is protected from disclosure.

10. Among the confidential and privileged documents sought to be withheld are attorney notes and memos to law enforcement, two intake sheets, four page case report handwritten, prepared by law enforcement, a four page investigative report typewritten prepared by law enforcement, a five page narrative report prepared by law enforcement, a three page polygraph report, ten witness statements by eight witnesses, five page personal profile report prepared by law enforcement, six page autopsy report, ten photographs of the scene and the victim and prosecutors work product.

11. There is no distinction between "open" and "closed" files in the above-quoted exemptions, and these exemptions protect the Cameron County District Attorney's prosecution files from disclosure. See Holmes v. Morales, 924 S.W.2d at 925.

**Work Product**

12. As noted above, the Texas Open Records Act protects the work product of the state's attorney from disclosure. Other sources for protection of work-product in the criminal context include the Texas common law and article 39.14 of the Texas Code of Criminal Procedure. In Wood v. McCown, 784 S.W.2d 126 (Tex. App. --Austin, 1990, no writ), the court

6

held that the criminal work-product doctrine recognized through the common law continues after the criminal case had concluded, and protects the material from disclosure when it is sought in a subsequent civil case. Id. At 128-29.

   13. Article 39.14 of the Texas Code of Criminal Procedure excepts from discovery "the work product of counsel in the case and their investigators and their notes or report." Tex. Code Crim. P. art. 39.14 (Vernon 1979 & Supp. 1998). The criminal work-product doctrine recognized in article 39.14 of the Texas Code of Criminal Procedure "extends to prosecution files and papers." Brem v. State, 571 S.W.2d 314, 322 (Tex. Crim. App. [Panel Op.] 1978).

> The [work-product] privilege has thus been extended to offense or investigative reports prepared by the police, . . . internal prosecution files or papers, . . . and reports on the analyses of narcotics . . . It has also been extended to statements prepared by law enforcement officers after interviewing prospective witnesses.

Quinones v. State, 592 S.W.2d 933, 940 (Tex. Crim App. 1980) (en banc). The Texas Court of Criminal Appeals has also held that article 39.14 exempts witness statements from discovery as work product. Hoffman v. State, 514 S.W.2d 248, 252 (Tex. Crim. App. 1974).

**Witness Statements**

   14. Article 39.14 of the Texas Code of Criminal Procedure excepts "written statements of witnesses" in the possession of the state from discovery in criminal cases. Tex. Code Crim. P. art. 39.14 (Vernon 1979 & Supp. 1998). Such statements are privileged and not subject to disclosure if the witness does not testify and the statement is not exculpatory. Nelson v. State, 511 S.W.2d 18, 20 (Tex. Crim. App. 1974); see State ex rel. Simmons v. Moore, 774 S.W.2d 711, 714 (Tex. App.--El Paso 1989, no pet.). In the instant case, the underlying criminal

7

cases did not go to trial, and the witnesses did not testify. Nor are the statements exculpatory. Therefore, the statements remain protected from disclosure.

**Rule 501 of the Federal Rules of Evidence**

15. In determining the applicability of the state law privileges asserted herein, it should be borne in mind that the Movant is not a party to this litigation and has been involuntarily drawn into federal court pursuant to a subpoena. Movant should not be denied its state law privileges because of such fortuitous circumstances. To the extent, if at all, that Rule 501 of the Federal Rules of Evidence would require the application of "the principals of the common law as they may be interpreted by the courts of the United States in light of reason and experience," Movant asks the Court to recognize the wisdom of the state law privileges asserted herein and to apply them as federal common law. "When a federal court chooses to absorb state law, it is applying the state law as a matter of federal common law." Fed.R.Evide. 501 advisory committee notes. Movant further asserts that, in any event, federal common law is consistent with state law with respect to the asserted privileges. See, e.g., United States v. Nobles, 422 U.S. 225, 236 95 S.Ct. 2160, 2169, 45 L.Ed.2d 141 (1975) (recognizing work product privileged in federal criminal case); F.T.C. v. Grolier, Inc., 462 U.S. 19, 26, 103 S.Ct. 2209, ___, 76 L.Ed 2d 387, 393-94 (1983) (work product privilege does not terminate upon conclusion of the particular case in which it was generated but continues thereafter); In Re Grand Jury Proceedings, 43 F.3d 966, 971 (5th Cir. 1994) (work product privilege applies in subsequent litigation); Fed.R.Crim.P. 16(B)(2) (establishing work-product protection in pretrial criminal context); U.S. v. Thomas, 766 F.Supp. 372, 375 (W.D.Pa. 1991) (statements in possession of government are not subject to disclosure if the witness does not testify and the statements are not exculpatory); U.S. v. Cherry,

876 F.Supp. 547, 551 (S.D.N.Y. 1995) (reports and investigations of state law enforcement are protected as work product). Compare F.R.C.P. 26 (b) (3) (protecting work-product and witness statements in civil context). Movant further asserts that the documents are protected by the required reports privilege recognized by both Texas and federal law, the prosecutorial and deliberative process privilege recognized at federal common law, the official information privilege recognized at federal common law, and the law enforcement privilege recognized at federal common law.

