```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF TEXAS
                  BROWNSVILLE, TEXAS
```

| | |
|---|---|
| JOSE GARCIA, Individually and as Representative of the ESTATE OF MANUEL CRUZ; IDALIA GARCIA, Individually; and CYNTHIA COX as Next Friend of BRITTANY COX | § § § § § § |
| vs. | § § § |
| BRK BRANDS, INC. | § § |

CIVIL ACTION NO. B-98-186

## DEFENDANT'S MOTION TO COMPEL
## INSPECTION AND TESTING OF EVIDENCE
## AND MOTION TO EXTEND DEADLINE FOR EXPERT REPORTS

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES,** BRK BRANDS, INC., Defendant in the above-styled and numbered cause, and files this its Motion to Compel Inspection and Testing of Evidence, and Motion to Extend Deadline for Expert Reports, and for cause show this Honorable Court as follows:

I.

1. Pursuant to Federal Rules of Civil Procedure Rule 34, Defendant BRK Brands requests that they be allowed to inspect and test the heater that emitted the carbon monoxide smoke that killed Manuel Cruz.

2. Previous to the filing of this Motion to Compel, Defendant had requested from Plaintiffs' counsel as early as November 17, 1999, that it be allowed to test the heater in a mutually agreed location outside the presence of Plaintiffs or their experts. Since that time, Defendant has tried to discuss this with

**DEFENDANT'S MOTION TO COMPEL INSPECTION AND TESTING OF EVIDENCE**
**AND MOTION TO EXTEND DEADLINE FOR EXPERT REPORTS**

PAGE 1

conclusion being reached by the parties. Whereas, Shiree Salinas has been cooperative and is in agreement to the testing; Mr. Marchan has not agreed to a protocol and date for the testing. Attached as Exhibit "A" is correspondence reflecting our attempts to discuss this matter with opposing counsel.

3. Defendant would specifically like to test the heater at the laboratory of Andrew Armstrong in Dallas, Texas on December 14-15, 1999.

4. Defendant further requests that the subject smoke detector be present at that time for further inspection.

## II.

5. Attached for filing with this court as Exhibit "B" is a Rule 11 Agreement signed by both Ray Marchan and Shiree Salinas. The Rule 11 Agreement specifically states that BRK's deadline to designate all experts and expert reports is extended until December 15, 1999, with an additional 15 days for BRK to provide any additional expert reports, until December 30, 1999. The former deadline set by the Court was December 1, 1999.

6. In order for Defendant to make either the December 15 or December 30, 1999 deadline for disclosing its experts and reports, Defendant requires that the testing of the heater be done in early December. Otherwise, Defendant's experts' reports will be inconclusive as to certain information that, can only be obtained by turning the heater on, and operating it under controlled circumstances to measure certain elements concerning the production of carbon monoxide and malfunction by the heater.

7. Pursuant to this, we sent the attached letter, Exhibit "C," to Plaintiffs' counsel which was never agreed to by the parties. In the letter, we mention the fact that this issue had already been addressed to the court at the May 13, 1999 hearing when Plaintiff Brittany Cox's counsel requested that they be allowed to test the heater outside of Defendant's presence.

    **MS. NEALLY**: Certainly during the initial testing of the heater, do you think that we could have it where all three of us would be - - have representatives present?

    **THE COURT**: No.

    **MS. NEALLY**: I mean that's crucial (laughter).

See p.19, l.13-18.

    **MS NEALLY**: Okay. So the order should reflect that no destructive testing will take place - -

    **THE COURT**: Right.

    **MS. NEALLY**: and that we will have a mutual location?

    **THE COURT**: have a mutual custody - - a joint custody arrangement.

    **MS. NEALLY**: Okay.

    **MR. MARCHAN**: But Plaintiff's expert can look at it - -

    **THE COURT**: Well, sure.

    **MR. MARCHAN**: and test it and apprise the counsel that has hired him. Well, this is what it looks like. I would hope he would apprise them.

p.20,l.13-25

A copy of the transcript sections are also attached for the court's review as Exhibit "D."

8. The exact question of allowing testing of the heater outside of the presence of the opposing party was foreseen by the Court and already addressed. It was Defendant's understanding that the Court authorized testing of the heater; i.e., turning it on, out side of the presence of opposing counsel. Defendant request that an expedited hearing be scheduled to determine this issue, and further, Defendant's experts' reports deadline concerning the heater be extended until after the heater is tested.

**WHEREFORE, PREMISES CONSIDERED, DEFENDANT,** Defendant respectfully prays that this motion be set for hearing and that upon final hearing of, the Court grant the Defendant's motion compelling inspection and testing of evidence, and for such other relief, at law or in equity, to which Defendant may show itself justly entitled to receive

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Telecopier: (956) 542-0016

Counsel for Defendant BRK Brands, Inc

BY: _____
Elizabeth G. Neally
State Bar No. 14840400
Federal Bar No. 8044

Rene O. Oliveira
State Bar No. 15254700
Federal Bar No. 4033

```
                          OF COUNSEL:
                          Terry Henry
                          COZEN & O'CONNER
                          The Atrium
                          1900 Market Street
                          Philadelphia, PA 19103
                          Telephone: (215) 665-2000
                          Facsimile: (215) 523-2900
```

## CERTIFICATE OF CONFERENCE

I, Elizabeth G. Neally, hereby certify that I last telephoned Ray Marchan on December 1, 1999, and have forwarded the attached correspondence regarding the subject of this motion. Mr. Marchan would not agree or disagree with the same.

Further, Shiree Salinas has been forwarded the same correspondence. Ms. Salinas is unopposed as to our inspection and testing of the evidence.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the above and foregoing *Defendant's Motion to Compel Inspection and Testing of Evidence and Motion to Extend Deadline for Experts' Reports* has been forwarded to the attorney for Plaintiffs, as follows:

| | |
|---|---|
| Shiree Salinas | Mr. Ray Marchan |
| **LAW OFFICES OF MARK CANTU** | **HARRIS & WATTS** |
| The Atrium, Suite 400 | 1926 E. Elizabeth |
| 1300 North Tenth Street | Brownsville, TX 78520 |
| McAllen, TX 78501 | |

on this 7 day of December, 1999.

_____
ELIZABETH G. NEALLY

ClibPDF - www.fastio.com