United States District Court
Southern District of Texas
FILED

FEB 11 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

| | | |
|---|---|---|
| JOSE GARCIA, Individually and | § | |
| as Representative of the | § | |
| ESTATE OF MANUEL CRUZ; | § | |
| IDALIA GARCIA, Individually; and | § | CIVIL ACTION NO. B-98-186 |
| CYNTHIA GARCIA | § | |
| | § | |
| vs. | § | |
| | § | |
| BRK BRANDS, INC. | § | |
| | § | |

## DEFENDANT'S MOTION TO COMPEL
## CONFIDENTIALITY AGREEMENT AND STIPULATION
## AND MOTION FOR PROTECTIVE ORDER

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **NOW COMES,** DEFENDANT, BRK BRANDS, INC., and files this its
Motion to Compel a Confidentiality Agreement and Stipulation,
pursuant to F.R.C.P. 26(e)(7), and in support of such motion would
respectfully show the following:

I.

   1.   Defendant requests the parties enter into a
Confidentiality Agreement and Stipulation to allow the parties to
produce confidential information that is within the scope of
discoverable material as defined by Federal Rule of Civil Procedure
26.   This motion is filed in good faith by Defendant to protect
Defendant from responding to discovery that would disclose trade
secrets and other confidential research development or other
confidential information.

   2.   Plaintiffs, Jose and Manuela Garcia, have served written

DEFENDANT'S MOTION TO COMPEL CONFIDENTIALITY AGREEMENT AND STIPULATION                    **PAGE 1**
21410 - Mtn Compel (Confdntl Agrmnt)

CibPDF - www.fineio.com

discovery on Defendant.  A copy is attached hereto as Exhibit "A."

3.  Defendant responded to Plaintiffs' discovery requests but its response was limited because much of the information requested contains proprietary trade secrets and confidential business material that Defendant's competitors or others could use to damage, injure, or otherwise prejudice Defendant outside of this litigation.

4.  Defendant has specific knowledge that counsel for plaintiffs have shared this Defendant's discovery responses in previous cases to the prejudice and detriment of Defendant's business.

5.  Defendant has forwarded the proposed Confidentiality Agreement and Stipulation, consulted with and forwarded correspondence to Plaintiffs regarding entering into a Confidentiality Agreement and Stipulation.  See Exhibit "B"  See also correspondence to counsel of record attached as Exhibit "C."

6.  As of the date of filing this motion, Defendant has been unsuccessful in moving Plaintiffs to execute the Confidential Agreement and Stipulation.

7.  Defendant requests that a Confidentiality Agreement and Stipulation be entered into before supplementing its responses to Plaintiffs' discovery requests.

II.

8.  Pursuant to Federal Rules of Civil Procedures 26(c)(7), protective orders may be sought and entered upon motion by a party from whom discovery is sought to protect a party from discovery of "a trade secret or other Confidential research, development, or

commercial information not be revealed or revealed only in a designated way."

10.    In the alternative, to the parties agreeing to the attached confidentiality agreement, Defendant specifically requests the Court to rule that Defendant is not required to answer those interrogatories or requests for production that would require Defendant to disclose its trade secrets, confidential research, development, or commercial information. See Pansy v. Boroughh v. Stroudsburg, 23 F.3d at 787 (3rd Cir.1994), Julius M. Ames Co. V. Bostitch, Inc., 235 F. Supp. 856, 857 (S.D., N.Y. 1964); Burka v. U.S. Dept of H & H.S., 87 F.3d 508, 517 (D.C. Cir. 1996).

Defendant specifically requests that it be protected from disclosing confidential information to the following questions:

**REQUEST FOR PRODUCTION NO. 1:**
Copies in the possession of Defendant or its representatives of any assumed name certificates or registrations filed by or on behalf of Defendant in any place within the States of Texas and Delaware for the past five years.

**REQUEST FOR PRODUCTION NO. 2:**
Copies in the possession of Defendant or its representatives of any articles of incorporation for any corporation which Defendant helped form with any person, owned stock in, or was a corporate officer for any corporation that was incorporated, dissolved, ceased doing business or was doing business at any time during the previous five (5) years, inclusive of the date of the accident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 8:**
Any and all documents reflecting past complaints, claims and/or suits filed against you or your business within the last ten (10), if any specifically arising out of or resulting from allegations involving a smoke detector.

**REQUEST FOR PRODUCTION NO. 10:**
All documents to which you referred in answering any Interrogatories propounded to you by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 21**:
Any document indicating any modification or change made to the design, manufacture, or marketing of the smoke detector in question by Defendant, BRK BRANDS, INC., prior to and subsequent to the incident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 22**:
All manuals, guidelines, and written memoranda pertaining to or accompanying the Defendant's product when placed into the stream of commerce.

**REQUEST FOR PRODUCTION NO. 27**:
Any and all instructions for assembly, construction, or use pertaining to the product in question and received by the Defendant, if manufactured or assembled by some entity other than the Defendant.

**REQUEST FOR PRODUCTION NO. 28**:
Any and all documents or writings prepared for accompaniment with the product in question containing warnings of any dangers to which the ultimate user of the product may be exposed or containing any instructions for use.

**REQUEST FOR PRODUCTION NO. 29**:
Any copy of all written instructions and sales literature which accompanied the product at the time of its sale and/or distribution.

**REQUEST FOR PRODUCTION NO. 30**:
Any document, pamphlet, brochure, or operating manual reflecting the features of the product in question.

**REQUEST FOR PRODUCTION NO. 31**:
A copy of all warning labels, placards, or other things which accompanied the product at the time of its sale and/or distribution.

**REQUEST FOR PRODUCTION NO. 32**:
Any and all work papers, notes, and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon, in whole or in part, by a testifying expert.

**REQUEST FOR PRODUCTION NO. 33**:
Any treatise or authoritative literature upon which any expert intends to rely in his testimony in the case.

