

```
                                                    United States District Court
                                                    Southern District of Texas
                                                            FILED
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS         MAR 22 2000
                  BROWNSVILLE DIVISION
                                                    Michael N. Milby
                                                    Clerk of Court
```

JOSE GARCIA, Individually and §
as Representative of the §
ESTATE OF MANUEL CRUZ; §
IDALIA GARCIA, Individually; and § CIVIL ACTION NO. B-98-186
CYNTHIA COX, as Next Friend of §
BRITTANY COX §
§
vs. §
§
BRK BRANDS, INC. §
§

**DEFENDANT BRK BRANDS, INC.'S NOTICE OF INTENTION
TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION SUBPOENA DUCES TECUM
OF EXPERT DOUGLAS LEE HOLMES**

TO:   CYNTHIA COX, Plaintiff
      By and Through Her Attorney of Record
      RAY R. MARCHAN
      Mr. Brian Harris
      Mr. Mikal Watts
      **HARRIS & WATTS, P.C**
      1926 E. Elizabeth
      Brownsville, TX   78520

      JOSE GARCIA and
      IDALIA GARCIA, Plaintiffs
      By and Through Their Attorney of Record
      Ms. Shiree Salinas
      **LAW OFFICES OF MARK CANTU**
      1300 North Tenth Street, Suite 400
      McAllen, Texas 78501

**PLEASE TAKE NOTICE** that commencing at **10:00 a.m. on Friday, April 21, 2000**, and continuing thereafter from day to day until completed, BRK Brands, Inc. Defendant herein, will take the oral and videotaped deposition of DOUGLAS LEE HOLMES, whose last known address is 216-c North Wisconsin Street, League City, Texas 77573.

Said deposition will be taken at the law offices of **EDDINGTON & ASSOCIATES, 2101 S. Wayside, Houston, Texas 77023 (Telephone: 800-204-2100)**, pursuant to the Federal Rules of Civil Procedure before a duly authorized court reporter from Compex Legal Services.

Pursuant to the Federal Rules of Civil Procedure, you are further advised that this deposition will be recorded on videotape, in addition to the usual stenographic recording.

## SUBPOENA DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, in connection with the taking of this deposition, **DOUGLAS LEE HOLMES,** is to produce at the commencement of the taking of this deposition the items requested in Exhibit "A" attached hereto.

You are invited to attend and cross-examine the witness.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas   78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Attorneys for Defendant

By _____
Elizabeth G. Neally
State Bar No. 14840400
Cameron County I.D. No. 3506
Federal Bar No. 8044

RENE O. OLIVEIRA
Texas State Bar No. 15254700
Federal Bar No. 4033

COZEN AND O'CONNOR
JAMES HELLER
TERRY M. HENRY
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certifies that a true and correct copy of the foregoing **Defendant BRK Brand's Inc.' Notice of Intention to Take the Oral and Videotaped Deposition Subpoena Duces Tecum of E Wayne McCain, P.E.** by U.S. Postal Service, Certified Mail, Return Receipt Requested, to counsel of record to wit:

Shiree Salinas
**LAW OFFICES OF MARK CANTU**
The Atrium, Suite 400
1300 North Tenth Street
McAllen, Texas 78501

RAY R. MARCHAN
Mr. Brian Harris
Mr. Mikal Watts
**HARRIS & WATTS, P.C**
1926 E. Elizabeth
Brownsville, TX 78520

on the 21 Day of March, 2000.

_____
Elizabeth G. Neally

IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE GARCIA, IDALIA GARCIA, :
Individually and as Representative : CIVIL ACTION
of the Estate of MANUEL CRUZ and :
CYNTHIA COX as Next Best Friend :
of Brittany Cox, : NO. B-98-186
 :
vs. :
 :
BRK BRANDS, INC. :

EXHIBIT "A" TO SUBPOENA *DUCES TECUM*
SERVED UPON DOUGLAS HOLMES

## EXHIBIT "A"

1. Any and all reports, including drafts, that you have prepared for or on behalf of plaintiffs in this matter pursuant to Fed.R.Civ.P. 26.

