IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MAR 29 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOSE GARCIA, Individually and § <br> as Representative of the § <br> ESTATE OF MANUEL CRUZ; § <br> IDALIA GARCIA, Individually; and § <br> CYNTHIA COX, as Next Friend of § <br> BRITTANY COX § <br> § <br> vs. § <br> § <br> BRK BRANDS, INC. § <br> § | CIVIL ACTION NO. B-98-186 |

**DEFENDANT BRK BRANDS, INC.'S NOTICE OF INTENTION
TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION SUBPOENA DUCES TECUM
OF EXPERT MICHAEL J. SCHULZ**

TO: CYNTHIA COX, Plaintiff
By and Through Her Attorney of Record
RAY R. MARCHAN
Mr. Brian Harris
Mr. Mikal Watts
**HARRIS & WATTS, P.C**
1926 E. Elizabeth
Brownsville, TX    78520

JOSE GARCIA and
IDALIA GARCIA, Plaintiffs
By and Through Their Attorney of Record
Ms. Shiree Salinas
**LAW OFFICES OF MARK CANTU**
1300 North Tenth Street, Suite 400
McAllen, Texas 78501

**PLEASE TAKE NOTICE** that commencing at **10:00 a.m. on Monday, May 8, 2000**, and continuing thereafter from day to day until completed, BRK Brands, Inc. Defendant herein, will take the oral and videotaped deposition of MICHAEL J. SCHULZ, whose last known address is 2155 Stonington Avenue, Suite 118, Hoffman Estates,

DEFENDANT BRK BRANDS, INC'S NOTICE OF INTENTION TO TAKE
THE ORAL AND VIDEOTAPED DEPOSITION SUBPOENA DUCES TECUM OF MICHAEL J. SCHULZ

PAGE 1
21410 - Depo - SCHULZ

Illinois, 60195.

Said deposition will be taken at the offices of **Eddington & Associates, 2101 S. Wayside, Houston, Texas 77023, (Telephone: 800-204-2100)**, pursuant to the Federal Rules of Civil Procedure before a duly authorized court reporter from Compex Legal Services.

Pursuant to the Federal Rules of Civil Procedure, you are further advised that this deposition will be recorded on videotape, in addition to the usual stenographic recording.

**SUBPOENA DUCES TECUM**

**PLEASE TAKE FURTHER NOTICE** that, in connection with the taking of this deposition, **MICHAEL J. SCHULZ**, is to produce at the commencement of the taking of this deposition the items requested in Exhibit "A" attached hereto.

You are invited to attend and cross-examine the witness.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas   78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Attorneys for Defendant

By _____
Elizabeth G. Neally
State Bar No. 14840400
Cameron County I.D. No. 3506
Federal Bar No. 8044

RENE O. OLIVEIRA
Texas State Bar No. 15254700
Federal Bar No. 4033

**COZEN AND O'CONNOR**

JAMES HELLER
TERRY M. HENRY
1900  Market Street
Philadelphia, PA   19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certifies that a true and correct copy of the foregoing *Defendant BRK Brand's Inc.' Notice of Intention to Take the Oral and Videotaped Deposition Subpoena Duces Tecum of Michael J. Schulz.* by U.S. Postal Service, Certified Mail, Return Receipt Requested, to counsel of record to wit:

Shiree Salinas
**LAW OFFICES OF MARK CANTU**
The Atrium, Suite 400
1300 North Tenth Street
McAllen, Texas 78501

RAY R. MARCHAN
Mr. Brian Harris
Mr. Mikal Watts
**HARRIS & WATTS, P.C**
1926 E. Elizabeth
Brownsville, TX   78520

on the 29th Day of March, 2000.

_____
Elizabeth G. Neally

IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE GARCIA, IDALIA GARCIA, Individually and as Representative of the Estate of MANUEL CRUZ and CYNTHIA COX as Next Best Friend of Brittany Cox, | CIVIL ACTION<br><br>NO. B-98-186 |
| vs. | |
| BRK BRANDS, INC. | |

**EXHIBIT "A" TO SUBPOENA *DUCES TECUM*
SERVED UPON MICHAEL SCHULZ**

1. All documents[1] that support or tend to support any opinions, assumptions or conclusions that are held by you.

2. All documents, materials and information upon which you claim to have relied in preparing you opinion and report, including, but not limited to:

    (a) Site visit report by Reed McClintock.

    (b) Affidavit of Reed McClintock.

    (c) Any and all notes, photographs, videotape and/or other information or record relating to the test, test protocol, test data and result of any and all tests performed by and/or upon which you rely in offer your opinion.

    (d) The specific "observations of witnesses" upon which you rely in formulating you opinion, and the recorded or written statement, affidavit or report of said witnesses and the source thereof.

    (e) Any and all notes, photographs, videotape or other material relating to the "post incident examination of the unit's 9-volt battery".

(f) Any additional documents, photographs, statements, reports and/or information developed or reviewed by you or upon which you relied in forming you opinion.

3. All documents reflecting any and all psychological or psychiatric treatment you have received in the last ten (10) years, including, but not limited to any and all summaries of treatments, physician notes, psychologist notes, medical bills and/or invoices and any other document or thing that reflects or describes the treatment you received.

4. All documents which support or tend to support any bases or reasons for the opinions which you hold.

5. Any and all documents, including literature, brochures, FAQs, pamphlets, reports, articles, handouts etc. regarding the use of smoke detectors, carbon monoxide detectors, fire protection equipment, installation, use and maintenance of space heaters and computer modeling developed or used by you for any and all instructional postings, lectures and/or training programs in which you participated, including those listed in your *curriculum vita*.

