IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MAR 3 1 2000

Clerk of Court



| | |
|---|---|
| JOSE GARCIA, Individually, and IDALIA GARCIA, Individually and as Representative of the Estate of MANUEL CRUZ, and CYNTHIA COX as Next Best Friend of BRITTANY COX, | CIVIL ACTION NO. B-98-186 |
| vs. | |
| BRK BRANDS, INC. | |

**MOTION OF BRK BRANDS, INC. TO DISMISS THE
FIRST AMENDED ORIGINAL COMPLAINTS OF PLAINTIFFS,
JOSE GARCIA, INDIVIDUALLY AND IDALIA GARCIA, INDIVIDUALLY,
AND AS REPRESENTATIVE OF THE ESTATE OF MANUEL CRUZ;
AND CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, BRK Brands, Inc. ("BRK"), by and through its undersigned counsel, hereby moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) to dismiss the First Amended Original Complaints ("Amended Complaints") of Plaintiffs Jose Garcia, Individually and Idalia Garcia, Individually and as Representative of the Estate of Manuel Cruz, and that of Cynthia Cox as Next Friend of Brittany Cox, and in support thereof, avers as follows:

1. This case arises out of the death of Manuel Cruz, on or before December 16, 1997, in his home at 190 Thomae Lane, San Benito, Texas.

MOTION OF BRK BRANDS, INC TO DISMISS THE FIRST AMENDED ORIGINAL COMPLAINTS OF PLAINTIFFS, JOSE GARCIA, INDIVIDUALLY AND IDALIA GARCIA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF MANUEL CRUZ; AND CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX

PAGE 1

21410 - Mtn Dismiss 12b6 (All Plntfs)

2. Manuel Cruz died of asphyxiation. (Paragraph 2.0 of Plaintiff Cox's and Plaintiffs Garcias' Amended Complaint, attached hereto as Exhibit "A-1" and "A-2" respectively.)

3. Mr. Cruz' asphyxiation was a result of carbon monoxide poisoning. (BRK respectfully requests this Court take judicial notice of the death certificates and pathology report collectively attached hereto as Exhibit "B".)

4. On May 26, 1999, Plaintiff Cynthia Cox as Next Friend of Brittany Cox filed a First Amended Original Complaint, naming BRK Brands, Inc., et al. As a Defendant (Exhibit "A-1"), and on June 28, 1999, Plaintiffs Jose Garcia, Individually, and Idalia Garcia, Individually and as Representative of the Estate of Manuel Cruz filed a First Amended Original Complaint, naming BRK Brands, Inc., et al. As a Defendant (Exhibit "A-2".)

## Plaintiffs' Allegations Against BRK Brands, Inc.

5. The basis of Plaintiffs' claims against BRK rest upon their factual allegation that Mr. Cruz died of asphyxiation, "when the smoke detector in his home failed to warn him of the smoke in his house." (Paragraph 2.0, Exhibits "A-1" and "A-2.")

6. As set forth in greater detail in the attached Memorandum in Law in support of BRK's Motion to Dismiss, it appears that Plaintiffs attempt to set forth the following causes of action:

    (a) negligence, negligence per se and gross negligence (Counts IV and V);

    (b) strict liability (Counts III and VI);

MOTION OF BRK BRANDS, INC. TO DISMISS THE FIRST AMENDED ORIGINAL COMPLAINTS OF PLAINTIFFS, JOSE GARCIA, INDIVIDUALLY AND IDALIA GARCIA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF MANUEL CRUZ; AND CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX

PAGE 2

21410 - Mtn Dismiss 12b6 (All Plntfs)

(c) breach of warranty (Counts IV and VI)

(d) violation of the Texas Deceptive Trade Practice Act (Count VI);

(e) civil conspiracy (Count VIII); and

(f) violation of the Consumer Product Safety Act (Count VIII).

7. In their Amended Complaints, Plaintiffs contend that BRK engaged in deceptive acts and/or made material misrepresentations in its advertising, marketing, communications with government agencies and in generally disseminating information to the public. (paragraphs 5.01(19), 5.01(20) and Count VIII generally).

