United States District Court
Southern District of Texas
FILED

SEP 2 2 2000

Michael N. Milby
Clerk of Court

IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE GARCIA, Individually; | § | |
| IDALIA GARCIA, Individually | § | |
| and as Representative of the Estate of | § | CIVIL ACTION |
| of MANUEL CRUZ; and CYNTHIA COX | § | |
| as Next Best Friend of BRITTANY COX, | § | NO. B-98-186 |
| | § | |
| vs. | § | |
| | § | |
| BRK BRANDS, INC. | § | |

**ANSWER OF DEFENDANT, BRK BRANDS, INC.
TO THE FIRST AMENDED ORIGINAL COMPLAINT OF
JOSE GARCIA, INDIVIDUALLY, AND IDALIA GARCIA, INDIVIDUALLY,
AND AS REPRESENTATIVE OF THE ESTATE OF MANUEL CRUZ, DECEASED**

Defendant, BRK Brands, Inc., by and through its undersigned counsel, hereby files and serves upon Plaintiffs its Answer and Affirmative Defenses to the First Amended Original Complaint of plaintiffs Jose Garcia, Individually and Idalia Garcia, Individually and as Representative of the Estate of Manuel Cruz, Decease (hereinafter referred collectively as "GARCIAS". As such, BRK Brands, Inc. ("BRK") answers and avers as follows:

I.

1.0.    BRK is without sufficient information or knowledge to form a belief as to the truth of the averment in this paragraph. Therefore it is denied.

1.01.    Admitted in part, denied in part. BRK admits that this Court has original jurisdiction over this matter. However, BRK denies that its principal place of business is in Delaware. Rather, BRK is incorporated under the laws of the State of Delaware, but maintains its principal place of business in Illinois.

## II.

2.0     Admitted in part, denied in part. BRK admits that the events made subject to this law suit took place at and around 190 Thome Lane, San Benito, Cameron County, Texas. However, BRK specifically denies that Mr. Cruz died of asphyxiation on December 16, 1997, when a smoke detector failed to warn him of the smoke in his house. Rather, Mr. Cruz died of carbon monoxide poisoning as a result of an improperly installed and fueled gas fired space heater between December 14, 1997 and December 16, 1997. (See Death Certificate, pathology report and Affidavit of Dr. DeWitt Davenport, attached hereto as Exhibit "A".)

## III.

3.0.    Admitted in part, denied in part. BRK admits that it was and is engaged in, among other things, the business of designing, manufacturing, distributing and selling smoke detectors. By way of further answer, BRK specifically denies that any of its smoke detectors are designed or intended to provide early warning of a carbon monoxide poisoning hazard. Many of plaintiffs' allegations, such as those averring defect, are conclusions of law to which no response is required. Nevertheless, BRK denies these and the remaining allegations of paragraph 3.0.

## IV.

4.0.    Denied. BRK denies the many and varied factual allegations in paragraph 4.0. By way of further answer, BRK specifically denies that any of its smoke detectors are designed or intended to provide early warning of a carbon monoxide poisoning hazard. To the extent allegations in paragraph 4.0 constitute conclusions of law, no response is required. Nevertheless, they are denied.

## V.

5.01. Denied. BRK denies that it was negligent, negligent per se and/or grossly negligent in any way, including but not limited to, in the designing, testing, distributing, manufacturing and/or selling of any smoke detector or component system. By way of further answer, BRK specifically denies that any of its smoke detectors are designed or intended to provide early warning of a carbon monoxide poisoning hazard. BRK further denies each and every specific instance of negligence alleged by plaintiffs in paragraph 5.01. To the extent the allegations of sub-paragraphs 19 and 20 constitute scandalous and/or impertinent material, they should be stricken. Finally, many of plaintiffs' allegations, such as those averring defect, are conclusions of law to which no response is required. Nevertheless, BRK denies these and all remaining allegations of paragraph 5.01.

