IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 1 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE GARCIA, INDIVIDUALLY AND | § | |
| IDALIA GARCIA, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE OF | § | |
| MANUEL CRUZ, DECEASED, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-186 |
| | § | |
| BRK BRANDS, INC., | § | |
| Defendant. | § | |

## ORDER

The Court having reviewed the Plaintiffs' and Intervenor's Objection and Amended Objection to Magistrate Judge's Opinion and Order, the opposition thereto, the Defendant's Objections to the June 17, 2002 Order and Opinion of Magistrate Judge John Black, and the record in this matter, the Court hereby overrules all objections.

The Court reviews the magistrate's decisions on non-dispositive pre-trial matters to determine whether they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Pro. 72(a). The decision under attack here is the June 17, 2002 Order by which Judge Black ruled upon the motion of the Defendant BRK Brands, Inc., to exclude various experts which had been designated to testify in this cause. The motion was based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), and their progeny.

These cases established that the trial court as the gatekeeper must determine the admissibility of the expert testimony. *Kumho*, 526 U.S. at 147; *Daubert*, 509 U.S. at 589. Such testimony should be "not only relevant, but reliable" (*Kumho*, 526 U.S. at 147 (*Daubert*, 509 U.S. at 589)), and should

be voiced by a witness who is qualified as an expert in that specific area. Fed. R. Evid. 702. The analysis that a court must undertake has been outlined in the magistrate judge's opinion and will not be repeated here as it is stated both succinctly and accurately.

The magistrate judge's opinion followed a two-day hearing during which both sides called witnesses, presented evidence, and argued their respective positions. The analysis was performed on a witness by witness, opinion by opinion basis. This Court, having reviewed the rulings, the argument and briefing of both parties, and the entire record of the hearing, cannot say that the magistrate judge's factual findings were clearly erroneous or that any legal conclusions were contrary to law. Therefore, the objections by both parties are overruled.

Signed this the 18th day of September, 2002.

_____
Honorable Andrew S. Hanen
United States District Judge