IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CYNTHIA COX AS NEXT FRIEND OF BRITTANY COX, ET AL | § § § § § § § | |
| VS. | | CIVIL ACTION NO. B-98-186 |
| BRK BRANDS, INC. | | |

## PLAINTIFF COX'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, Plaintiff Cynthia Cox as Next Friend of Brittany Cox and files this Response to Defendant's Motion for Summary Judgment:

### I.
### BACKGROUND

BRK moved for summary judgment as to all claims made against it by Plaintiff Cox. Plaintiff files this Response requesting this Court deny BRK's motion for summary judgment. Plaintiff incorporates by reference herein its factual contentions and arguments and authorities that are set forth in full in its accompanying Brief in Support of Response to Defendant's Motion for Summary Judgment.

### II.
### EVIDENCE RELIED UPON

In support of its Response to BRK's Motion for Summary Judgment, Plaintiff Cox refers the Court to the following, attached to the accompanying Appendix, which is incorporated by reference herein as if set forth in full:

Tab 1    Deposition of Morris Cranmer (Volumes 1 and 2 and Exhibits 2, 5, 7, 10, 32, 33, 37, 38, 39, and 44)

Tab 2    Deposition of Michael Schulz (Volumes 1 and 2)

Tab 3    Deposition Exhibits 3 and 6 of E. Wayne McCain

| | |
|---|---|
| Tab 4 | Deposition of Reed McClintock and Exhibits 2, 8, 10, 11, and 21 |
| Tab 5 | Transcript of *Daubert* hearing on May 15, 2002 |
| Tab 6 | Transcript of *Daubert* hearing on May 16, 2002 |
| Tab 7 | Affidavit of Michael Schulz |
| Tab 8 | Affidavit of Morris Cramner |
| Tab 9 | Deposition Exhibits 2, 7, and 8 of Don Russell |
| Tab 10 | Deposition Exhibit 3 of Douglas Lee Holmes |

Plaintiff Cox also relies upon the exhibits attached to BRK's Appendix, incorporates them herein by reference as if set forth in full, and refers to them specifically in the accompanying brief. Plaintiff Cox also relies on the evidence attached to Plaintiff Garcia's Response.

### III.
### BRIEF RESPONSE

Plaintiff Cox briefly responds to BRK's claims as follows:

**Cause in Fact** – There is both expert testimony and circumstantial evidence upon which a jury can determine that the smoke detector should have sounded before Mr. Cruz became incapacitated by carbon monoxide. The detector failed to sound its alarm and, as a result, Mr. Cruz was not warned of the hazardous situation.

**Tort Recovery** – There is no legal or factual basis for BRK's claim that it cannot be held liable in tort for damages caused by its product's failure to perform. There is no contract between Plaintiff Cox and BSK, and even if there was, any such limitation on her constitutional right to recover for the death of her father would be unconstitutional and unconscionable. A product that causes or aggravates a person's injuries because it

fails to perform as designed gives rise to not only a claim in negligence, but also strict liability.

**DTPA/Breach of Warranty** – The ordinary purpose of the smoke detector was to detect any unusual amounts of smoke or soot particles in the house. Because of the manner in which the heater was producing byproducts of soot, the infiltration of soot should have triggered the alarm. The smoke detector failed to signal an alarm when it encountered the soot particles in the house.

**Civil Conspiracy** – Plaintiff is not asserting a cause of action for civil conspiracy. The evidence of conspiracy goes to gross negligence and punitive damages.

**Consumer Product Safety Act** – Plaintiff is not asserting a cause of action under the CPSA. The standards of the CPSA, however, are an evidentiary point regarding BRK's standard of care.

**Punitive Damages** – There is some evidence of gross negligence. There is evidence that BRK knew its products had a rate of failure that created a substantial risk of harm.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Cynthia Cox as Next Friend of Brittany Cox prays that this Honorable Court deny Defendant's Motion for Summary Judgment and grant her such other and further relief, at law or in equity, to which she may show herself to be justly entitled to receive.

Respectfully submitted this 20th day of December, 2002.

WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500
(956) 541-0255 FAX

_____
Ray R. Marchan
Attorney for Plaintiff Cynthia Cox,
ANF of Brittany Cox
State Bar No. 12969050
Federal I.D. No. 9522

## CERTIFICATE OF SERVICE

On this 20th day of December, 2002, a true and correct copy of the foregoing instrument was forwarded to opposing counsel via fax, by hand-delivery or by certified mail, return receipt requested.

_____
RAY R. MARCHAN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CYNTHIA COX AS NEXT FRIEND<br>OF BRITTANY COX, ET AL<br><br>VS.<br><br>BRK BRANDS, INC. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br><br>NO. B-98-186 |

## APPENDIX TO PLAINTIFF COX'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| Tab 1 | Deposition of Morris Cranmer (Volumes 1 and 2 and Exhibits 2, 5, 7, 10, 32, 33, 37, 38, 39, and 44) |
| Tab 2 | Deposition of Michael Schulz (Volumes 1 and 2) |
| Tab 3 | Deposition Exhibits 3 and 6 of E. Wayne McCain |
| Tab 4 | Deposition of Reed McClintock and Exhibits 2, 8, 10, 11, and 21 |
| Tab 5 | Transcript of *Daubert* hearing on May 15, 2002 |
| Tab 6 | Transcript of *Daubert* hearing on May 16, 2002 |
| Tab 7 | Affidavit of Michael Schulz |
| Tab 8 | Affidavit of Morris Cramner |
| Tab 9 | Deposition Exhibits 2, 7, and 8 of Don Russell |
| Tab 10 | Deposition Exhibit 3 of Douglas Lee Holmes |