United States District Court
Southern District of Texas
FILED

JAN 0 8 2003

Michael N. Milby
Clerk of Court

IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE GARCIA, Individually, | : | |
| IDALIA GARCIA, Individually and | : | CIVIL ACTION |
| as Representative of the Estate of | : | |
| MANUEL CRUZ and CYNTHIA COX as | : | |
| Next Best Friend of Brittany Cox, | : | NO. B-98-186 |
| | : | |
| vs. | : | |
| | : | |
| BRK BRANDS, INC. | : | |

NOTICE OF CONFIRMATION AND
TERMINATION OF STAY

COMES NOW BRK Brands, Inc. and notifies the Court and counsel of record that on November 27, 2002, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an Order (the "Confirmation Order") confirming the Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as amended as of November 25, 2002 (the "POR") in Chapter 11 Case Nos. 01-40252 (AJG) through 01-40290.[1] See Notice of Entry of Order Confirming Debtors' Third Amended Plan of Reorganization and Occurrence of the Effective Date Under Chapter 11 of the Bankruptcy Code, attached hereto as Exhibit A. The effective date of the POR occurred on December 18, 2002. Unless otherwise provided, all injunctions or stays provided for in the Chapter 11 cases under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the confirmation date, terminated on December 18, 2002.

---

[1] The Confirmation Order and POR are on file with the Bankruptcy Court.

Respectfully submitted,

_____
Elizabeth Neally, Esquire
Rene Oliveira, Esquire
Roerig Oliveira & Fisher L.L.P.
855 West Price Road, Suite 9
Brownsville, TX 78520
(956) 542-5666
(956) 542 0016 (Fax)

Of Counsel:
James H. Heller
Terry Henry
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103-3508
(215) 665-2000

Attorneys for Defendant BRK Brands, Inc.

## CERTIFICATION OF SERVICE

On January 7th, 2003, I, the undersigned, mailed the following: **NOTICE OF CONFIRMATION AND TERMINATION OF STAY** by regular mail

TO:  RAY R. MARCHAN                JUAN GONZALEZ
     Eddington & Associates         Law Offices of Mark Cantu
     1926 E. Elizabeth              1300 North Tenth
     Brownsville, TX 78520          McAllen, TX 78501

By: _____
       Elizabeth G. Neally

1473 v 1

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x
                                                                  :
In re                                                             :    Chapter 11 Cases Nos.
                                                                  :
AI REALTY MARKETING OF NEW YORK, INC.,                            :    01-40252 (AJG) through
LASER ACQUISITION CORP., DDG I, INC.,                             :    01-40290 (AJG)
SUNBEAM AMERICAS HOLDINGS, LTD., et al.,                          :
                                                                  :
                                                                  :
                    Debtors.                                      :    (Jointly Administered)
                                                                  :
----------------------------------------------------------------- x

### NOTICE OF ENTRY OF ORDER CONFIRMING DEBTORS' THIRD AMENDED PLAN OF REORGANIZATION AND OCCURRENCE OF THE EFFECTIVE DATE UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE:**

1. On November 27, 2002, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an Order (the "Confirmation Order") confirming the Debtors' Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as amended as of November 25, 2002 (the "POR"), proposed by AI Realty Marketing of New York, Inc., Laser Acquisition Corporation, DDG I, Inc., Sunbeam Americas Holdings, Ltd. and substantially all of their direct and indirect domestic operating subsidiaries[1] (collectively, the "Debtors"). The Confirmation Order (including the POR attached as Exhibit "A" thereto) is on file with the Bankruptcy Court and may be reviewed during regular Bankruptcy Court hours.

2. The effective date of the POR occurred on December 18, 2002 (the "Effective Date").

3. Except as otherwise provided in the Confirmation Order or the POR, as of the Effective Date, the provisions of the POR are binding upon the Debtors, any entity acquiring property under the POR and any creditor or equity interest holder of the Debtors, whether or not the claim or equity interest of such creditor or equity interest holder is impaired under the POR and whether or not such creditor or equity interest holder has accepted the POR. Except as otherwise expressly provided in the POR, the Confirmation Order or a separate order of the Bankruptcy Court, all entities who have held, hold

