*191*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

United States District Court
FILED
JAN 31 2003
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE GARCIA, INDIVIDUALLY | § | |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF MANUEL CRUZ; IDALIA | § | |
| GARCIA, INDIVIDUALLY; AND CYNTHIA | § | |
| COX, INDIVIDUALLY AND AS NEXT | § | CIVIL ACTION NO. B-98-186 |
| FRIEND OF BRITTANY COX | § | |
| | § | |
| v. | § | |
| | § | |
| BRK BRANDS, INC. | § | |

## PLAINTIFFS' PROPOSED DEFINITIONS, INSTRUCTIONS AND QUESTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Jose Garcia, Individually and as Representative of the Estate of Manuel Cruz, Idalia Garcia, Individually, Plaintiffs in the above-entitled and numbered proceeding, and, prior to the submission of charge of the jury, file these Proposed Definitions, Instructions and Questions and request that they be included in the Court's charge to the jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that these Proposed Definitions, Instructions and Questions be included in the Court's charge to the jury.

Respectfully submitted,

By: _____
JUAN A. GONZALEZ
Attorney in Charge
Federal No. 3472
State Bar No. 08129310

OF COUNSEL:  GLENN D. ROMERO
Federal No. 7734

**LAW OFFICE OF MARK A CANTU**
The Atrium
1300 N. 10th Street, Ste. 400
McAllen, Texas 78501
Telephone: (956) 687-8181
Fax: (956) 687-8868

ATTORNEYS FOR PLAINTIFFS
JOSE GARCIA, INDIVIDUALLY
AND AS REPRESENTATIVE OF
THE ESTATE OF MANUEL CRUZ
AND IDALIA GARCIA,
INDIVIDUALLY

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument was

delivered via hand delivery, telefax, certified mail return receipt requested and/or regular

mail to the following counsel of record on this the 31st day January 2002.

Rene Oliveira/Elizabeth Neally
**ROERIG, OLIVEIRA & FISHER, L.L.P.**
**855 West Price Rd, Suite 9**
Brownsville, Texas 78520

Terry M. Henry
James Heller
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103

Ray R. Marchan
**WATTS & HEARD, L.L.P.**
1926 East Elizabeth
Brownsville, Texas 78520

Juan A. Gonzalez

**REQUESTED DEFINITION NO. _____**

**"NEGLIGENCE,"**  means failure to use ordinary care, that is failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

**ORDER**

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

_____
JUDGE PRESIDING

**REQUESTED DEFINITION NO._____**


**"ORDINARY CARE,"** means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.


**ORDER**

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____          Included in the Court's Charge.

_____          Refused.

_____          Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.


_____
JUDGE PRESIDING

## REQUESTED DEFINITION NO. _____

**PJC 71.3      Manufacturing Defect**

A **"DEFECT"** means a condition of the product that renders it unreasonably dangerous.

An "unreasonably dangerous" product is one that is dangerous to an extent beyond that

which would be contemplated by the ordinary user of the product, with the ordinary

knowledge common to the community as to the product's characteristics.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before

the presentation of the charge to the jury that the above and foregoing DEFINITION was

presented to the Court for the inclusion in the Charge to the jury and the same was:

_____      Included in the Court's Charge.

_____      Refused.

_____      Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.

_____
JUDGE PRESIDING

**REQUESTED DEFINITION NO. _____**

**PJC 71.4B    Design Defect—Causes of Action Accruing on or after September 1, 1993**

A **"DESIGN DEFECT"** is a condition of the product that renders its unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. For a design defect to exist there must have been a safer alternative design.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____    Included in the Court's Charge.

_____    Refused.

_____    Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

_____
JUDGE PRESIDING

6

REQUESTED DEFINITION NO. _____

PJC 71.4B    **Design Defect—Causes of Action Accruing on or after September 1, 1993**

"SAFER ALTERNATIVE DESIGN" means a product design other than the one actually used that in reasonably probability—

(1)    would have prevented or significantly reduced the risk of the {occurrence [injury] [occurrence or injury] in question without substantially impairing the product's utility and

(2)    was economically and technologically feasible at the time the product left the control of BRK BRANDS, INC. by the application of existing or reasonably achievable scientific knowledge.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____    Included in the Court's Charge.

