IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**MAR 0 3 2003**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE GARCIA, Individually, | : | |
| IDALIA GARCIA, Individually and | : | CIVIL ACTION |
| as Representative of the Estate of | : | |
| MANUEL CRUZ and CYNTHIA COX as | : | |
| Next Best Friend of Brittany Cox, | : | NO. B-98-186 |
| | : | |
| vs. | : | |
| | : | |
| BRK BRANDS, INC. | : | |

**RESPONSE OF BRK BRANDS, INC. TO PLAINTIFFS'
SUPPLEMENTAL RESPONSE IN OPPOSITION TO THE
MOTION OF DEFENDANT BRK BRANDS, INC.
FOR SUMMARY JUDGEMENT**

**I.      PRELIMINARY STATEMENT**

1.      Although not expressly authorized by the Court, BRK Brands respectfully requests the Court accept this additional memorandum supplementing the extensive papers already submitted by parties addressing the issues raised by BRK Brands's Motion for Summary Judgment.  In a vain, last gasp effort to breath life into their case, plaintiffs have resorted to citing a mish-mash of evidence previously determined to be inadmissible, testimony taken out of context or misrepresented and/or outright misstatements of fact to the Court, making this response necessary.

**II.      ARGUMENT**

      **A.      Plaintiffs Misrepresent Testimony or Cite to Inadmissible
         Evidence to Support Their Claims**

2.      It bears reiterating, that in opposing a motion for summary judgment, plaintiffs are limited to relying only upon admissible evidence.  (F.R.C.P. 56, and Case Cite.)  In their

supplemental papers, plaintiffs rely upon the inadmissible testimony of their expert witnesses, Dr. Morris Cranmer and Michael Schulz.

3.    Because his analysis was so suspect, this Court determined that Dr. Cranmer could only offer testimony about how carbon monoxide affects humans generally. (See Daubert Orders, p. 23, Exhibit M)  Similarly, the Court found Mr. Schulz "demonstration" inadmissible and barred Mr. Schulz from offering any testimony in this matter. (See Daubert Orders, p. 22, Exhibit M)  Consequently, none of the testimony from Dr. Cranmer or Mr. Schulz relied upon by plaintiffs is admissible and cannot be considered in support of plaintiffs' opposition.

4.    If the Court considers the inadmissible evidence plaintiffs are now desperately relying upon, the Court must recognize that plaintiffs' and their experts took into account all of the available evidence, including the testimony, reports and computer modeling of BRK Brands' experts, and still concluded that they nor anyone else can determine the timing, quantity, and flow of soot and carbon monoxide produced by the heater, when Mr. Cruz became incapacitated or when there was enough soot to trigger the alarm. (See *Cox Response*, pp. 4 and 7; and *McCain*, pp. 116 and 186, Exhibit D.)  As such, the jury cannot be asked to speculate as to the ultimate conclusion.

**B.    Breach of Implied Warranty Of Merchantability Under the Texas Deceptive Trade Practices Act**

5.    In desperately trying to hold on to their Breach of Warranty claims, plaintiffs resort to citing selected portions of Fred Conforti's testimony that misrepresents the evidence and tries to link the present smoke detector to a model that was recalled by another company.

6.    Specifically, plaintiffs would like the Court to believe the fiction that the model of smoke detector voluntarily recalled by Pittway Corporation (not a defendant in this case), the

2

1839I, is identical to the model at issue here, the SA67D.  However, the portion of Mr.

Conforti's testimony omitted from plaintiffs' brief (from page 23) demonstrates otherwise.

> A. If you limit it to the contact to the piezoelectric element, there is no difference.  If you include the circuit that drives it, there is a tremendous amount of difference.  There is a number of studies that have been done.  There is a number of expert opinions on the differences.  And there is -- it's like comparing apples and oranges.  There is no comparison between the circuit in conjunction with the piezoelectric horn on the [1839I] detector that was recalled and the circuit in conjunction with the piezoelectric horn on the battery-operated detectors [SA67D]that were never recalled.
>
> Objection:  And again, my objection is to relevance because the detector we are talking about in this case was manufactured in 1996, and you are comparing 1839-I and the 67-D in the early '90s, '90, '91.

7.    The objection was warranted in that plaintiffs have now tried to do exactly what

BRK Brands' counsel suspected during the deposition, improperly tie the problems and

components of the recalled detector to a model designed and manufactured six years after the

1839I was recalled.  Mr. Conforti could not have done so in any event, because after 1992 he

was no longer involved in the manufacture or design of the SA67D smoke detector, as he admits

on page 52 of his deposition.

> Q. Okay.  Now, once you left BRK in 1992, BRK Electronics, do you have any knowledge concerning any further changes to the piezo-horn?
>
> A. No.
>
> Q. Do you have any knowledge about whether they changed the materials or went to a single –
>
> A. I have no -- after I left?  I have no idea what changes were made to the horn.

8.    BRK Brands has produced in this case design drawings demonstrating, beyond

dispute, that between 1990 and 1996 the piezo-horn of the SA67D was modified with respect to

materials, design and assembly.    Consequently, to the extent plaintiffs' argument concerning

defect is even relevant to the Court's inquiry, it clearly distorts the facts.

**IIII.  CONCLUSION**

9.    In light of the above and the briefs previously filed with this Court, BRK

respectfully requests that this Court disregard plaintiffs supplemental submission as being based

upon inadmissible evidence and prejudicial misrepresentations.  BRK further requests that this

Honorable Court grant its motion for summary judgment.

<div style="margin-left:40%;">

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, LLP**

By:_____
Rene O. Oliveira
State Bar No. 15254700
USDC Adm. No. 4033
Elizabeth G. Neally
State Bar No. 14840400
USDC Adm. No. 8044
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016


**COZEN O'CONNOR**
Robert W. Hayes
James Heller
Terry M. Henry
1900 Market Street
Philadelphia, PA 19013
Telephone: (215) 665-2000
Facsimile : (215) 665-2013

</div>

Dated: March 3, 2003

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certifies that a true and correct copy of the foregoing **Response of BRK Brands, Inc. to Plaintiffs' Supplemental Response in Opposition to the Motion of Defendant BRK Brands, Inc. For Summary Judgment,** has been served upon counsel of record by Certified Mail, Return Receipt Requested, on this 3rd day of March 2003, to wit:

Mr. Juan Gonzalez, Esq.
The Atrium, Suite 400
1300 North Tenth Street
McAllen, Texas 78501
[CM/RRR 7160 3901 9844 7054 5142]

Mr. Ray R. Marchan
**Eddington & Associates, L.L.P.**
1926 E. Elizabeth
Brownsville, Texas 78520
[CM/RRR 7160 3901 9844 7054 5159]

Elizabeth G. Neally