2/0

## IN THE U.S. DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE GARCIA, Individually, | : | |
| IDALIA GARCIA, Individually and | : | CIVIL ACTION |
| as Representative of the Estate of | : | |
| MANUEL CRUZ and CYNTHIA COX as | : | |
| Next Best Friend of Brittany Cox, | : | NO. B-98-186 |
| | : | |
| vs. | : | |
| | : | |
| BRK BRANDS, INC. | : | |

---

### RESPONSE OF BRK BRANDS, INC. IN SUPPORT OF ITS BILL OF COSTS

---

TO THE HONORABLE JUDGE OF SET COURT:

**COMES NOW**, BRK Brands, Inc., by and through its undersigned counsel, and files this Brief in support of its Bill of Costs and in response to plaintiffs' opposition, and in support thereof states as follows:

### I.  PRELIMINARY STATEMENT

In November 1998 plaintiffs filed their lawsuit against BRK Brands and on May 27, 2003, this Court entered Summary Judgment in BRK Brands' favor. In the intervening four and half years, all parties expended significant resources to litigate virtually every issue raised in plaintiffs' Complaint. BRK Brands incurred nearly $500,000 in expenses in defending itself against plaintiffs' claims.

Immediately upon the Court's entry of summary judgment in its favor, counsel for BRK Brands undertook to review and identify those expenses the Court may tax pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. §1920. In addition to identifying those costs taxable under the

appropriate rule and statute, counsel for BRK also was required to ensure it could support each item of its application with documentation, such as the original invoices and/or proof of payment. This extensive effort took place in both the offices of BRK's local counsel and its national counsel. Although it is true that BRK could have applied for an extension of time to file its Bill of Costs, plaintiffs were certainly on notice that it was intending to do so and, in any event, have not identified any prejudice they have suffered or will suffer as a result of BRK's filing.

## II.    ARGUMENT

### A.    As the Prevailing Party, BRK Brands' Costs Should Be Taxed

Federal Rule of Civil Procedure 54(d) states:

> **(1)    Costs Other Than Attorneys Fees**
> Except when express provision therefore is made in either a statute of the United States or in these rules, costs other than attorneys fees **shall be allowed as of course** to the prevailing party unless the Court directs otherwise....

Under Rule 54(d), the "prevailing party" automatically is entitled to "costs unless the Court directs otherwise." ***Buchanan v. Stanship, Inc.***, *45 U.S. 265, 268 (1988)*. Indeed, the rule contemplates that the application for costs will be presented in the first instance not to the Court, but to the clerk. Id. As the prevailing party, defendants enjoy a strong presumption that they will be awarded costs. ***Sheets v. Yahama Motors Corp.***, *891 F.2d 533, 539 (5th Cir. 1990)*. Insofar as judgment has been entered against plaintiffs and plaintiffs have not appealed, BRK Brands is entitled to its costs automatically as the prevailing party in this case.

### B.    BRK's Late Filing Does Not Constitute A Waiver

Through oversight, counsel for BRK Brands did not take notice of Local Rule 54.2 requiring its Bill of Costs be filed within 14 days of the entry of final judgment. However, even if it had taken note of the rule, because of the extensive nature of BRK's expenses, its effort to review and identify

only those expenses for which it was authorized by rule to seek costs and the necessity to provide supporting documentation, BRK would not have been able to prepare and file its Bill of Costs within the requisite 14 days. BRK Brands' expenses were recorded in thousands of line items in four years of invoices generated by local and national counsel. Counsel for BRK Brands reviewed each entry to determine if it met the boundaries of the Court's Rule, some of which required investigation beyond the information entered on the invoice. Once identified as an appropriate cost to be taxed, BRK Brands then had to search through over four years of invoices to find the supporting documentation. Clearly, BRK Brands' efforts were justified as plaintiffs have not challenged BRK's Bill of Costs on its merit, but rather only on timeliness. In this regard, plaintiffs have failed to identify any harm or prejudice they may suffer by the clerk taxing the costs sought by BRK Brands.

BRK Brands has not found any case law holding that an untimely application of a Bill of Costs constituted a waiver. In those cases where an untimely application under Rule 54 constitutes a waiver, the issue before the Court was limited to Rule 54(d)(2)(B), applications for attorney fees. *See, United Industries v. Simon-Hartley, Ltd., 91 F.3d 762, 766 (5th Cir.1996) and Balderas v. Texas, 2002 U.S. Dist. LEXIS 25471, (E.D. Texas 2002).* Under Rule 54(d)(2), the Fifth Circuit has held that it is necessary to ensure that parties are properly notified of their counterparts' request for attorneys fees. *United Industries, 91 F.3d at 766.* The rationale underlying the rule on attorneys fees is that a prevailing party is not typically entitled to recover attorneys fees and his opponent should be given the earliest opportunity to know the basis for, respond to and oppose such a motion. These considerations do not exist on a Bill of Costs, which is permitted as of course in every case to the prevailing party by rule. However, even in those situations where an application for attorneys' fees is untimely, there may be circumstances that justify a departure from the rule. *Romagura v. Gegenheimer, 162 F.3d 893, 896 (5th Cir.1998)* (applicant led to believe a hearing would be scheduled by the Court, which relaxed necessity to file application within 14 days).

None of the considerations that apply to an application for attorneys' fees are relevant here. BRK as the prevailing party is permitted, as of course, to recover its costs. Additionally, plaintiff had notice that BRK would seek such costs. From the filing of BRK Brands' Answer, which sought entry of judgment in its favor and an award of costs, plaintiffs have been on notice that BRK would seek costs if final judgment were entered in its favor. BRK also directly communicated to plaintiffs its intent to recover costs during the period of time its Motion for Summary Judgment was pending. As such, plaintiffs were on notice that BRK Brands intended to seek costs and the submission of its Bill of Costs more than 14 days after the entry of judgment against plaintiffs cannot be considered a waiver.

## III.    CONCLUSION

In light of the above, BRK Brands respectfully requests this Court overrule plaintiffs' opposition to its Bill of Costs and direct tax clerk to the costs as set forth in its Bill of Costs.

Respectfully Submitted

**ROERIG, OLIVEIRA & FISHER**

BY: _____

Rene O. Oliveira
State Bar No. 15254700
Cameron County I.D. No. 3507
Elizabeth G. Neally
State Bar No. 14840400
Cameron County I.D. No. 3506
855 West Price Road, Suite 9
Brownsville, TX  78520
Tel:  956/542-5666
Fax:  956/542-0016

**COZEN O'CONNOR**
James Heller
Terry M. Henry
1900 Market Street
Philadelphia, PA 19103
Tel: 215/665-2000
Fax: 215/665-2013

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above instrument has been served on all parties pursuant to Federal Rules of Civil Procedure as follows:

Mr. Ray R. Marchan
**WATTS LAW FIRM**
1926 East Elizabeth
Brownsville, Texas 78520

Mr. Juan Gonzalez
**LAW OFFICE OF MARK A. CANTU**
The Atrium
1300 North 10rh Street, Suite 400
McAllen, Texas 78501
Tel: (956) 687-8181
Fax: (956) 687-8868

**COZEN O'CONNOR**
Mr. James Heller
Mr. Terry M. Henry
1900 Market Street
Philadelphia, PA 19103
Tel: 215/665-2000
Fax: 215/665-2013

on this 28th day of August, 2003

Elizabeth G. Neally