16. Movant, hereby seeks an order quashing the subpoena duces tecum attached hereto as Exhibit "A." Alternatively, Movant moves for a protective order limiting the documents, if any, to be produced to non-privileged, non-confidential documents. Furthermore, prior to any ordered disclosure, if at all, of any materials sought through the notice and subpoena duces tecum, which Movant asserts are confidential or privileged, Movant requests that the Court examine **in camera** those materials asserted by Movant as being confidential and/or privileged. Movant prays for such additional orders of the Court as are consistent with the assertions of Movant in this motion; that Movant not be required to divulge any information as to matters that are confidential or privileged and that the Court grant Movant such other further relief, general or special to which Movant may be entitled at law or in equity.

9

Respectfully submitted,

YOLANDA DE LEÓN
COUNTY (CRIMINAL DISTRICT) ATTORNEY

Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520
Telephone: 956/544-0849
Fax No.: 956/544-0869

BY: _____
Francisco J. Martinez
Assistant County Attorney
Texas State Bar No. 13141900

ATTORNEY FOR MOVANT


## CERTIFICATE OF CONFERENCE

This is to certify that efforts to resolve this discovery dispute have been attempted by telephone discussion with the attorney for the party seeking to subpoena the documents in question, without resolution.

_____
Francisco J. Martinez

10

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing motion, and proposed order accompanying the same has been served upon Ms. Elizabeth G. Neally attorney for Respondent forwarding same by "fax" transmission, and by mailing a copy of same by United States mail, certified mail, return receipt requested, on the 4TH day of AUGUST, 1999.

Francisco J. Martinez

**Ray Marchan**
**Attorney at Law**
**1926 E. Elizabeth Street**
**Brownsville, Texas 78520**
**Certified Receipt # Z 347 384 813**

**Law Office of Mark A. Cantu**
**Shiree Salinas**
**1300 N. 10th Street**
**McAllen, Texas 78501**
**Certified Receipt # Z 347 384 814**

11

AO 88 (Rev. 11/91) Subpoena in a Civil

# United States District Court

SOUTHERN **DISTRICT OF** TEXAS
BROWNSVILLE DIVISION

JOSE GARCIA, Individually and as
Representative for the Estate of
MANUEL CRUZ, Deceased, et al

v.

BRK BRANDS, INC.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: B-98-186

TO: YOLANDA DELEON, District Attorney

OFFICE OF THE DISTRICT ATTORNEY
974 E. Harrison, Brownsville, Texas 78520

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Any and all documents, pleadings, statements, investigative reports and/or findings, physical evidence, photographs, recordings (whether video, audio or other such tapings) drawings, measurements, schemantics, obtained and/or prepared in connection with Case No. 1-97-018297, and/or In The Matter of The Estate of Manuel Cruz, Deceased, Cause No. 1998-CPC-55-A, In the County Court at Law No. 1, Cameron County, Texas

| PLACE | DATE AND TIME |
|---|---|
| OFFICE OF THE DISTRICT ATTORNEY'S OFFICE<br>974 E. Harrison<br>Brownsville, Texas 78520 | AUGUST 5, 1999 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney For Defendant BRK BRANDS, INC. | JULY 27, 1999 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| ELIZABETH G. NEALLY, ROERIG, OLIVIERA & FISHER, L.L.P. | 855 West Price Road, Suite 9<br>Brownsville, Texas 78520<br>Telephone: (956) 542-5666 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE GARCIA, Individually and as Representative for the Estate of MANUEL CRUZ, Deceased, et al | § § § § | |
| vs. | § | CIVIL ACTION NO. B-98-186 |
| BRK BRANDS, INC. | § § | |

## ORDER

Before the Court is the Objections To, And Motion To Quash, Subpoena Duces Tecum, served August 2, 1999, directed to the Yolanda de León District Attorney for Cameron County. Having considered the Motion and any response thereto, and having reviewed the Court's file, it is ordered that the Motion is an all things GRANTED. The subpoena duces tecum to the District Attorney for Cameron County is hereby quashed.

SIGNED the ___ day of _____, 1999.

_____
JUDGE PRESIDING