**REQUEST FOR PRODUCTION NO. 34**:
Please produce any and all documents that relate to the smoke detector in question at the time of the incident made the basis of this lawsuit, including, but not limited to, purchase documents, recall notices, operating manuals, operating instructions, maintenance instructions, warnings, distribution manuals, and catalogs.

**REQUEST FOR PRODUCTION NO. 35**:
Please produce your annual and quarterly financial reports for the period 1988-forward.

**REQUEST FOR PRODUCTION NO. 36**:
Please produce your United States tax returns for the period 1988-forward.

**WHEREFORE, PREMISES CONSIDERED, DEFENDANT,** BRK BRANDS, INC., respectfully prays that this motion be set for hearing, and that upon final hearing of its Motion To Compel, order the parties to enter into a Confidential Agreement and Stipulation, and for such other relief, at law or in equity, to which Defendant may show itself justly entitled to receive.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Telecopier: (956) 542-0016

Counsel for Defendant

BY:
Elizabeth G. Neally
State Bar No. 14840400
Federal Bar No. 8044

## CERTIFICATE OF CONFERENCE

Attached are three letters I, Elizabeth G. Neally, sent to Shiree Salinas and Ray Marchan, counsel for Plaintiffs, since August 1999, regarding entering into the Confidentiality Agreement and Stipulation. Counsel for Defendant has made a good faith effort to resolve the dispute made the basis of this Motion pursuant to Rule 26(c) of the Federal Rules of Civil Procedure but Plaintiff's counsel has not returned my telephone calls on this matter on responded to my correspondence.

Elizabeth G. Neally

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the above and foregoing *Defendant's Motion to Compel Confidentiality Agreement and Stipulation and Motion for Protective Order* has been forwarded to the attorney for Plaintiffs, as follows:

Shiree Salinas
The Atrium, Suite 400
1300 North Tenth Street
McAllen, TX 78501

Mr. Ray Marchan
Mr. Brian Harris
Mr. Mikaal Watts
**HARRIS & WATTS**
1926 E. Elizabeth
Brownsville, TX   78520

on this 11th day of February, 2000.

ELIZABETH G. NEALLY

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

**Partners**

Jeffrey D. Roerig**
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz**
David G. Oliveira
Adolph Guerra, Jr.
D. Alan Erwin, Jr.
Michael A. Zanca*
D Wilkes Alexander

*Board Certified -
 Personal Injury Trial Law
 Texas Board of Legal Specialization

*Board Certified -
 Civil Trial Law
 Texas Board of Legal Specialization

Main Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel  956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

**Associates**

Lucila Alvarado*
Jesus Quezada, Jr.
Rosemary Conrad-Sandoval*
Liza M. Vasquez*
John J. Jordan

21,410
File No.:

October 6, 1999

Ms. Shiree Salinas
LAW OFFICES OF MARK CANTU
1300 North Tenth Street, Suite 400
McAllen, Texas 78501

Via CM/RRR # ~~XXXXXXXXXXXXXX~~
P 954 067 252

Mr. Ray Marchan
Mr. Brian Harris
Mr. Mikal Watts
**HARRIS & WATTS, P.C**
1926 E. Elizabeth
Brownsville, TX   78520

Via CM/RRR # ~~XXXXXXXXXXXXX~~
P 954 067 253

Re:  _Garcia, et al vs. BRK Brands, Inc._

Dear Shiree and Gentlemen:

We are in receipt of your September 28, 1999 correspondence addressing discovery issues, and wish to respond at this time. We understand that plaintiffs' contend that certain of their discovery requests are outstanding in that BRK has not yet produced any responsive documents. We believe that, not only are our objections timely and well grounded, but we believe our motion to dismiss is meritorious and that we have no obligation to produce any documents until the Court resolves our motion.

In the interim, we have offered to resolve this issue in a number of ways. We have repeatedly requested that plaintiffs execute a Confidentiality Agreement and Stipulation. Once plaintiffs have executed an Agreement and Stipulation, we agree to produce relevant, non-privileged documents responsive to plaintiffs' discovery requests. Such an Agreement and Stipulation is necessary to protect the proprietary, trade secrets and business interests of our client. Although some of these documents may have been produced in other litigation by other counsel for BRK prior to our involvement, BRK has certainly not waived its right to assert these privileges in this matter.

...oerig, Oliveira & Fisher, L.L.P.

Ms. Shiree Salinas
Mr. Ray Marchan
October 6, 1999
Page 2

Also, as you probably know by now, as one of the provisions of
the General Release and Settlement Agreement in the Ayala matter,
plaintiffs are required to immediately return all documents
produced by BRK in that matter. As you have already asserted,
these documents encompass all of the material that plaintiffs
require in the instant matter. We propose that plaintiffs
immediately return all documents produced in the Ayala matter. We
will review them and produce only those documents that are
relevant to this matter and discoverable (not privileged). We
assure you that, upon receipt of the documents in Cozen &
O'Conner's Philadelphia offices, we will return the relevant,
discoverable documents in ten days, subject to the Confidentiality
Agreement and Stipulation.

We are sure that you will agree that it is illogical for BRK
to produce a second copy of material already in plaintiffs'
possession. Moreover, we do not believe that plaintiffs are asking
us to prejudice the proprietary or business interests of our
client. As we discussed above, we are prepared to disclose and
produce relevant, non-privileged material subject to the
Confidentiality Agreement and Stipulation that protects BRK's
interests.

Until the issue is resolved concerning the confidential
discovery, we stand on our objections. However, we are providing
the responses to request for production of documents that are not
privileged in order to facilitate discovery in this matter.

Should you have any questions, please do not hesitate to
contact the undersigned.