2. In regard to the documents[1], materials and information upon which you claim to have relied in preparing your opinion and report, please produce the following:

(a) All photographs taken by R.L. Koonce, yourself or any other Introspect employee, representative or agent, including those taken on September 29, 1999.

(b) All videotape taken by D. Biddick or any other Introspect employee, representative or agent, including those taken on September 29, 1999.

(c) Any and all notes, memoranda, photographs, reports, summaries or any other document or record of your examination and inspection of the subject smoke detector, heater, decedent's residence or any other physical evidence.

(d) Your notes and any other record of your interview with Mrs. Garcia, Manuel Cruz' mother, including, but not

limited to, audio recordings, written statements, affidavits or recorded statements.

(e) Any and all documents, photographs, video tape and/or other information or record related to testing, test protocols, data developed during the tests and results of any tests that you conducted or observed, or in which you participated, or upon which you relied in preparing your report and opinion, including, but not limited to:

(i) Introspect test of BRK ionization battery operated smoke detectors exposed to fuel gases or products of combustion.

(ii) Numerous tests of ionization smoke detectors not involved in litigation.

(iii) Previous full-scale fire test with BRK ionization battery powered smoke detectors (the Holmes-Hardin tests of 1998).

(f) Identification of the "fire investigators" with whom you consulted, a copy of the material provided to these investigators and a copy of the notes, memoranda, reports, summaries or any other record of your consultation with these experts.

(g) The First Alert smoke detector box and users manual identified in your report.

(h) Any additional documents, photographs, statements, reports and/or information developed or reviewed by you during your investigation of the incident and upon which you relied in forming your opinion.

3. All documents that support or tend to support any opinions, assumptions or conclusions that are held by you.

4. All documents that support or tend to support your opinion that the smoke detector should have detected visible and invisible products of combustion in sufficient time to sound an audible alarm before Manuel Cruz was incapacitated or unable to respond due to carbon monoxide poisoning.

5. All documents that support or tend to support your opinion that the smoke detector was improperly designed, manufactured and tested to perform and function properly.

2

6. All documents which support or tend to support any basis or reasons for the opinions, which you hold.

7. All documents which support or tend to support your opinion that there was a "fire" at 190 Thomae Lane, San Benito, Texas.

8. All documents that reflect any activity performed by you in this matter, including but not limited to, any examinations or inspections which you performed of the premises, space heater, smoke detector(s) or carbon monoxide detector, at 190 Thomae Lane, San Benito, Texas, or any other physical evidence obtained from the premises.

9. All documents that relate in any way to information which you received or obtained concerning the observations made by witnesses or investigation conducted by the Cameron County Sheriff's Office.

10. All literature relied on by you as a basis for forming your opinions.

11. All documents and/or material that relate to any experience you have had involving carbon monoxide poisoning or the operation of space heaters that relates to the formation of your opinions.

12. All documents that reflect your knowledge, training and experience in concepts of "cold smoke".

13. All documents that reflect your knowledge, training and experience relating to the "smoke box test", particularly as used by BRK in responding to consumer complaints.

14. All documents that reflect your knowledge and understanding of UL 217 procedures, including UL 217 test procedures.

15. All documents that reflect your knowledge and understanding of the number, types and orientation of the smoke detectors located in decedent's residence at the time of his carbon monoxide poisoning death.

16. All photographs and diagrams that you possess regarding this matter.

17. All documents that you have received in this matter

3

that relate to any report, carbon monoxide production profile, soot or smoke production profile, assumption, conclusion, calculation, summary or other document prepared by any other person in this matter.

18. All documents that reflect your training, experience and knowledge of the functioning characteristics of an ionization, photoelectric and combination smoke detector.

19. Your curriculum vitae.

20. All correspondence from any party or their counsel that you received or reviewed relating to this case, including correspondence requesting you to perform any work or form any opinions about the carbon monoxide poisoning death of Manuel Cruz at 190 Thomae Lane, San Benito, Texas, and/or about any manufacturing, marketing or design defect in any product designed and/or manufactured by the defendants.