6. All documents that reflect any activity performed by you in this matter, including but not limited to, any examinations or inspections which you performed of the premises, 190 Thomae lane, San Benito, Texas, smoke detector or any other physical evidence obtained from the premises.

7. All documents that relate in any way to information which you received or obtained concerning the observations made by witnesses upon discovery Manuel Cruz' body and/or during any witness' investigation into Mr. Cruz' death.

8. All literature relied on by you as a basis for forming your opinions.

9. All documents, which relate to any carbon monoxide poisoning experience that you have had that relates to the formation of your opinions.

10. All documents that relate to your determination that "Had the single-station, battery operated ionization smoke detector properly operated and activated, it would have provided adequate and sufficient notice and warning to the occupant of the single-

family dwelling of the developing hostile conditions within it."

11. All documents that relate to your determination that "Such notice and warning would have afforded the occupant of the single-family dwelling adequate and sufficient time to eliminate the impending hazard, mitigate the impending hazard and/or escape from the impending hazard."

12. All documents that reflect your detailed study and knowledge of UL 217 procedures.

13. All documents that reflect your knowledge and understanding of the number, types and orientation of the smoke detectors located in Mr. Cruz' residence at the time of the incident.

14. All documents that reflect your training, experience and knowledge of the term "untenable" when used in connection with the conditions presented in a residential fire.

15. All photographs and diagrams that you possess regarding this matter.

16. All documents that you have received in this matter that relate to any report, fire profile, assumption, conclusion, calculation, summary or other document prepared by any other person in this matter.

17. All documents that reflect your training, experience and knowledge of the functioning characteristics of an ionization, photoelectric and combination smoke detector.

18. Your curriculum vitae.

19. All correspondence from any party or their counsel that you received or reviewed relating to this case, including correspondence requesting you to perform any work or form any opinions about the carbon monoxide poisoning death of Manuel Cruz, and/or about any manufacturing, marketing or design defect in any product designed and/or manufactured by the defendants.

20. All documents known to you which criticize and/or disagree with the opinions, methodology, protocol and/or procedures, which you hold or have applied in this matter.

3

21. Your entire file pertaining to this case, including your notes, invoices, timesheets, bills, statements, telephone logs, message slips, etc.

22. Any letters, memoranda or reports, in draft form or otherwise, you have prepared giving your opinions regarding this case.

23. All documents which contain your agreement retaining the performance of your services in this matter, including any retainer agreements, compensation agreements or other documents which contain your charges and costs and the agreement of any person that pays same.

24. A list of all cases/litigation in which you have given testimony as an expert at trial or by deposition within the proceeding four years, including the caption of the case, the court in which it was pending, the names of the attorneys for the parties and the case number.

25. All publications that you have authored within the preceding ten years.

26. Copies of any reports or other documents reflecting your opinions pertaining to any case in which you will be testifying or have previously testified relating to an ionization smoke detector, UL 217, smoke detector, nuisance alarm issues or any other issue upon which you are providing an opinion in this matter.

27. All documents regarding or containing any information as to any studies which you are currently engaged in, or have been engaged in the past, concerning smoke detectors, including but not limited to:

    (a)  the protocol and all drafts of such protocol;

    (b)  receipts, invoices, etc. as to the funding for each such study, including information showing the source of all funds utilized for such study;

    (c)  video and audio tapes of the actual fire/smoke tests;

    (d)  any documents identifying the individuals involved in the study and the equipment utilized in the study;

4

(e) a detailed description of all materials burned in the study including their location within the facility;

(f) a detailed description of the fire load for all tests;

(g) a diagram of the facility for all tests showing, among other things, the complete HVAC system, the location of all vents, air returns and air ducts, the size and dimensions of all rooms, and the location of all smoke detectors, monitoring/measuring equipment, doors and windows, walls, furniture, etc.

(h) a detailed description of and the data for when each and every smoke detector sounded for each fire/smoke tests including but not limited to information as to the wiring of all such detectors to computer monitoring equipment and the data/information as to the times when each such smoke detector sounded after the ignition of the fire.

28. All documents that reflect any design that you believe comprises a smoke detector that is "state of the art" and/or which can be relied upon by consumers to signal an alarm in the presence of all types of smoke particulates expected to be emitted in residential fires, with sufficient time to escape.

29. Any documents relating to or constituting any communications, requests or proposals made by you, and any response thereto, to any governmental agency, standards organization or code promulgation entity (such as NFPA, UL, CPSC, etc.) regarding smoke detectors.

PHILA1\1208099\1 077262.000

---

[1] As used herein, the term "documents" means any printed, typewritten, handwritten or tangible item of any nature, containing, constituting, indexing or referring to information or other documents, including, but not limited to, letters; memoranda; handwritten notes; agreements; purchase orders; deeds; contracts, promissory notes; books; pamphlets; brochures; newspapers; magazines; periodicals; catalogs; price lists; checks; cancelled checks; invoices; sales receipts; charge receipts; personal receipts; bank records; tapes and tape recordings; computer printouts; data cards; programs or other input or output of data processing systems; other electronic data compilations from which

information can be obtained, translated, if necessary, by respondent through detection devices into reasonably usable form; photographs (positive print or negative); transcripts of interviews or testimony before any person, officer or body, whether sworn or unsworn; written statements or notes of interview of testimony; diaries; calendars; logs, expense records or other financial data; charts; time logs; graphs; maps; drawings or other representational depiction; telephone records; electronic mail; telegrams; phonograph records; magnetic tape, drum or disc records; motion picture film; microfilm or microfiche.