## Standard For Dismissal

8. Accepting as true all well pleaded facts in the Amended Complaints, construed liberally in plaintiff's favor, the Court may dismiss plaintiffs' claims if it is beyond doubt that Plaintiffs can prove no set of facts in support of their claim. Fed.R.Civ.P. 12(b)(6); Kaiser Aluminum & Chemical Sales, Inc., v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982); Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

9. The Court may not accept as true conclusory allegations or conclusions of law in the Amended Complaints. Associated Builders, Inc. v. Alabama Power Company, 505 F.2d 97, 100 (5th Cir. 1974).

MOTION OF BRK BRANDS, INC. TO DISMISS THE FIRST AMENDED ORIGINAL COMPLAINTS OF PLAINTIFFS,
JOSE GARCIA, INDIVIDUALLY AND IDALIA GARCIA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF MANUEL CRUZ;
AND CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX

PAGE 3

21410 - Mtn Dismiss 12b6 (All Plntfs)

## Plaintiffs' Claims Are Not Recoverable In Tort

10. Product liability and related tort remedies are not available where plaintiff's claims amount to failure of the product to perform as expected. <u>Nobility Homes of Texas, Inc. v. Shivers</u>, 557 S.W.2d 77 (Tex. 1977).

11. In Texas, tort claims require that the product cause physical harm to the plaintiff. <u>Keith v. Stoelting, Inc</u>. 915, F.2d 966, 998 (5th Cir. 1990).

12. A product manufacturer is liable in tort only where a defective product in fact causes harm to the user or consumer. <u>Bennet v. PRC Public Sector, Inc.</u>, 931 F.Supp. 484, 501 (S.D.Tex. 1996).

13. Plaintiffs have failed to allege and there are no facts that would support a conclusion that the smoke detector produced the carbon monoxide ingested by Mr. Cruz.

14. Plaintiffs' claims of negligence and strict liability amount to a detector ineffective in detecting smoke, but Plaintiffs' contentions certainly do not constitute allegations that the smoke detector was, itself, unsafe or dangerous.

15. Rather, Plaintiffs simply contend that the smoke detector failed to operate as intended, was of inferior quality and that Plaintiffs are not satisfied with the quality of the smoke detector.

**MOTION OF BRK BRANDS, INC. TO DISMISS THE FIRST AMENDED ORIGINAL COMPLAINTS OF PLAINTIFFS,**
**JOSE GARCIA, INDIVIDUALLY AND IDALIA GARCIA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF MANUEL CRUZ;**
**AND CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX**

**PAGE 4**

21410 - Mtn Dismiss 12b6 (All Plntfs)

16. In fact, Plaintiffs have represented to this Court the opposite; that there was no fire, that the smoke detector did not kill Mr. Cruz by asphyxiation and that there was no other source of the carbon monoxide but the heater. (Transcript of May 13, 1999 hearing, page 18, lines 1-5 and page 33, line 25 to page 34, line 1, Exhibit "D".)

17. Because Plaintiffs fail to allege and there are no facts to support a conclusion that the smoke detector, in and of itself, caused Mr. Cruz' death, Plaintiffs have failed to state a claim in tort and BRK is entitled to judgment as a matter of law.

### Plaintiffs' Tort Claims are Without Basis.

18. In Texas, to recover under a theory of products liability, the Plaintiffs must show that the smoke detector possessed a defect that rendered it "unreasonably dangerous." <u>Turner v. General Motors Corp.</u>, 584 S.W.2d 844, 847 n.1 (Tex. 1979).

19. In evaluating whether a product is unreasonably dangerous, the Court must take into consideration several factors balancing the utility of the product and risk involved in its use. One of those factors is the expectation of the ordinary consumer. <u>The American Tobacco Company, Inc., v. Grinnell</u>, 951 S.W.2d 420, 432 (Tex. 1997).