5.02. Denied. BRK denies that its smoke detectors were designed or intended to provide early warning of "smoking hazards" or carbon monoxide poisoning hazards. To the extent the allegations of paragraph 5.02 constitute conclusions of law, no response is required. Nevertheless, they are denied. BRK also denies that its actions reflected a total want of care and/or conscience and willful indifference to the life and safety of plaintiffs and others.

## VI.

6.01. Denied. BRK denies that it produced any smoke detector or other product with either no or inadequate instructions concerning the useful life of the product. BRK denies that the smoke detector allegedly in Mr. Cruz' house during the events leading to this lawsuit was unreasonably dangerous for its intended use. Furthermore the allegations of this paragraph constitute conclusions of law to which no response is required. Therefore, they are denied.

6.02. Admitted in part, denied in part. BRK admits that it has not recalled any of its battery powered ionization smoke detectors. As to product identification, BRK only admits that it designed and manufactured the smoke detector produced by Plaintiffs for examination. BRK denies that its

failure to recall its battery powered ionization smoke detectors was negligent, grossly negligent or reflected a conscious indifference to the rights, welfare and safety of the public. BRK also denies that its failure to recall its battery powered ionization smoke detectors was a proximate cause of Mr. Cruz' death. The allegations of paragraph 6.02 constitute conclusions of law to which no response is required. To the extent a response is required, they are denied.

6.03. BRK specifically denies that its battery powered ionization smoke detectors are or were, in any way, defective. By way of further answer, BRK denies that its smoke detectors were designed or intended to provide consumers early warning of "smoke accumulation". By way of further response, the allegations of this paragraph constitute conclusion of law to which no response is required. Therefore, they are denied.

6.04. Admitted in part, denied in part. BRK denies that its battery powered ionization smoke detectors are, in any way, defective or unreasonably dangerous. By way of further response, the allegations of this paragraph constitute conclusion of law to which no response is required. Therefore, they are denied.

6.05 Denied. BRK denies that the smoke detector allegedly installed in Manuel Cruz' house was, in any way, unsafe. BRK further denies that its actions, in any way, reflect a total want of care, conscience disregard or indifference to the life and safety of plaintiffs or disregard of its duties. By way of further response, the allegations of this paragraph constitute conclusion of law to which no response is required. Therefore, they are denied.

6.06. Denied. BRK denies that smoke detector allegedly installed in Mr. Cruz' house was, in any way, defective or not as warranted nor fit for the purpose for which it was to be used. BRK denies, in any way, that it breached any warranties or that its actions, in any way, constituted violations of the Texas Deceptive Trade Practices Consumer Protection Act. By way of further response, the allegations of this paragraph constitute conclusion of law to which no response is required. Therefore, they are denied.

## VII

7.0.  Denied. The allegation of paragraph 7.0 constitutes a conclusion of law to which no response is required. To the extent a response is required, it is denied.

## VIII

8.0.  Denied. BRK denies each and every allegation of paragraph 8.0.

8.01.  Denied. BRK denies each and every allegation of paragraph 8.01. To the extent the allegations of paragraph 8.01 constitute scandalous and/or impertinent material, they should be stricken.

8.02  Denied. BRK denies each and every allegation of paragraph 8.02.

8.03.  Denied. BRK denies each and every allegation of paragraph 8.03. To the extent the allegations of paragraph 8.03 constitute scandalous and/or impertinent material, they should be stricken.

8.04.  Denied. BRK denies each and every allegation of paragraph 8.04.

8.05.  Denied. BRK denies each and every allegation of paragraph 8.05.

8.06.  Denied. BRK denies each and every allegation of this paragraph. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Therefore they are denied.

8.07.  Denied. BRK denies each and every allegation of this paragraph. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Therefore they are denied.

8.08.  Denied. BRK denies each and every allegation of this paragraph. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Therefore they are denied.