---

[1] The direct and indirect domestic operating subsidiaries that are debtors in these chapter 11 cases are: Beacon Exports, Inc.; BRK Brands, Inc.; CC Outlet, Inc.; CMO, Inc.; Coleman Argentina, Inc.; Coleman International Holdings, LLC; Coleman Powermate, Inc.; Coleman Puerto Rico, Inc.; Coleman Venture Capital, Inc.; Coleman Worldwide Corp.; Family Gard, Inc.; First Alert, Inc.; General Archery Industries, Inc.; GHI I, Inc.; JGK, Inc.; Kaimona, Inc.; Kansas Acquisition Corp.; L.A. Services, Inc.; Nippon Coleman, Inc.; Packs & Travel Corporation; Pearson Holdings, Inc.; PH III, Inc.; River View Corporation of Barling, Inc.; Sierra Corporation of Fort Smith, Inc.; SI II, Inc.; Sunbeam Corporation Health & Safety Company; Sunbeam Corporation Latin America, LLC; Sunbeam Corporation Products, Inc.; Sunbeam Corporation Services, Inc.; Survival Gear, Inc.; Thalia Products Inc.; The Coleman Company, Inc.; THL-FA IP Corp; Vero Dunes Venturer, Inc.; and Woodcraft Equipment Company.

or may hold claims against or equity interests in the Debtors, are permanently enjoined, on and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such claim or equity interest, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtors on account of any such claim or equity interest, (c) creating, perfecting or enforcing any encumbrance of any kind against the Debtors or against the property or interests in property of the Debtors on account of any such claim or equity interest, (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors or against the property or interests in property of the Debtors on account of any such claim or equity interest and (e) commencing or continuing in any manner any action or other proceeding of any kind with respect to any claims and causes of action which are extinguished, dismissed or released pursuant to the POR.

4. As of the Effective Date, the promissory notes and any and all other instruments or documents evidencing any Secured Bank Claim (as defined in the POR) shall be deemed cancelled without further act or action under any applicable agreement, law, regulation, order or rule and the obligations of the Debtors under the Bank Credit Agreement (as defined in the POR) shall be discharged. As of the Effective Date or as soon thereafter as is practicable, distributions of property will be made to all holders of claims and equity interests as provided for in the POR.

## Applications for Allowances of Compensation and Hearing Thereon

5. On or before February 7, 2003, all applications for final allowances of compensation and reimbursement of expenses pursuant to sections 327, 328, 330, 503(b), and 1103 of the Bankruptcy Code for professional services rendered up to the Effective Date (the "Final Fee Applications") must be filed with the Bankruptcy Court, together with proof of service thereof, and served on (a) Weil, Gotshal & Manges LLP, Attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153, Attention: George A. Davis, Esq.; (b) the Office of the United States Trustee, 22 Whitehall Street, New York, New York 10004, Attention: Paul K. Schwartzberg, Esq.; and (c) Simpson Thacher & Bartlett, Attorneys for the Banks, 425 Lexington Avenue, New York, New York 10017, Attention: Peter V. Pantaleo, Esq. Final Fee Applications must show and reflect the application of any retainers received in connection with the Debtors' chapter 11 cases.

6. In accordance with the Bankruptcy Court's procedures, the hearing to consider Final Fee Applications shall be held before the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, at the Bankruptcy Court, One Bowling Green, New York, New York 10004, on February 19, 2003 at 10:00 a.m. (New York Time) (the "Final Fee Hearing"). The Final Fee Hearing may be adjourned without further notice other than an announcement at the Final Fee Hearing or at an adjourned Final Fee Hearing.

7. Objections, if any, to any Final Fee Applications shall be filed with the Bankruptcy Court, together with proof of service thereof, and served upon the applicant and the parties identified in paragraph five (5) of this notice, so as to be received not later than 4:00 p.m. (New York Time) on the date that is ten (10) business days prior to the hearing on the Final Fee Applications.

## Executory Contracts and Unexpired Leases

8. All proofs of claims arising from the rejection of executory contracts or unexpired leases pursuant to the POR, must be filed with the Bankruptcy Court and served upon Reorganized Debtors on or before January 23, 2003. Any Claims arising from the rejection of an executory contract or unexpired lease not filed by such date will be forever barred from assertion against the Debtors, their estates, the Reorganized Debtors and their property unless otherwise ordered by the Court or provided in the POR.

3

Termination of Bankruptcy Injunction or Stays

9. Unless otherwise provided, all injunctions or stays provided for in the chapter 11 cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the confirmation date, terminated on the Effective Date.

Dated:   New York, New York
         December 23, 2002

                                            Lori R. Fife, Esq.
George A. Davis, Esq.
WEIL, GOTSHAL & MANGES LLP
Attorneys for the Debtors and
Debtors in Possession
767 Fifth Avenue
New York, New York 10153
(212) 310-8000