_____    Refused.

_____    Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.

_____
JUDGE PRESIDING

7

REQUESTED DEFINITION NO. _____

**PJC 71.5    Marketing Defect—No Warning or Instruction or Inadequate Warnings or Instructions for Use Given with Product**

A **"MARKETING DEFECT"** with respect to the product means the failure to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known or failure to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____            Included in the Court's Charge.

_____            Refused.

_____            Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

_____
JUDGE PRESIDING

## REQUESTED DEFINITION NO._____

**PJC 71.5    Marketing Defect—No Warning or Instruction or Inadequate Warnings or Instructions for Use Given with Product**

"**ADEQUATE**" warnings and instructions mean warnings and instructions given in a form that could reasonably be expected to catch the attention of a reasonably prudent person in the circumstances of the products use; and the content of the warnings and instructions must be comprehensible to the average user and must convey a fair indication that the nature and extent of the danger and how to avoid it to the mind of a reasonably prudent person.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.

_____
JUDGE PRESIDING

9

REQUESTED DEFINITION NO. _____

**PJC 81.5**    **Wrongful Death Damages – Claim of Surviving Parents of Adult Child**

"**PECUNIARY LOSS**"    means the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that IDALIA GARCIA and JOSE GARCIA, in reasonable probability, would have received from MANUEL CRUZ had he lived.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____    Included in the Court's Charge.

_____    Refused.

_____    Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.

_____
JUDGE PRESIDING

## REQUESTED DEFINITION NO. _____

**PJC 81.5**    **Wrongful Death Damages – Claim of Surviving Parents of Adult Child**

"**LOSS OF COMPANIONSHIP AND SOCIETY**" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that IDALIA GARCIA and JOSE GARCIA, in reasonable probability, would have received from MANUEL CRUZ had he lived.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____    Included in the Court's Charge.

_____    Refused.

_____    Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.


_____
JUDGE PRESIDING

### REQUESTED DEFINITION NO. _____

**PJC 81.5     Wrongful Death Damages – Claim of Surviving Parents of Adult Child**

"**MENTAL ANGUISH**" means the emotional pain, torment, and suffering experienced by IDALIA GARCIA and JOSE GARCIA because of the death of MANUEL CRUZ.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____          Included in the Court's Charge.

_____          Refused.

_____          Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.

_____
JUDGE PRESIDING

REQUESTED DEFINITION NO. _____

**PJC 82.2    Survival Damages—Compensatory Damages**

"PAIN AND MENTAL ANGUISH" means the conscious physical pain and

emotional pain, torment, and suffering experienced by MANUEL CRUZ before his death

as a result of the occurrence in question.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before

the presentation of the charge to the jury that the above and foregoing DEFINITION was

presented to the Court for the inclusion in the Charge to the jury and the same was:

_____     Included in the Court's Charge.

_____     Refused.

_____     Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

_____
JUDGE PRESIDING

### REQUESTED DEFINITION NO. _____

**PJC 82.2      Survival Damages—Compensatory Damages**

"**FUNERAL AND BURIAL EXPENSES**" means the reasonable amount of expenses for funeral and burial for MANUEL CRUZ reasonably suitable to his station in life.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____          Included in the Court's Charge.

_____          Refused.

_____          Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.


_____
JUDGE PRESIDING

14

REQUESTED DEFINITION NO. _____

**PJC 80.6B    Personal Injury Damages—Exemplary Damages— Causes of Action Accruing on or after September 1, 1995**

"**EXEMPLARY DAMAGES**" means any damages awarded as a penalty or by way of punishment.  Exemplary damages includes punitive damages.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____          Included in the Court's Charge.

_____          Refused.

_____          Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.


_____
JUDGE PRESIDING

**REQUESTED DEFINITION NO._____**

**PJC 71.7**     **Breach of Implied Warranty of Merchantability**
                **(Tex.UCC § 2.34(B)(3))**

A **"DEFECT"** means a condition of the goods that renders them unfit for the

ordinary purposes for which they are used because of lack of something necessary for

adequacy.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before

the presentation of the charge to the jury that the above and foregoing DEFINITION was

presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.

                                _____
                                JUDGE PRESIDING

16

REQUESTED DEFINITION NO. _____

**PJC 70.2**     **Proximate Cause—Products Liability**

"**PROXIMATE CAUSE**" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____          Included in the Court's Charge.