Sincerely,

ROERIG, OLIVEIRA & FISHER, LLP

Elizabeth G. Neally

EGN:cjb
cc: Terry Henry
    Rene O. Oliveira

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

| | | |
|---|---|---|
| **Partners** | Main Office | **Associates** |
| Jeffrey D. Roerig** | 855 West Price Road - Suite 9 | Lucila Alvarado* |
| Rene O. Oliveira | Brownsville, Texas 78520-8786 | Jesus Quezada, Jr. |
| W. Michael Fisher | Tel. 956 542-5666    Fax 956 542-0016 | Rosemary Conrad-Sandoval* |
| Ricardo Morado | | Liza M. Vasquez* |
| Crisanta Guerra Lozano | *Hidalgo County Office | John J. Jordan |
| Elizabeth G. Neally | 506 East Dove | |
| Victor V. Vicinaiz** | McAllen, Texas 78504 | |
| David G. Oliveira | Tel. 956 631-8049    Fax 956 631-8141 | |
| Adolph Guerra, Jr. | | |
| D. Alan Erwin, Jr | | 21,410 |
| Michael A. Zanca* | | File No.: |
| D. Wilkes Alexander | | |

*Board Certified -
   Personal Injury Trial Law
   Texas Board of Legal Specialization

*Board Certified -
   Civil Trial Law
   Texas Board of Legal Specialization

August 20, 1999

Ms. Shiree Salinas                                          Via Facsimile
**LAW OFFICES OF MARK CANTU**
The Atrium, Suite 400
1300 North Tenth Street
McAllen, Texas 78501

Mr. Ray Marchan                                            Via Facsimile
1926 E. Elizabeth
Brownsville, TX   78520

        Re:  *Garcia, et al vs. BRK Brands, Inc.*
             U.S. District Court, Southern Dist of TX, at Brownsville
             Civil Action No. B-98-186

Dear Shiree and Ray:

        I previously sent you a Confidentiality Agreement and
Stipulation.   This  Confidentiality  Agreement  and  Stipulation
supercedes the one that I previously sent to you.  We need this
document signed and returned to us as soon as possible.  I
understand, our discovery responses are almost finished but we are
not going to release them until you sign the attached agreement.

        This is an agreement that has been enforced by the courts in
numerous other cases.  I suggest that we get the agreement executed
as soon as possible so that we can proceed with discovery.

        Should you have any questions, please do not hesitate to
contact the undersigned.  Thank you for your considerations.

                        Sincerely,

                        **ROERIG, OLIVEIRA & FISHER, L.L.P.**

                        Elizabeth G. Neally

EGN:cjb
cc:  Terry Henry

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

**Partners**
Jeffrey D. Roerig**
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz**
David G. Oliveira
Adolph Guerra, Jr
D. Alan Erwin, Jr.
Michael A. Zanca*
D. Wilkes Alexander

*Board Certified -
   Personal Injury Trial Law
   Texas Board of Legal Specialization

*Board Certified -
   Civil Trial Law
   Texas Board of Legal Specialization

Main Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666     Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049     Fax 956 631-8141

**Associates**
Lucila Alvarado*
Jesus Quezada, Jr.
Rosemary Conrad-Sandoval*
Liza M. Vasquez*
John J. Jordan

# FACSIMILE

File No.:
21,410-

August 20, 1999

IMPORTANT: This message is intended only for the use of the individual which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivery this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive the communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the United States Postal Service. Thank you.

## Please deliver the following pages to:

**SHIREE SALINAS**
687-8868

**RAY MARCHAN**
541-0255

cc:   Terry Henry
      (215) 665-2013

From:      Elizabeth G. Neally

Subject:   *Garcia v. BRK Brands, Inc.*

Total Number of Pages (Including this one):   14

Time Sent: 11:17 a m                          Sent By: Cindy

**FAXED DOCUMENTS:** Correspondence of August 20, 1999 and enclosure: CONFIDENTIALITY AGREEMENT AND STIPULATION

Case 1:98-cv-00186   Document 77   Filed in TXSD on 02/11/2000   Page 11 of 38

```
*    * T C R ( AUG.20.1999  1:33PM  * * *
```

TTI  ROERIG OLIVEIRA FISH

(MANUAL PRINT)