21. All correspondence from any person, organization or entity, including non-parties, you received or reviewed relating to this case, including correspondence about any manufacturing, marketing or design defect in any product designed and/or manufactured by the defendants.

22. All documents known to you which criticize and/or disagree with the opinions, methodology, protocol and/or procedures, which you hold or have applied in this matter.

23. Your entire file pertaining to this case, including your notes, invoices, timesheets, bills, statements, telephone logs, message slips, etc.

24. Any letters, memoranda or reports, in draft form or otherwise, you have prepared giving your opinions regarding this case.

25. All documents which contain the agreement retaining your services in this matter, including any retainer agreements, compensation agreements or other documents which contain your charges and costs and the agreement of any person that pays same.

26. A list of all cases/litigation in which you have given testimony as an expert at trial or by deposition within the proceeding four years, including the caption of the case, the court in which it was pending, the names of the attorneys for the parties and the case number.

4

27. All publications that you have authored within the preceding ten years.

28. Copies of any reports or other documents reflecting your opinions pertaining to any case in which you will be testifying or have previously testified relating to a space heater, ionization smoke detector, smoke detector or any other issue upon which you are providing an opinion in this matter.

29. All documents regarding or containing any information as to any studies in which you are currently engaged, or in which you have been engaged in the past, including those related to this case concerning space heaters, smoke detectors and/or carbon monoxide detectors, including but not limited to:

(a) the protocol and all drafts of such protocol;

(b) receipts, invoices, etc. as to the funding for each such study, including information showing the source of all funds utilized for such study;

(c) video and audio tapes of the actual tests;

(d) any documents identifying the individuals involved in the study and the equipment utilized in the study;

(e) a detailed description of all materials used the study (i.e., fuels burned) including their location within the facility;

(f) a detailed description of the fuel load, if any, for all tests;

(g) a diagram of the facility for all tests showing, among other things, the complete HVAC system, the location of all vents, air returns and air ducts, the size and dimensions of all rooms, and the location of all smoke detectors, monitoring/measuring equipment, doors and windows, walls, furniture, etc.

(h) a detailed description of and the data for when each and every smoke detector sounded for each fire/smoke tests including but not limited to information as to the wiring of all such detectors to computer monitoring equipment and the data/information as to the times when each such smoke detector sounded after the ignition of the fire.

5

30. All documents that reflect any design that you believe comprises a smoke detector that is "state of the art" and/or which can be relied upon by consumers to signal an alarm in the presence of all types of smoke particulates expected to be emitted in from gas fired space heaters, with sufficient time to escape any potential carbon monoxide poisoning hazard.

31. Any documents relating to or constituting any communications, requests or proposals made by you, and any response thereto, to any governmental agency, standards organization or code promulgation entity (such as NFPA, UL, CPSC, etc.) regarding smoke detectors and/or carbon monoxide detectors.

1201399

[1] As used herein, the term "documents" means any printed, typewritten, handwritten or tangible item of any nature, containing, constituting, indexing or referring to information or other documents, including, but not limited to, letters; memoranda; handwritten notes; agreements; purchase orders; deeds; contracts, promissory notes; books; pamphlets; brochures; newspapers; magazines; periodicals; catalogs; price lists; checks; cancelled checks; invoices; sales receipts; charge receipts; personal receipts; bank records; tapes and tape recordings; computer printouts; data cards; programs or other input or output of data processing systems; other electronic data compilations from which information can be obtained, translated, if necessary, by respondent through detection devices into reasonably usable form; photographs (positive print or negative); transcripts of interviews or testimony before any person, officer or body, whether sworn or unsworn; written statements or notes of interview of testimony; diaries; calendars; logs, expense records or other financial data; charts; time logs; graphs; maps; drawings or other representational depiction; telephone records; electronic mail; telegrams; phonograph records; magnetic tape, drum or disc records; motion picture film; microfilm or microfiche.