20. According to Plaintiffs' own allegations, the smoke detector was to warn of smoke accumulation.

**MOTION OF BRK BRANDS, INC TO DISMISS THE FIRST AMENDED ORIGINAL COMPLAINTS OF PLAINTIFFS, JOSE GARCIA, INDIVIDUALLY AND IDALIA GARCIA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF MANUEL CRUZ; AND CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX**

**PAGE 5**

21410 - Mtn Dismiss 12b6 (All Plntfs)

21. Plaintiffs do not allege, nor are there facts that would support a conclusion that Mr. Cruz died as a result of smoke inhalation; the danger against which Plaintiffs claim the smoke detector was to protect. (Amended Complaints, ¶¶ 5.02 and 6.03, Exhibits "A-1" and "A-2" and pathology report, page 2, <u>RESPIRATORY TRACT</u>, Exhibit "B".)

22. Plaintiffs do not allege, nor are there facts that would support a conclusion that Mr. Cruz died as a result of a fire or conditions brought about by a fire in his home; dangers against which the smoke detector was intended to protect.

23. Plaintiffs do not allege, nor are there facts that would support a conclusion that consumers expect BRK smoke detectors to detect or give early warning of carbon monoxide poisoning dangers; the actual danger that was a producing cause of Plaintiffs' deceased's injuries. (See, death certificate and pathology report, Exhibit "B" and U.L. Standard 217, §§ 1.1 and 1.2 Exhibit "C").

24. Therefore, under no set of facts can Plaintiffs show that a smoke detector is capable of causing carbon monoxide poisoning or protecting a person from that danger and BRK is entitled to judgment as a matter of law under a negligence, negligence per se, gross negligence or strict liability theory of liability.

**MOTION OF BRK BRANDS, INC. TO DISMISS THE FIRST AMENDED ORIGINAL COMPLAINTS OF PLAINTIFFS,**
**JOSE GARCIA, INDIVIDUALLY AND IDALIA GARCIA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF MANUEL CRUZ;**
**AND CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX**

**PAGE 6**

21410 - Mtn Dismiss 12b6 (All Plntfs)

## Plaintiffs Have Failed to State A Claim for Which Relief Can Be Granted for Breach of Warranty or Under the Texas Deceptive Trade Practices Act.

25. For the purposes of bringing and action for breach of implied warranty and violation of the Texas Deceptive Trade Practice Act, a product is "defective" if it is unfit for the ordinary purposes for which it is to be used. <u>Hyundai Motor Co. v. Rodriguez</u>, 1999 Tex. LEXIS 58, *10 (No. 97-0648 June 10, 1999). <u>See also</u>, <u>Plas-Tex, Inc. v. U.S. Steel Corp.</u>, 772 S.W.2d 441 (Tex. 1989).

26. Plaintiffs do not allege, nor are there facts that would support a conclusion that the BRK smoke detector should have been fit for the purposes of detecting or providing early warning of carbon monoxide poisoning dangers; the actual condition that was the producing cause of deceased's injuries. (See, death certificate and pathology report, Exhibit "B".)

27. Therefore, under no set of facts can Plaintiffs prove that BRK warranted its detector to provide early warning of carbon monoxide poisoning dangers or BRK's alleged breach of warranties was a producing cause of plaintiff's injuries under either a breach of warranty theory or under the Texas Deceptive Trade Practices Act and BRK is entitled to judgment as a matter of law.

*MOTION OF BRK BRANDS, INC. TO DISMISS THE FIRST AMENDED ORIGINAL COMPLAINTS OF PLAINTIFFS, JOSE GARCIA, INDIVIDUALLY AND IDALIA GARCIA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF MANUEL CRUZ; AND CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX*

**PAGE 7**

21410 - Mtn Dismiss 12b6 (All Plntfs)

## Plaintiffs Have Failed to State A Claim for Which Relief Can Be Granted Under a Civil Conspiracy Theory.

28. The essential elements of an actionable civil conspiracy claim are: two or more persons; an object to be accomplished; a meeting of the minds on the object or course of action; one or more unlawful, overt acts; and damages as the proximate result. <u>Massey v. Armco Steel Co.</u>, 652 S.W.2d 932, 934 (Tex. 1983).