ANSWER OF DEFENDANT BRK BRANDS, INC. TO THE FIRST AMENDED ORIGINAL COMPLAINT OF
PLAINTIFFS JOSE GARCIA, Individually and IDALIA GARCIA, Individually and as Representative of the ESTATE OF MANUEL CRUZ

**PAGE 5**

8.09. Denied. BRK denies each and every allegation of this paragraph. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Therefore they are denied.

810. Denied. BRK denies each and every allegation of this paragraph. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Therefore they are denied.

8.11 Denied. BRK is not aware of any other incident in which a consumer alleges that a smoke detector manufactured by BRK failed to provide warning of a carbon monoxide poisoning hazard produced by a home appliance, such as a space heater. By way of further answer, BRK denies the remaining allegations in paragraph 8.11.

8.12 Denied. BRK denies each and every allegation of this paragraph. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Therefore they are denied.

8.13 Denied. BRK denies each and every allegation of this paragraph. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Therefore they are denied.

## IX

9.01 BRK is without sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 9.01. Therefore, they are denied. To the extent the allegations of paragraph 9.01 aver that Mr. Cruz' death was a result of a smoke detector failure, they are specifically denied. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Therefore, they are denied.

ANSWER OF DEFENDANT BRK BRANDS, INC. TO THE FIRST AMENDED ORIGINAL COMPLAINT OF
PLAINTIFFS JOSE GARCIA, Individually and IDALIA GARCIA, Individually and as Representative of the ESTATE OF MANUEL CRUZ

PAGE 6

## X

10.01. BRK is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 10.01. Therefore, they are denied. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the allegations of paragraph 10.01 aver that Mr. Cruz' death was caused by or in any way related to BRK's conduct, they are denied.

## XI

11.0    Denied.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, BRK Brands, Inc., respectfully requests that upon the trial of this cause, (1) Plaintiffs take nothing by their claims; (2) judgment be entered awarding BRK its reasonable costs and expenses, including reasonable attorneys' fees for the preparation of trial, and any appeals of this action; and (3) such other and further relief to which BRK may show itself to be justly entitled.

## AFFIRMATIVE DEFENSES
## FIRST DEFENSE

1.    Plaintiffs' First Amended Original Complaint fails to state a claim against BRK upon which relief can be granted.

## SECOND DEFENSE

2.    The product described in Plaintiffs' First Amended Original Complaint was misused, improperly applied, or improperly installed by a party other than BRK, and therefore Plaintiffs may not recover against BRK.

## THIRD DEFENSE

3     The damages of which Plaintiffs complain were not proximately caused by BRK's actions.

## FOURTH DEFENSE

4     Plaintiffs are barred from recovering damages for breach of implied warranties that were part of a valid disclaimer by BRK.

## FIFTH DEFENSE

5     In the unlikely event that any issue on exemplary damages against BRK may be submitted to the jury and/or to be awarded, BRK invokes the definitions, requirements and limitations on exemplary damages provided by §41.001 et seq. of the Texas Civil Practice & Remedies Code.

## SIXTH DEFENSE

6     If it is proven that BRK manufactured any products installed in Mr. Cruz' home, Plaintiffs cannot recover any consequential damages because they are expressly excluded by a written limited warranty.

## SEVENTH DEFENSE

7     Plaintiffs' claims for punitive damages are barred in a strict liability defect case involving a mass-produced, widely-marketed product.

## EIGHTH DEFENSE

8     BRK gives notice that it intends to rely upon any other defenses that may become available during discovery in this case, and reserves the right to amend this Answer to assert those defenses.

## NINTH DEFENSE

9  Plaintiffs' causes of action are barred in whole or in part by the applicable Statutes of Limitations.

## TENTH DEFENSE

10  Plaintiffs' causes of action are barred in whole or in part by the Doctrines of Latches, Waiver and Estoppel.

## ELEVENTH DEFENSE

11.  Plaintiffs' original petition is defective in that plaintiffs have failed to join indispensable parties.

## TWELFTH DEFENSE

12  BRK relies upon the Doctrine of Comparative Fault as a bar to, or mitigate, any recovery by any plaintiffs in this action.