_____          Refused.

_____          Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

                                                            _____
                                                            JUDGE PRESIDING

**REQUESTED DEFINITION NO. _____**

**PJC 70.1    Producing Cause**

"**PRODUCING CAUSE**" means an efficient, exciting, or contributing cause that, in a natural sequence, produces the [occurrence or injury], There may be more than one producing cause.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____    Included in the Court's Charge.

_____    Refused.

_____    Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

_____
JUDGE PRESIDING

### REQUESTED DEFINITION NO. _____

**§ 101.42**

**"BURDEN OF PROOF"** When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____          Included in the Court's Charge.

_____          Refused.

_____          Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.

_____
JUDGE PRESIDING

## REQUESTED DEFINITION NO. _____

**§ 101.42      Direct and Circumstantial Evidence**

"**DIRECT EVIDENCE**" is direct proof of a fact, such as testimony by a witness about the witness said or hear or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## <u>ORDER</u>

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing DEFINITION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

_____
JUDGE PRESIDING

## REQUESTED INSTRUCTION NO._____

You now have heard all the evidence, and it is my duty to instruct you concerning the law applicable to this case. I will read the instructions to you and send a copy with you to the jury room.

It is your duty as jurors to follow the law as I state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out any one instruction alone or any group of instructions as stating the law. You must consider all the instructions as a whole. Neither of you are to be concerned with the wisdom of a rule of law stated by me.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## **ORDER**

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing INSTRUCTION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____     Included in the Court's Charge.

_____     Refused.

_____     Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

_____
JUDGE PRESIDING

## REQUESTED INSTRUCTION NO._____

**§ 101.43      Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before

the presentation of the charge to the jury that the above and foregoing INSTRUCTION

was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.

_____
JUDGE PRESIDING

## REQUESTED INSTRUCTION NO._____

**§ 101.49        Ruling on Objections**

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

## **ORDER**

BE IT REMEMBERED that on the date of the signing of this Order and before

the presentation of the charge to the jury that the above and foregoing INSTRUCTION

was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.


_____
JUDGE PRESIDING

## REQUESTED INSTRUCTION NO._____

### CONSIDERATION OF EVIDENCE

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make such deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence-such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence both direct and circumstantial.

Pattern Jury Instruction of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 2.18 (1999)

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing INSTRUCTION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.

_____
JUDGE PRESIDING

**REQUESTED INSTRUCTION NO._____**

**INFERENCES AND PRESUMPTION**

**§ 104.20 "Inferences" Defined**

You are to consider only the evidence in the case.   However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**ORDER**

BE IT REMEMBERED that on the date of the signing of this Order and before

the presentation of the charge to the jury that the above and foregoing INSTRUCTION

was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.

_____
JUDGE PRESIDING

**REQUESTED INSTRUCTION NO._____**

**EXPERT WITNESSES**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

1.    This charge may be elaborated on in the following manner:

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Pattern Jury Instruction of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 2.19 (1999)

**ORDER**

BE IT REMEMBERED that on the date of the signing of this Order and before

the presentation of the charge to the jury that the above and foregoing INSTRUCTION

was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.

_____
JUDGE PRESIDING

## GENERAL INSTRUCTIONS FOR CHARGE

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have an opinion about the facts of this case.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of the may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make the deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider improperly finding the truth as to the facts in the case. One is direct evidence-such as testimony of an eyewitness. The other is indirect or circumstantial evidence-the proof of a chain of

circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness— is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testified regularly as an expert witness and his income.

When you retire to the jury room to deliberate on your Verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. [You may now retire to the jury room to conduct your deliberations.]

Pattern Jury Instruction of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 3.1 (1999)


**See § 1201, Introduction to the Final Charge—Province of the Court and of the Jury.**

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during

the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise direct by me. You must never disclose to anyone not even to me, your numerical division on any question.

Pattern Jury Instruction of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 3.1 (1999)

**REQUESTED QUESTION NO. _____**

Did the negligence, if any, of those named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

a.    BRK BRANDS, INC.            _____

b.    MANUEL CRUZ                 _____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing QUESTION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.