| < T X ><br>DATE | TIME | ADDRESS | MODE | TIME | PAGE | RESULT | PERS. NAME | FILE |
|---|---|---|---|---|---|---|---|---|
| AUG.19. | 8:51AM | 956 632 6869 | TESM | 1'08" | P. 3 | OK | | 018 |
| | 10:06AM | 19565486010 | TES | 1'04" | P. 2 | OK | | 019 |
| | 10:32AM | 2104280594 | TESM | 2'14" | P. 1 | E | | 020 |
| | 10:39AM | 2104280594 | TESM | 0'52" | P. 1 | OK | | 020 |
| | 11:13AM | RO&F MCALLEN | TESM | 12'14" | P.46 | OK | | 021 |
| | 11:25AM | RO&F MCALLEN | TESM | 4'17" | P.13 | OK | | 022 |
| | 11:36AM | 9565462181 | TES | 2'06" | P. 5 | OK | | 023 |
| | 11:38AM | 9565818020 | TS | 2'59" | P. 3 | E | | 024 |
| | 11:42AM | 210 546 9997 | TES | 1'53" | P. 4 | OK | | 025 |
| | 11:45AM | 9565818020 | TS | 3'26" | P. 4 | OK | | 026 |
| | 12:02PM | 956 5427843 | TESM | 3'22" | P.10 | OK | | 027 |
| | 12:07PM | 956 5486038 | TESM | 1'06" | P. 3 | OK | | 028 |
| | 1:04PM | 9288769 | TES | 1'20" | P. 4 | OK | | 029 |
| | 2:15PM | 2105424475 | TESM | 1'20" | P. 3 | OK | | 030 |
| | 2:28PM | 210 428 7133 | TESM | 4'18" | P.16 | OK | | 031 |
| | 2:40PM | 713 877 3865 | TESM | 1'12" | P. 3 | OK | | 032 |
| | 4:07PM | 1105416872 | TESM | 1'11" | P. 3 | OK | | 037 |
| | 4:09PM | 1 210 580 9997 | TSM | 9'23" | P.18 | OK | | 034 |
| | 4:19PM | 956 5428723 | TESM | 0'40" | P. 2 | OK | | 035 |
| | 4:20PM | 404 853 2636 | TESM | 0'49" | P. 2 | OK | | 036 |
| | 4:22PM | 956 546 0251 | TESM | 0'58" | P. 3 | OK | | 038 |
| | 4:43PM | 713 655 9485 | TESM | 16'51" | P.50 | OK | | 040 |
| | 5:00PM | 2102991616 | TESM | 17'16" | P.27 | OK | | 041 |
| | 5:18PM | 2102991616 | TES | 2'35" | P. 6 | OK | | 044 |
| AUG.20. | 8:31AM | 210 425 7610 | TES | 2'27" | P. 6 | OK | | 045 |
| | 8:34AM | 9288769 | TES | 1'18" | P. 4 | OK | | 046 |
| | 9:06AM | 1 956 761 5610 | TESM | 16'15" | P.50 | OK | | 047 |
| | 9:38AM | 2629270 | TESM | 1'39" | P. 3 | OK | | 048 |
| | 10:19AM | 12149540555 | TESM | 0'50" | P. 2 | OK | | 049 |
| | 11:04AM | ROÎÔAFAX CÔEÚÚAÎ 1 | TESM | 3'15" | P. 8 | OK | | 050 |
| | 11:08AM | 14076609183 | TESM | 3'14" | P. 8 | OK | | 051 |
| | 11:15AM | 2106878868 | TESM | 3'56" | P.13 | OK | Shirre | 053 |
| | 11:20AM | 1 210 5410255 | TESM | 3'58" | P.13 | OK | marchan | 053 |
| | 11:25AM | 215 665 2013 | TESM | 3'59" | P.13 | OK | Jerry Henry | 053 |
| | 1:23PM | 512 994 0918 | TESM | 1'18" | P. 4 | OK | | 054 |

| < R X ><br>DATE | TIME | ADDRESS | MODE | TIME | PAGE | RESULT | PERS. NAME | FILE |
|---|---|---|---|---|---|---|---|---|

TX    093882                     RX    000632

```
# : BATCH          C : CONFIDENTIAL     $ : TRANSFER      P : POLLING
M : MEMORY         L : SE    LATER      @ : FORWARDING    E : ECM
S : STANDARD       D : DE   IL          F : FINE          > : REDUCTION
```

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| JOSE GARCIA, Individually and | : | |
| as Representative of the Estate | : | |
| of MANUEL CRUZ, IDALIA GARCIA, | : | |
| Individually; and CYNTHIA GARCIA, | : | CIVIL ACTION NO. B-98-186 |
| | : | |
| vs. | : | |
| | : | |
| BRK BRANDS, INC., | : | |

## CONFIDENTIALITY AGREEMENT AND STIPULATION

The parties to this action, by and through their respective counsel, may agree to produce Confidential Information that is within the scope of discoverable material as defined by Federal Rule of Civil Procedure 26, subject to the terms and provisions of this Confidentiality Agreement and Stipulation.

1.   All or any part of a document or photograph disclosed, produced or filed by a party or person in this litigation may be designated as Confidential Information by the disclosing party or person by marking the word "CONFIDENTIAL" on the face of the original of the document or photograph and each page or photograph so designated, or on the face of the photocopy of the document or photograph and on the photocopies of each page or photograph so designated.

2.   All or any part of a tangible item or video disclosed, produced, or filed by any party in this litigation

CVisPDF - www.foxisi.com

may be designated as Confidential Information by the disclosing party by marking the word "CONFIDENTIAL" on the face of the tangible item or video, if practicable, or by serving at the time of disclosure, production, or filing written notice that such tangible item or video had been designated as Confidential Information.

3.   The parties may designate the testimony of any person in this litigation or any portion thereof, or exhibits or any portion thereof, as Confidential Information by advising the reporter and all parties present of the designation at the time the testimony is given, or by serving upon all parties written notice of the designation within thirty (30) days after the transcript of the testimony is delivered to the designating party.   If testimony or any part thereof or any exhibit thereto is designated as containing Confidential Information, the transcript and exhibits, if filed with the Court, shall be filed in accordance with paragraph 8 below.

4.   All or any portion of written responses or documents produced in response to discovery pursuant the Federal Rules of Civil Procedure that contain confidential information may be designated as Confidential Information by the responding party by marking the word "CONFIDENTIAL" on the face of the response or document and each page so designated.

5. All or any portion of pleadings, motions, briefs, memoranda of law or affidavits that contain confidential information may be designated as Confidential Information by the party or parties filing the pleading, motion, brief, memorandum or affidavit by marking the word "CONFIDENTIAL" on each page of the filed material containing Confidential Information.

6. In designating information as "CONFIDENTIAL", the party will make the designation only as to that information that it in good faith believes is Confidential Information and subject to protection under The Federal Rules of Civil Procedure in the manner described above or by written agreement of the parties.

7. All material designated by a party as Confidential Information that is produced or exchanged in the course of this litigation, Garcia v. BRK Brands, Inc., U.S.D.C., Southern District of Texas, Civil Action Number B-98-186, shall be used solely for the purpose of this litigation and in accordance with the provisions of this Confidentiality Agreement and Stipulation, and such Confidential Information shall not be used in any other legal proceeding, including, but not limited to the case Ayala v. BRK Brands, Inc., District Court of Cameron County, Texas, Case No. 95-08-4023-A, or for any purpose other than this litigation.