29. Joint efforts to influence public officials are not unlawful. <u>United Mine Workers v. Pennington</u>, 381 U.S. 657, 670 (1965)

30. Plaintiffs merely allege that BRK and others sought to influence public officials and/or organizations.

31. In so far as the conduct in which Plaintiffs allege BRK engaged is not unlawful, Plaintiffs have failed to allege an essential element of a civil conspiracy claim, they have failed to state a cause of action for which relief can be granted and BRK is entitled to judgment as a matter of law.

32. To the extent this Court finds that Plaintiffs may have alleged some unlawful act in which BRK, in concert with one or more persons, engaged, Plaintiffs do not allege, nor are there facts that would support a conclusion, that the allegedly unlawful acts in which BRK and others engaged resulted in Plaintiffs alleged injuries.

33. In so far as Plaintiffs have failed to allege an essential element of a civil conspiracy claim, proximate cause,

**MOTION OF BRK BRANDS, INC. TO DISMISS THE FIRST AMENDED ORIGINAL COMPLAINTS OF PLAINTIFFS,**
**JOSE GARCIA, INDIVIDUALLY AND IDALIA GARCIA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF MANUEL CRUZ,**
**AND CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX**

**PAGE 8**

21410 - Mtn Dismiss 12b6 (All Plntfs)

they have failed to state a cause of action for which relief can be granted and BRK is entitled to judgment as a matter of law.

### Plaintiffs Have Failed to State A Claim for Which Relief Can Be Granted for Violation of the Consumer Product Safety Act.

34. No private right of action is available under the Consumer Produce Safety Act (CPSA) for violation of the CPSC's reporting requirements. 15 U.S.C. §§2064 and 2072; <u>Avery by Avery v. Mapco Gas Products</u>. 898 F.2d 1452 (10th Cir. 1990).

35. The CPSA does not authorize suits based upon allegations that a product contains substantial product hazard. 15 U.S.C. §2072; <u>Hughes v. Segal Enterprises, Inc.</u>, 627 F.Supp. 1231 (W.D. Ark. 1986).

36. A private right action for damages under the CPSA exists only when an injury is the result of a knowing violation of a substantive rule promulgated by the CPSC, not administrative rules or interpretive statutes. 15 U.S.C. §2072; <u>Kahn v. Sears, Roebuck & Co.</u>, 607 F.Supp. 957 (N.D. Ga. 1985); <u>Payne v. A.O. Smith Corp.</u>, 578 F.Supp. 733 (S.D. Ohio 1983).

37. Plaintiffs have not alleged, nor are there facts to support a conclusion that BRK violated a substantive rule promulgated by the CPSC.

38. In so far as Plaintiffs have failed to allege facts necessary to state a claim under the CPSA, BRK is entitled to judgment as a matter of law.

**MOTION OF BRK BRANDS, INC. TO DISMISS THE FIRST AMENDED ORIGINAL COMPLAINTS OF PLAINTIFFS, JOSE GARCIA, INDIVIDUALLY AND IDALIA GARCIA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF MANUEL CRUZ, AND CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX**

**PAGE 9**

21410 - Mtn Dismiss 12b6 (All Plntfs)

## Plaintiffs' Allegations Concerning Deception, Concealment And Misrepresentation Should Be Stricken As Scandalous And Impertinent.

39. Federal Rule of Civil Procedure 12(f) provides the Court a means to remove material from a pleading that is redundant, immaterial, impertinent or scandalous.

40. An allegation that is not relevant to the issues involved in the action are impertinent or immaterial. <u>Williams v. Jader Fuel Co.</u>, 944 F.2d 1388, 1399 (7th Cir. 1991).

41. An allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court is scandalous. <u>Khalid Bin Talal v. E.F. Hutton & Co.</u>, 720 F.Supp. 671, 686 (N.D. Ill. 1989).