## THIRTEENTH DEFENSE

13.  The plaintiffs' alleged damages resulted from independent, superseding and/or intervening causes unrelated to any conduct of BRK.

## FOURTEENTH DEFENSE

14  BRK relies upon the Doctrine of Comparative Fault, and avers that plaintiffs' injuries and damages were directly and proximately caused by Manuel Cruz' negligence. Mr. Cruz' negligence, upon information and belief, includes but is not limited to causing his own death, which resulted in the injuries and damages, if any, Plaintiffs claim to have suffered as a result of his death.

## FIFTEENTH DEFENSE

15  Mr. Cruz' failure to exercise reasonable care by installing a space heater in his home, or by having a space heater installed in his house, without proper or adequate ventilation for the

ANSWER OF DEFENDANT BRK BRANDS, INC. TO THE FIRST AMENDED ORIGINAL COMPLAINT OF PLAINTIFFS JOSE GARCIA, Individually and IDALIA GARCIA, Individually and as Representative of the ESTATE OF MANUEL CRUZ

PAGE 9

reasonably foreseeable flue gases, such as carbon monoxide, that would be produced by the space heater was the direct and proximate cause of his death.

### SIXTEENTH DEFENSE

16  Mr. Cruz' failure to exercise reasonable care by installing a space heater in his home, or by having a space installed in his home, supplied with an improper fuel that resulted in a deficient fuel mixture was the direct and proximate cause of his death.

### SEVENTEENTH DEFENSE

17  Mr. Cruz' failure to exercise reasonable care by installing a device to provide early warning of carbon monoxide poisoning danger was the direct and proximate cause of his death.

### EIGHTEEN DEFENSE

18  The product plaintiffs claim was defective, a smoke detector, was not designed, manufactured, marketed or sold for the intended purpose of providing early warning of carbon monoxide poisoning hazards.

### NINETEEN DEFENSE

19  It was not reasonably foreseeable that Mr. Cruz would rely upon a smoke detector to provide early warning of carbon monoxide poisoning hazards.

### TWENTIETH DEFENSE

20  BRK relies upon the Doctrine of Comparative Fault and avers, upon information and belief, that a non-party manufactured a certain space heater that caused, along with Manuel Cruz' own negligence, the death of Manuel Cruz, which resulted in the injuries and damages, if any, Plaintiffs claim to have suffered as a result of his death.

### TWENTY-FIRST DEFENSE

21  Plaintiffs' alleged injuries and damages were not directly and proximately caused by

any act or omission of BRK.

## TWENTY-SECOND DEFENSE

22    BRK denies that it is guilty of any negligence or wrong doing of any nature whatsoever, denies that it manufactured or sold any product that was in a defective condition or unreasonably dangerous in any regard and specifically denies that it is liable to plaintiffs under any theory of law alleged in the First Amended Original Petition.

## TWENTY-THIRD DEFENSE

23    To the extent plaintiffs allege fraud, those allegations are not pled with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## TWENTY-FOURTH DEFENSE

24    Plaintiffs' claims for punitive damages are in contravention of the rights of BRK under the below listed constitutional provisions:

    A.    The commerce clause of Article I, Section 8 of the United States Constitution;

    B.    The contracts clause of Article I, Section 10 of the United States Constitution;

    C.    The prohibition against ex-post facto laws embodied in Article I, Section 10 of the United States Constitution;

    D.    The supremacy clause of Article VI of the United States Constitution;

    E.    The free speech clause of the First Amendment of the United States Constitution;

    F.    The due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution;

    G.    The takings clause of the Fifth Amendment of the United States Constitution;

    H.    The excessive fines clause of the Eighth Amendment of the United States Constitution;

    I.    The equal protection clause of the Fourteenth Amendment of the United States Constitution; and

    J.    The Constitution of the State of Texas.

### TWENTY-FIFTH DEFENSE

25   Because of the lack of clear standards, any imposition of punitive damage against BRK is unconstitutionally vague and/or overly broad.