_____
JUDGE PRESIDING

If, in answer to Question No. _____, you have found that the negligence of more than one of the persons named above proximately caused the occurrence, then answer Question No. _____. Otherwise, do not answer Question No. _____.

### REQUESTED QUESTION NO. _____

What percentage of the negligence that caused the occurrence do you find to be attributable to each of those found by you, in your answer to Question No. _____, to have been negligent?

The percentages you find must total 100 percent. The negligence attributable to a person named below is not necessarily measured by the number of acts or omissions found.

| | | | |
|---|---|---|---|
| a. | BRK BRANDS, INC. | _____ | % |
| b. | MANUEL CRUZ | _____ | % |
| | Total | _____ | % |

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing QUESTION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____    Included in the Court's Charge.

_____    Refused.

_____    Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

_____
JUDGE PRESIDING

31

## REQUESTED QUESTION NO. _____

Was there a manufacturing defect in the smoke alarm at the time it left the possession of BRK BRANDS, INC. that was a producing cause of the [occurrence or injury] in question?

> A "defect" means a condition of the product that renders it unreasonably dangerous. An "unreasonably dangerous" product is one that is dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as the product's characteristics.

Answer "Yes" or "No".

Answer: _____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing QUESTION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

_____
JUDGE PRESIDING

## REQUESTED QUESTION NO. _____

**PJC 71.4B    Design Defect—Causes of Action Accruing on or after September 1, 1993**

Was there a design defect in the smoke alarm at the time it left the possession of BRK BRANDS, INC. that was a producing cause of the [occurrence or injury] in question?

A "design defect" is a condition of the product that renders its unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. For a design defect to exist there must have been a safer alternative design.

"Safer alternative design" means a product design other than the one actually used that in reasonably probability—

(1) would have prevented or significantly reduced the risk of the [occurrence or injury] in question without substantially impairing the product's utility and

(2) was economically and technologically feasible at the time the product left the control of BRK BRANDS, INC. by the application of existing or reasonably achievable scientific knowledge.

Answer "Yes" or "No."

Answer_____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing QUESTION was presented to the Court for the inclusion in the Charge to the jury and the same was:

33

_____    Included in the Court's Charge.

_____    Refused.

_____    Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.


_____
JUDGE PRESIDING

**REQUESTED QUESTION NO. _____**

Was there a defect in the marketing of the smoke alarm at the time it left the possession of BRK BRANDS, INC. that was a producing cause of the [occurrence or injury] in question?

> A "marketing defect" with respect to the product means the failure to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known or failure to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed.

> "Adequate" warnings and instructions mean warnings and instructions given in a form that could reasonably be expected to catch the attention of a reasonably prudent person in the circumstances of the products use; and the content of the warnings and instructions must be comprehensible to the average user and must convey a fair indication that the nature and extent of the danger and how to avoid it to the mind of a reasonably prudent person.

> An "unreasonably dangerous" product is one that is dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

> Answer "Yes" or "No"

> Answer: _____

**ORDER**

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing QUESTION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____    Included in the Court's Charge.

_____    Refused.

35

_____        Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.


_____

JUDGE PRESIDING

### REQUESTED QUESTION NO. _____

What sum of money, if paid now in cash, would fairly and reasonably compensate IDALIA GARCIA and JOSE GARCIA for their damages, if any, resulting from the death of MANUEL CRUZ?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

a.   Pecuniary loss.

"Pecuniary loss" means the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that IDALIA GARCIA and JOSE GARCIA, in reasonable probability, would have received from MANUEL CRUZ had he lived.

b.   Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that IDALIA GARCIA and JOSE GARCIA, in reasonable probability, would have received from MANUEL CRUZ had he lived.

c.   Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by IDALIA GARCIA and JOSE GARCIA because of the death of MANUEL CRUZ.

In determining damages for elements *b* and *c*, you may consider the relationship between MANUEL CRUZ and his parents, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities. You are reminded that elements *b* and *c*, like the other elements of damages, are separate, and, in awarding damages for one element, you shall not include damages for the other.