8.    Discovery responses, pleadings, motions, briefs, memoranda of law or affidavits containing Confidential Information, if filed, shall be filed by the parties as follows:

(a)  One version of the brief or affidavit that contains Confidential Information shall be filed with the Court under seal in an envelope marked "CONFIDENTIAL" and bearing the caption of the case and title of the brief or affidavit. One copy, marked "Judge's Copy" shall be concurrently and similarly furnished under seal to the Court's chambers.

(b)  A public version of the filed material, from which the Confidential Information have been removed, shall be filed with the Court.  A notation shall be made on the cover sheet, if any, and the first page of the filed material that certain pages containing Confidential Information are filed under seal, subject to this Protective Order, and have been deleted from the public version of the document.

9.    Nothing in this Confidentiality Agreement and Stipulation shall preclude any party or its representative(s) from discussing with any other person the progress, theories, or legal strategy in this litigation, as long as the contents of the Confidential Information are not disclosed, described or characterized.

10.  Other than Court personnel (including certified shorthand reporters), commercial photocopying firms, access to Confidential Information shall be limited to:

(a)  A named party and his or her or its directors, officers, employees, and/or agents, but only in connection with the prosecution, defense, or supervision of this litigation, as applicable;

(b)  Counsel of record for the parties in this litigation and partners, associates and employees of said counsel who are working directly on this litigation and to whom it is necessary that the material be disclosed for purposes of this litigation;

(c)  Other counsel for the parties in this litigation and their employees who are working directly on this litigation and to whom it is necessary that the material be disclosed for purposes of this litigation;

(d)  Experts and consultants employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist a party in matters relating solely to this litigation or this Court, provided that such access to Confidential Information shall be limited to documents or materials that the experts or consultants reasonably need to review in their roles as experts or consultants for this litigation only; and

(e)  Any other person designated by order of this Court, after notice to all parties.

11.  Confidential Information shall not be disclosed to any person identified in paragraph 10 (c) and (d) above unless they are informed of the terms of this Confidentiality Agreement and Stipulation, as well as the obligation to comply with those terms and have signed a copy of the Certification of Consent to Confidentiality attached hereto as Exhibit "A".  The party disclosing Confidential Information shall be responsible for assuring compliance with this provision.  Counsel shall be responsible for maintaining copies of all certifications signed by persons receiving Confidential Information.  All certifications signed pursuant to this paragraph shall be available for inspection upon the request of any party to determine if this Agreement and Stipulation has been violated. At the conclusion of this litigation, as set forth in paragraph 20, all certifications signed pursuant to this paragraph shall be produced to the party designating said materials confidential.

12.  Any person, including those persons described in paragraph 10(b) above, found by the Court to have violated the terms of this Agreement and Stipulation shall be subject to sanctions imposed at the discretion of the Court, up to and including the sanction of being barred from testifying at the

CitiPDF - www.texila.com

trial of this matter for those persons found to have knowingly, willfully, or intentionally violated this Confidentiality Agreement and Stipulation.  In the event the Court finds any person described in paragraph 10(b) above has knowingly, willfully or intentionally violated this Agreement and Stipulation, the court will impose upon the person found to have violated this Agreement and Stipulation equal to three times the fee and costs incurred by the party designating the materials confidential to investigate and bring a motion and may, in its discretion, remove the violating counsel from the case.

13.  When Confidential Information is disclosed during a deposition in this litigation, the party disclosing the Confidential Information shall proceed in the manner set forth in paragraph 3 above.  Any portion(s) of a deposition that contains Confidential Information, in testimony or exhibits, if filed, shall be filed with the Court under seal in the manner set forth in paragraph 8 above and bearing substantially the following designation:

> This portion of the deposition of {<u>witness</u>), taken on {<u>date</u>}, is subject to the confidentiality provisions of the Confidentiality Agreement and Stipulation entered into by the parties to this case.  This portion of the deposition shall remain sealed until further Order of the Court.

CVsPDF - www.fxxxio.com

14. Production of materials for the purposes of inspection shall not constitute a waiver of confidentiality. If materials produced for purposes of inspection have not been marked as Confidential Information prior to inspection, the producing party shall advise the inspecting party that such documents and/or things are designated as Confidential Information and any inspection of such materials shall only be by those persons described in paragraph 10 above.

15. Nothing in this Order shall be construed in any way as a finding that the Confidential Information does or does not constitute or contain proprietary information or trade secrets. Any party may object, in writing, to the designation by another party of any information or material as Confidential Information. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to this litigation disagrees at any point in these proceedings with a designation of any information as Confidential Information, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the parties cannot resolve the dispute, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden or proving same by a showing of good cause. If the parties cannot

CtbPDF - www.foxito.com

resolve the dispute in good faith and the objecting party files a motion seeking relief with the Court, the material that is the subject of the motion shall be treated as Confidential Information unless and until this Court enters an order to the contrary.

16.  In the event that any party hereto intends to use any Confidential Information at any public trial or hearing in this action or any appeal therefrom, the party proposing to use the Confidential Information shall give notice in accordance with Federal Rule of Civil Procedure 26(a)(3) to the party that designated the material as Confidential Information to permit that party an opportunity to seek appropriate protection from the Court.

17. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and in the course thereof, referring to or relying upon his examination of Confidential Information.

18.  Nothing shall prevent disclosure beyond the terms of this Confidentiality Agreement and Stipulation if the party designating the information as Confidential Information consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

19. The inadvertent or unintentional disclosure of the Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon discovery of inadvertent or unintentional disclosure by the producing party, counsel for the parties shall cooperate to restore the confidentiality of the inadvertently produced information.

20. Within thirty days after the conclusion of this litigation by judgment and the expiration of any and all appeals therefrom, or by settlement, or within such other time as the parties may agree, any originals or reproductions of any Confidential Information, or portions thereof, produced by a party and not made a part of the Court's record herein, shall either be returned to that party or destroyed by all other parties in receipt of the Confidential Information and a certification in writing sent to the producing party stating that such documents have been destroyed.