42. Inasmuch as Plaintiffs failed to allege that the standards BRK sought to influence resulted in a defective product, the following allegations are not relevant to this action and BRK respectfully submits that this Court must strike the allegations from the Plaintiffs' Amended Complaints as impertinent and immaterial; 8.0, 8.01, 8.02, 8.03(A)-(G), 8.04, 8.05 and 8.06.

43. To the extent this Court grants BRK's motion as it relates to Plaintiffs' civil conspiracy and CPSA claims, the following allegations are not relevant to this action and BRK respectfully submits that this Court must strike the following paragraphs from Plaintiffs' Amended Complaints as impertinent and

*MOTION OF BRK BRANDS, INC. TO DISMISS THE FIRST AMENDED ORIGINAL COMPLAINTS OF PLAINTIFFS, JOSE GARCIA, INDIVIDUALLY AND IDALIA GARCIA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF MANUEL CRUZ; AND CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX*

**PAGE 10**

21410 - Mtn Dismiss 12b6 (All Plntfs)

immaterial; 8.0, 8.01, 8.02, 8.03, 8.04, 8.05, 8.06, 8.07, 8.08.

44. BRK respectfully submits that the following allegations adversely bear upon the moral character of BRK, include repulsive language that detract from the dignity of this Court, are neither relevant nor material to the issues in controversy and should be stricken from Plaintiffs' Amended Complaints as scandalous; 5.01(19), 5.01(20), 8.01, 8.03(F), 8.03(I), 8.03(M), 8.06 and 8.12.

45. BRK respectfully submits that the following allegations are redundant in that they repeat allegations already stated elsewhere in Plaintiffs' Amended Complaints and should therefore be stricken as immaterial and impertinent; 8.04, 8.09, 8.10, 8.11 and 8.13.

**WHEREFORE**, Defendant, BRK Brands, Inc., respectfully requests this Honorable Court dismiss the Amended Complaints of Plaintiffs Jose Garcia, Individually, Idalia Garcia, Individually and as Next Friend of Manuel Cruz, and also that of Cynthia Cox as Next Friend of Brittany Cox and award it fees, costs and grant such other further relief as the Court deems appropriate.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER**
855 West Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By: _____
Rene O. Oliveira
State Bar No. 15254700
Federal No. 4033

Elizabeth G. Neally
State Bar No. 14840400
Federal Bar No. 8044

MOTION OF BRK BRANDS, INC. TO DISMISS THE FIRST AMENDED ORIGINAL COMPLAINTS OF PLAINTIFFS, JOSE GARCIA, INDIVIDUALLY AND IDALIA GARCIA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF MANUEL CRUZ; AND CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX

**PAGE 11**

21410 - Mtn Dismiss 12b6 (All Plntfs)

COZEN AND O'CONNOR

JAMES HELLER
TERRY M. HENRY
1900 Market Street
Philadelphia, PA   19103
Tel: 215/665-2000
Fax: 215/665-2013

### CERTIFICATE OF SERVICE

I, the undersigned hereby certifies that a true and correct copy of the foregoing *Motion of Brk Brands, Inc. to Dismiss the First Amended Original Complaints of Plaintiffs, Jose Garcia, Individually and Idalia Garcia, Individually, And as Representative of the Estate of Manuel Cruz; And Cynthia Cox as next Friend of Brittany Cox*, has been served upon Shiree Salinas, counsel for Plaintiff, at The Atrium, Suite 400, 1300 North Tenth Street, McAllen, TX 78501 and Mr. Ray Marchan, Harris & Watts, 1926 E. Elizabeth, Brownsville, TX  78520, on this 31 day of March, 2000.

Elizabeth G. Neally

MOTION OF BRK BRANDS, INC. TO DISMISS THE FIRST AMENDED ORIGINAL COMPLAINTS OF PLAINTIFFS, JOSE GARCIA, INDIVIDUALLY AND IDALIA GARCIA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF MANUEL CRUZ; AND CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX

PAGE 12

21410 - Mtn Dismiss 12b6 (All Plntfs)