### TWENTY-SIXTH DEFENSE

26   BRK did not breach any warranties, express or implied.

### TWENTY-SEVENTH DEFENSE

27   BRK denies that it was guilty of any fraudulent conduct.

### TWENTY-EIGHTH DEFENSE

28   Due to spoliation, BRK has been prejudiced in that it has been unable to make an appropriate investigation in order to prepare defenses on its own behalf.

### TWENTY-NINTH DEFENSE

29   Plaintiffs have failed to state a claim for which relief can be granted for breach of warranty.

### THIRTIETH DEFENSE

30   Plaintiffs have failed to state a claim for which relief can be granted for violation of the Texas Deceptive Trade Practices Act.

### THIRTY-FIRST DEFENSE

31   Plaintiffs have failed to state a claim for which relief can be granted under a civil conspiracy theory.

### THIRTY-SECOND DEFENSE

32   Plaintiffs have failed to state a claim for which relief can be granted for violation of the Consumer Product Safety Act.

### THIRTY-THIRD DEFENSE

ANSWER OF DEFENDANT BRK BRANDS, INC. TO THE FIRST AMENDED ORIGINAL COMPLAINT OF PLAINTIFFS JOSE GARCIA, Individually and IDALIA GARCIA, Individually and as Representative of the ESTATE OF MANUEL CRUZ

PAGE 12

33      BRK hereby gives notice to Plaintiffs, as stated in its Answer that it lacks sufficient knowledge or information upon which to form a belief as to the truth of certain allegations contained in Plaintiffs' First Amended Original Complaint or specific knowledge of actions on the part of plaintiffs or other persons, that may have contributed to or caused plaintiffs' alleged damages. Until BRK avails itself of its rights in discovery, it cannot be determined if it will assert the above-stated affirmative defenses at trial. BRK asserts these defenses now to preserve its right to assert them at trial, to give Plaintiffs notice of BRK's intention to assert these defenses and avoid waiver of any defenses.

### THIRTY-FOURTH DEFENSE

34      All allegations not heretofore admitted or denied are here and now denied as if specifically set forth and denied. BRK reserves the right to amend its Answer in the event additional information becomes available or comes to the attention of BRK through further investigation or discovery.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, BRK Brands, Inc., respectfully requests that upon the trial of this cause, (1) Plaintiffs take nothing by their claims; (2) judgment be entered awarding BRK its reasonable costs and expenses, including reasonable attorneys' fees for the preparation of trial, and any appeals of this action; and (3) such other and further relief to which BRK may show itself to be justly entitled.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER**
855 West Price Road, Suite 9
Brownsville, TX 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By: _____
Rene O. Oliveira
State Bar No. 15254700
Federal Bar No. 4033

Elizabeth G. Neally
State Bar No. 14840400
Federal I.D. No. 8044

## COZEN AND O'CONNOR

JAMES HELLER

TERRY M. HENRY
1900 Market Street
Philadelphia, PA 19103
Tel: 215/665-2000
Fax: 215/665-2013

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certifies that a true and correct copy of the foregoing *Answer of Defendant BRK Brands, Inc. to the First Amended Original Complaint of Cynthia Cox as Next Friend of Brittany Cox* has been served upon counsel of record by Certified Mail, Return Receipt Requested, to counsel of record, to wit:

Ms. Shiree Salinas
**LAW OFFICES OF MARK CANTU**
1300 North Tenth Street, Suite 400
McAllen, Texas 78501

Mr. Ray Marchan
Mr. Brian Harris
Mr. Mikal Watts
**HARRIS & WATTS, P.C**
1926 E. Elizabeth
Brownsville, TX 78520

on this 22nd day of September, 2000.

_Elizabeth G. Neally_