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of MANUEL CRUZ.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that —

Were sustained in the past by

IDALIA GARCIA              Answer:_____

JOSE GARCIA                Answer:_____

In reasonable probability will
be sustained in the future by

IDALIA GARCIA              Answer:_____

JOSE GARCIA                Answer:_____

## **ORDER**

BE IT REMEMBERED that on the date of the signing of this Order and before

the presentation of the charge to the jury that the above and foregoing QUESTION was

presented to the Court for the inclusion in the Charge to the jury and the same was:

    _____   Included in the Court's Charge.

    _____   Refused.

    _____   Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.


_____
JUDGE PRESIDING

## REQUESTED QUESTION NO. _____

What sum of money, if any, should be assessed against BRK BRANDS, INC. and awarded to IDALIA GARCIA and JOSE GARCIA as exemplary damages for the death of MANUEL CRUZ?

> "Exemplary damages" means any damages awarded as a penalty or by way of punishment. Exemplary damages includes punitive damages.

In determining the amount of exemplary damages, you shall consider evidence, if any, relating to —

a.    The nature of the wrong.

b.    The character of the conduct involved.

c.    The degree of culpability of the wrongdoer.

d.    The situation and sensibilities of the parties concerned.

e.    The extent to which such conduct offends a public sense of justice and propriety.

f.    The net worth of BRK BRANDS, INC.

Answer in dollars and cents, if any.

Answer:_____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing QUESTION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____    Included in the Court's Charge.

39

_____          Refused.

_____          Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.


                                          _____
                                          JUDGE PRESIDING

**REQUESTED QUESTION NO. _____**

What sum of money would have fairly and reasonably compensated IDALIA GARCIA for —

a.    Pain mental anguish.

"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by MANUEL CRUZ before his death as a result of the occurrence in question.

b.    Medical expenses.

"Medical expenses" means the reasonable expense of the necessary *medical* and *hospital care* received by MANUEL CRUZ for treatment of injuries sustained by him as a result of the occurrence in question.

c.    Funeral and burial expenses.

"Funeral and burial expenses" means the reasonable amount of expenses for funeral and burial for MANUEL CRUZ reasonably suitable to his station in life.

Do not reduce the amount, if any, in your answer because of the negligence, if any, of MANUEL CRUZ.

Answer in dollars and cents for damages, if any.

Answer: _____

**ORDER**

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing QUESTION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____     Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.


_____

JUDGE PRESIDING

### REQUESTED QUESTION NO. _____

What sum of money, if any, should be assessed against BRK BRANDS, INC. and awarded to IDALIA GARCIA as exemplary damages for the conduct found in response to Question _____[question authorizing potential recovery of punitive damages]?

> "Exemplary damages" means any damages awarded as a penalty or by way of punishment. Exemplary damages includes punitive damages.

In determining the amount of exemplary damages you should consider evidence, if any, relating to:

a.    The nature of the wrong.

b.    The character of the conduct involved.

c.    The degree of culpability of the wrongdoer.

d.    The situation and sensibilities of the parties concerned.

e.    The extent to which such conduct offends a public sense of justice and propriety.

f.    The net worth of BRK BRANDS, INC.

Answer in dollars and cents, if any.

Answer:_____


### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing QUESTION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____    Refused.

_____    Modified, and as modified, Included in the Court's Charge.

SIGNED the _____day of _____, 2003.


_____
JUDGE PRESIDING

## REQUESTED QUESTION NO. _____

Was BRK BRANDS, INC. part of a conspiracy that damaged MANUEL CRUZ?

To be part of a conspiracy, BRK BRANDS, INC. and another person or person must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to MANUEL CRUZ. One or more person involved in the conspiracy must have performed some act or acts to further the conspiracy.

Answer:_____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before

the presentation of the charge to the jury that the above and foregoing QUESTION was

presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

_____
JUDGE PRESIDING

## REQUESTED QUESTION NO. _____

Was the smoke alarm supplied by BRK BRANDS, INC. unfit for the ordinary purposes for which such smoke alarms are used because of a defect, and, if so, was such unfit condition a proximate cause of the occurrence or injury in question?

A "defect" means a condition of the goods that renders them unfit for the ordinary purposes for which they are used because of lack of something necessary for adequacy.

Answer "Yes" or "No."

Answer:_____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing QUESTION was presented to the Court for the inclusion in the Charge to the jury and the same was:

_____        Included in the Court's Charge.

_____        Refused.

_____        Modified, and as modified, Included in the Court's Charge.

SIGNED the _____ day of _____, 2003.

_____
JUDGE PRESIDING