21. The provisions of this Confidentiality Agreement and Stipulation are binding upon all members, partners, associates, owners and employees of the law firms for which the below individuals execute this Agreement and Stipulation and the

- 10 -

CIbPDF - www.fastio.com

agreements embodied herein shall survive the termination of this action and continue in full force and effect.

LAW OFFICES OF MARK CANTU

BY: _____
       SHIREE SALINAS, ESQ.
       The Atrium, Suite 400
       1300 North 10th Street
       McAllen, TX   78501

EDDINGTON & ASSOCIATES, LLP

BY: _____
       RAY R. MARCHAN, ESQ.
       1926 East Elizabeth Street
       Brownsville, TX   78520

COZEN AND O'CONNOR

BY: _____
       James H. Heller, Esq.
       Terry M. Henry, Esq.
       1900 Market Street
       Philadelphia, PA   19103

ROERIG, OLIVEIRA & FISHER

BY: _____
       Elizabeth G. Neally
       State Bar No. 14840400
       Cameron County I.D. No. 3506
       855 West Price Road, Suite 9
       Brownsville, TX   78520

CMPDF - www.fenix.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

JOSE GARCIA                            :   CIVIL ACTION NO. B-98-186

                        vs.            :

                                       :

BRK BRANDS, INC.,                      :

## CERTIFICATION OF CONSENT TO CONFIDENTIALITY

The undersigned hereby certifies that:

(a)  he/she has read the Confidentiality Agreement and Stipulation in this action;

(b)  he/she understands all of the terms of the attached Confidentiality Agreement and Stipulation;

(c)  he/she agrees to be bound by the attached confidentiality provisions of the Confidentiality Agreement and Stipulation and voluntarily submits to the personal jurisdiction of the United States Court for the Southern District of Texas, for purposes of the enforcement of the attached Order; and

(d)  he/she will not use any Confidential Information anywhere or for any purpose other than the prosecution or defense of this case.

_____

SWORN TO AND SUBSCRIBED
BEFORE ME THIS _____ DAY
OF _____, 1999.


_____
NOTARY PUBLIC
PHILA1\1076826\1 077262.000

- 12 -

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

Partners
Jeffrey D. Roerig*+
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz*+
David G. Oliveira
Adolph Guerra, Jr.
D. Alan Erwin, Jr.
Michael A. Zanca*
D. Wilkes Alexander

*Board Certified -
Personal Injury Trial Law
Texas Board of Legal Specialization

+Board Certified -
Civil Trial Law
Texas Board of Legal Specialization

Main Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

Associates
Lucila Alvarado*
Jesus Quezada, Jr.
Rosemary Conrad-Sandoval*
Liza M. Vasquez*
John J. Jordan

21,410
File No.:

August 2, 1999

Ms. Shiree Salinas                                      Via Facsimile
**LAW OFFICES OF MARK CANTU**
1300 North Tenth Street, Suite 400
McAllen, Texas 78501

Mr. Ray Marchan                                        Via Facsimile
**EDDINGTON & ASSOCIATES, L.L.P.**
1926 E. Elizabeth
Brownsville, TX   78520

Re:  *Garcia, et al vs. BRK Brands, Inc.*

Dear Shiree and Ray:

We are in the process of preparing answers to the discovery propounded by Ms. Salinas on behalf of your clients.  Attached is a confidentiality agreement and stipulation that BRK Brands Inc requires before it will produce any documents in connection with this matter.  We can have a court hearing, if necessary.  However, in order to expedite our responding to your discovery, both of you need to sign the attached agreement where indicated and return to me by fax as soon as possible.

If you are not going to agree to this confidentiality agreement, please let me know as soon as possible so that we may get a hearing on this matter.

Should you have any questions, please do not hesitate to contact the undersigned.

Sincerely,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**

Elizabeth G. Neally

EGN:cjb
Enclosure
cc:  Terry Henry

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

**Partners**
Jeffrey D. Roerig**
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz**
David G. Oliveira
Adolph Guerra, Jr
D Alan Erwin, Jr
Michael A. Zanca*
D Wilkes Alexander

*Board Certified -
   Personal Injury Trial Law
   Texas Board of Legal Specialization
•Board Certified -
   Civil Trial Law
   Texas Board of Legal Specialization

Main Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

**Associates**
Lucila Alvarado*
Jesus Quezada, Jr.
Rosemary Conrad-Sandoval*
Liza M. Vasquez*
John J. Jordan

File No. 21,410-

# FACSIMILE

August 3, 1999

**IMPORTANT:** This message is intended only for the use of the individual which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivery this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you receive the communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the United States Postal Service.  Thank you.

## Please deliver the following pages to:    SHIREE SALINAS
687-8868

### RAY MARCHAN
541-0255

From:        Elizabeth G. Neally

Subject:     *Garcia v. BRK Brands, Inc.*

Total Number of Pages (Including this one):   14

Time Sent: 11:13                                          Sent By: Cindy

Faxed Documents:  Correspondence dated August 2, 1999, together with Confidentiality Agreement and Stipulation.

```
                                                                        P. 1
     * * * COMMU   ATION FAILURE REPORT ( AUG. 3.19   11:42AM ) * * *
                                                      TTI  ROERIG OLIVEIRA FISH

FILE MODE        OPTION            ADDRESS (GROUP)          RESULT      PAGE
-----------------------------------------------------------------------------
687  MEMORY TX                     6879868                    OK       P. 14/14
                                   55410255               E-3)3)3)3)   P. 0/14
```

Resent
# 689.

```
-----------------------------------------------------------------------------
REASON FOR ERROR
        E-1) HANG UP OR LINE FAIL        E-2) BUSY
        E-3) NO ANSWER                   E-4) NO FACSIMILE CONNECTION
```

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

<table>
<tr>
<td>

<u>Partners</u>
Jeffrey D. Roerig**
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz**
David G. Oliveira
Adolph Guerra, Jr.
D. Alan Erwin, Jr.
Michael A. Zanca*
D. Wilkes Alexander

†Board Certified -
    Personal Injury Trial Law
    Texas Board of Legal Specialization
*Board Certified -
    Civil Trial Law
    Texas Board of Legal Specialization

</td>
<td>

Main Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

# FACSIMILE

August 3, 1999

</td>
<td>

<u>Associates</u>
Lucila Alvarado*
Jesus Quezada, Jr.
Rosemary Conrad-Sandoval*
Liza M. Vasquez*
John J. Jordan

File No. 21,410-

</td>
</tr>
</table>

**IMPORTANT:** This message is intended only for the use of the individual which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivery this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive the communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the United States Postal Service. Thank you.

# Please deliver the following pages to:   SHIREE SALINAS
687-8868

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE GARCIA, Individually and          :
as Representative of the Estate        :
of MANUEL CRUZ, IDALIA GARCIA,         :
Individually; and CYNTHIA GARCIA,      :    CIVIL ACTION NO. B-98-186
                                       :
          vs.                          :
                                       :
BRK BRANDS, INC.,                      :

CONFIDENTIALITY AGREEMENT AND STIPULATION

The parties to this action, by and through their respective counsel, may agree to produce Confidential Information that is within the scope of discoverable material as defined by Federal Rule of Civil Procedure 26, subject to the terms and provisions of this Confidentiality Agreement and Stipulation.

1.   All or any part of a document or photograph disclosed, produced or filed by a party or person in this litigation may be designated as Confidential Information by the disclosing party or person by marking the word "CONFIDENTIAL" on the face of the original of the document or photograph and each page or photograph so designated, or on the face of the photocopy of the document or photograph and on the photocopies of each page or photograph so designated.

2.   All or any part of a tangible item or video disclosed, produced, or filed by any party in this litigation

may be designated as Confidential Information by the disclosing party by marking the word "CONFIDENTIAL" on the face of the tangible item or video, if practicable, or by serving at the time of disclosure, production, or filing written notice that such tangible item or video had been designated as Confidential Information.

3. The parties may designate the testimony of any person in this litigation or any portion thereof, or exhibits or any portion thereof, as Confidential Information by advising the reporter and all parties present of the designation at the time the testimony is given, or by serving upon all parties written notice of the designation within thirty (30) days after the transcript of the testimony is delivered to the designating party. If testimony or any part thereof or any exhibit thereto is designated as containing Confidential Information, the transcript and exhibits, if filed with the Court, shall be filed in accordance with paragraph 8 below.

4. All or any portion of written responses or documents produced in response to discovery pursuant the Federal Rules of Civil Procedure that contain confidential information may be designated as Confidential Information by the responding party by marking the word "CONFIDENTIAL" on the face of the response or document and each page so designated.

5.   All or any portion of pleadings, motions, briefs, memoranda of law or affidavits that contain confidential information may be designated as Confidential Information by the party or parties filing the pleading, motion, brief, memorandum or affidavit by marking the word "CONFIDENTIAL" on each page of the filed material containing Confidential Information.

6.   In designating information as "CONFIDENTIAL", the party will make the designation only as to that information that it in good faith believes is Confidential Information and subject to protection under The Federal Rules of Civil Procedure in the manner described above or by written agreement of the parties.

7.   All material designated by a party as Confidential Information that is produced or exchanged in the course of this litigation, Garcia v. BRK Brands, Inc., U.S.D.C., Southern District of Texas, Civil Action Number B-98-186, shall be used solely for the purpose of this litigation and in accordance with the provisions of this Confidentiality Agreement and Stipulation, and such Confidential Information shall not be used in any other legal proceeding or for any purpose other than this litigation.

8.   Discovery responses, pleadings, motions, briefs, memoranda of law or affidavits containing Confidential Information, if filed, shall be filed by the parties as follows:

CliXPDF - www.tesisa.com

(a) One version of the brief or affidavit that contains Confidential Information shall be filed with the Court under seal in an envelope marked "CONFIDENTIAL" and bearing the caption of the case and title of the brief or affidavit. One copy, marked "Judge's Copy" shall be concurrently and similarly furnished under seal to the Court's chambers.

(b) A public version of the filed material, from which the Confidential Information have been removed, shall be filed with the Court. A notation shall be made on the cover sheet, if any, and the first page of the filed material that certain pages containing Confidential Information are filed under seal, subject to this Protective Order, and have been deleted from the public version of the document.

9. Nothing in this Confidentiality Agreement and Stipulation shall preclude any party or its representative(s) from discussing with any other person the progress, theories, or legal strategy in this litigation, as long as the contents of the Confidential Information are not disclosed, described or characterized.

10. Other than Court personnel (including certified shorthand reporters), commercial photocopying firms, access to Confidential Information shall be limited to:

(a) A named party and his or her or its directors, officers, employees, and/or agents, but only in

- 4 -

CUtePDF - www.fasvia.com

connection with the prosecution, defense, or supervision of this litigation, as applicable;

(b) Counsel of record for the parties in this litigation and employees of said counsel who are working directly on this litigation and to whom it is necessary that the material be disclosed for purposes of this litigation;

(c) Other counsel for the parties in this litigation and their employees who are working directly on this litigation and to whom it is necessary that the material be disclosed for purposes of this litigation;

(d) Experts and consultants employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist a party in matters relating solely to this litigation or this Court, provided that such access to Confidential Information shall be limited to documents or materials that the experts or consultants reasonably need to review in their roles as experts or consultants for this litigation only; and

(e) Any other person designated by order of this Court, after notice to all parties.

11. Confidential Information shall not be disclosed to any person identified in paragraph 10 (c) and (d) above unless they are informed of the terms of this Confidentiality Agreement and Stipulation, as well as the obligation to comply

CutePDF - www.fasita.com

with those terms and have signed a copy of the Certification of
Consent to Confidentiality attached hereto as Exhibit "A".  The
party disclosing Confidential Information shall be responsible
for assuring compliance with this provision.  Counsel shall be
responsible for maintaining copies of all certifications signed
by persons receiving Confidential Information.  All
certifications signed pursuant to this paragraph shall be
available for inspection upon the request of any party to
determine if this Agreement and Stipulation has been violated.
At the conclusion of this litigation, as set forth in paragraph
20, all certifications signed pursuant to this paragraph shall
be produced to the party designating said materials
confidential.

12.  Any person found by the Court to have violated
the terms of this Agreement and Stipulation shall be subject to
sanctions imposed at the discretion of the Court, up to and
including the sanction of being barred from testifying at the
trial of this matter for those persons found to have knowingly,
willfully, or intentionally violated this Confidentiality
Agreement and Stipulation.

13.  When Confidential Information is disclosed during
a deposition in this litigation, the party disclosing the
Confidential Information shall proceed in the manner set forth
in paragraph 3 above.  Any portion(s) of a deposition that

contains Confidential Information, in testimony or exhibits, if filed, shall be filed with the Court under seal in the manner set forth in paragraph 8 above and bearing substantially the following designation:

> This portion of the deposition of {witness}, taken on {date}, is subject to the confidentiality provisions of the Case Management Order entered by the Court. This portion of the deposition shall remain sealed until further Order of the Court.

14. Production of materials for the purposes of inspection shall not constitute a waiver of confidentiality. If materials produced for purposes of inspection have not been marked as Confidential Information prior to inspection, the producing party shall advise the inspecting party that such documents and/or things are designated as Confidential Information and any inspection of such materials shall only be by those persons described in paragraph 10 above.

15. Nothing in this Order shall be construed in any way as a finding that the Confidential Information does or does not constitute or contain proprietary information or trade secrets. Any party may object, in writing, to the designation by another party of any information or material as Confidential Information. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude any subsequent

challenge.  In the event that any party to this litigation disagrees at any point in these proceedings with a designation of any information as Confidential Information, the parties shall try first to dispose of such dispute in good faith on an informal basis.  If the parties cannot resolve the dispute, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden or proving same by a showing of good cause. If the parties cannot resolve the dispute in good faith and the objecting party files a motion seeking relief with the Court, the material that is the subject of the motion shall be treated as Confidential Information unless and until this Court enters an order to the contrary.

16.  In the event that any party hereto intends to use any Confidential Information at any public trial or hearing in this action or any appeal therefrom, the party proposing to use the Confidential Information shall give notice in accordance with Federal Rule of Civil Procedure 26(a)(3) to the party that designated the material as Confidential Information to permit that party an opportunity to seek appropriate protection from the Court.

17.  Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and in the course thereof,

referring to or relying upon his examination of Confidential Information.

18. Nothing shall prevent disclosure beyond the terms of this Confidentiality Agreement and Stipulation if the party designating the information as Confidential Information consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

19. The inadvertent or unintentional disclosure of the Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon discovery of inadvertent or unintentional disclosure by the producing party, counsel for the parties shall cooperate to restore the confidentiality of the inadvertently produced information.

20. Within thirty days after the conclusion of this litigation by judgment and the expiration of any and all appeals therefrom, or by settlement, or within such other time as the parties may agree, any originals or reproductions of any Confidential Information, or portions thereof, produced by a party and not made a part of the Court's record herein, shall either be returned to that party or destroyed by all other

parties in receipt of the Confidential Information and a certification in writing sent to the producing party stating that such documents have been destroyed.

21. The confidentiality provisions of this Confidentiality Agreement and Stipulation and the agreements embodied herein shall survive the termination of this action and continue in full force and effect.

LAW OFFICES OF MARK CANTU

BY: _____
SHIREE SALINAS, ESQ.
The Atrium, Suite 400
1300 North 10th Street
McAllen, TX  78501

EDDINGTON & ASSOCIATES, LLP

BY: _____
RAY R. MARCHAN, ESQ.
1926 East Elizabeth Street
Brownsville, TX  78520

COZEN AND O'CONNOR

BY: _____
James H. Heller, Esq.
Terry M. Henry, Esq.
1900 Market Street
Philadelphia, PA  19103

ROERIG, OLIVEIRA & FISHER

BY: _____
Elizabeth G. Neally
State Bar No. 14840400
Cameron County I.D. No. 3506
855 West Price Road, Suite 9
Brownsville, TX  78520

CutePDF - www.fasita.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE GARCIA, Individually and          :
as Representative of the Estate        :
of MANUEL CRUZ, IDALIA GARCIA,         :
Individually; and CYNTHIA GARCIA,      :   CIVIL ACTION NO. B-98-186
                                       :
          vs.                          :
                                       :
BRK BRANDS, INC.,                      :

CERTIFICATION OF CONSENT TO CONFIDENTIALITY

The undersigned hereby certifies that:

(a) he/she has read the Confidentiality Agreement and Stipulation in this action;

(b) he/she understands all of the terms of the attached Confidentiality Agreement and Stipulation;

(c) he/she agrees to be bound by the attached confidentiality provisions of the Confidentiality Agreement and Stipulation and voluntarily submits to the personal jurisdiction of the United States Court for the Southern District of Texas, for purposes of the enforcement of the attached Order; and

(d)  he/she will not use any Confidential Information anywhere or for any purpose other than the prosecution or defense of this case.

_____

SWORN TO AND SUBSCRIBED
BEFORE ME THIS _____ DAY
OF _____, 1999.


_____
NOTARY PUBLIC
PHILA1\1076826\1 077262.000

- 12 -